IN THE DISTRICT COURT IN AND FOR ADAIR COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| **(1) Bank of Hays** and<br>**(2) REI Subsidiary CDE 22, LLC,**<br><br>Plaintiffs,<br>vs.<br><br>**(1) CSR Worldwide OK, Inc.;**<br>**(2) CSR-OK Real Estate Holding Company, LLC;**<br>**(3) Central States Reprocessing LLC;**<br>**(4) Steven Francis Bombola;**<br>**(5) Troy Don Burgess;**<br>**(6) Cherokee Nation Businesses, L.L.C.;**<br>**(7) United States of America,** acting through the United States Department of Agriculture;<br>**(8) Blue Ridge Financial Company, LLC;** and<br>**(9) Ann Bishop, in her capacity as Adair County Treasurer;**<br><br>Defendants. | Case No. CJ2336<br><br>**FILED**<br>ADAIR COUNTY DISTRICT COURT<br>STILWELL, OK<br><br>MAY 15 2023<br><br>NICHOLE COOPER<br>COURT CLERK |

## Motion to Appoint Receiver and Brief in Support

Pursuant to 12 O.S. § 1551 (1), (2), (5), and (6), plaintiffs **Bank of Hays** (the "Bank") and

**REI Subsidiary CDE 22, LLC** ("REI," and together with the Bank, the "Plaintiffs") move the

Court for an order appointing a receiver to take possession of and assume all authority over the

"Receivership Property" (hereafter defined) owned or claimed by defendants **CSR Worldwide**

**OK, Inc.** ("CSR Worldwide") and **CSR-OK Real Estate Holding Company, LLC** ("CSR-OK,"

and together with CSR Worldwide, the "Mortgagors").

In support, Plaintiffs state as follows:

1.      On ___ 2023 Plaintiffs filed their *Petition* herein seeking, *inter alia*, (a) to foreclose

the (i) Leasehold Mortgage,[1] pursuant to which CSR Worldwide granted Bank a first-priority

---

[1] Capitalized terms used herein have the meanings ascribed to them in the Petition.

Exhibit 4

mortgage line against the CSR Worldwide's leasehold interest arising under the Facility Lease covering the Subject Property, and (ii) the Source Loan Security Agreement pursuant to which CSR Worldwide granted Bank a first-priority security interest in all of CSR Worldwide's property (including the equipment covered by the Equipment Lease) under the Oklahoma Uniform Commercial code ("UCC"); (b) to enforce Bank's rights under the Source Loan Lease Assignment and other Source Loan Collateral Documents; (c) to foreclose (i) the REI mortgage pursuant to which CSR-OK granted REI a first-priority mortgage lien against CSR-OK's fee interest in and to the Subject Property, and (ii) the REI Security Agreement pursuant to which CSR-OK granted REI a first-priority security interest in all of CSR-OK's property; and (d) to enforce REI's rights under the REI Account Pledge Agreement and the REI Contract Assignment and other Landlord Collateral Documents.

2.      Plaintiffs collectively hold first-priority leasehold and fee title liens and security interests in the Mortgagors' respective leasehold and fee titles in and to the property described in the preceding paragraph and in the Petition, together with all rents, issues, profits, and income arising therefrom, and all substitutions and replacements thereof (collectively, the "Receivership Assets").

3.      CSR Worldwide is in default under the Source Loan Documents due to its (a) failure to timely pay sums due under the Source Loan Documents; (b) failure to timely pay *ad valorem* taxes due to the State of Oklahoma owed with respect to the assets covered by the Equipment Lease and the Facility Lease; (c) failure to keep the assets covered by the Equipment Lease and the Facility Lease fully insured as required by the Source Loan Documents; and (d) Source Loan Borrower's purported grant of a security interest in the Encumbered Equipment in favor of Defendant Blue Ridge without Source Loan Lender's consent.

2

Exhibit 4

4.    CSR-OK is in default under the REI Loan Documents due to its (inter alia) failure to timely pay sums due thereunder; and failure to timely pay ad valorem taxes due to the State of Oklahoma.

5.    On information, neither of the Mortgagors are presently in good standing or authorized to do business in Oklahoma.

6.    On information, both of the Mortgagors are either insolvent or in imminent danger of insolvency.

7.    The REI Mortgage provides for the appointment of a receiver when a condition thereof has not been performed.[2]

8.    The value of the Receivership Assets is probably insufficient to discharge the Plaintiffs' respective secured claims. Moreover, due to the Mortgagors' (a) likely insolvency, (b) failure to pay *ad valorem* taxes when due, (c) failure to keep the Receivership Assets insured, (d) failure to remain in good standing and authorized to do business in Oklahoma, and (e) CSR Worldwide's unauthorized grant of a security interests in the Source Lender's collateral, the Receivership Assets are in danger of being lost, removed or materially injured.

9.    The conditions described in paragraphs 3-8 above constitute cause to appoint a receiver pursuant to 12 O.S. §1551.

---

[2] Specifically, Section 2.6(c) of the REI Mortgage expressly provides for the appointment of a receiver with the following language:

(c)    Whether the Mortgagee elects to foreclose this Mortgage by judicial proceeding or by power of sale, the Mortgagee shall, immediately on default, be entitled to have a receiver to take possession of the Premises. Such appointment may be made after default, without notice, without regard to the solvency or insolvency of Mortgagor at the time of application for such receiver and without regard to the then value of the Premises. Such receiver shall have power to collect the rents, issues and profits of the Premises during the term of its appointment, and all other powers which may be necessary or are usual in such cases for the protection, possession, control, management and operation of the Premises during the whole of said term.

5537153.1:011777.00001

Exhibit 4

10.     By this motion, Plaintiff seek the immediate appointment of David R. Payne as receiver to take custody over, and to sue to obtain, the Receivership Assets, and thereafter to hold the Receivership Assets *in custodia legis* pending further order of this Court. David R. Payne is qualified to serve as receiver herein.

### Argument and Authority

Pursuant to 42 O.S. § 1551, a receiver may be appointed by this Court:

1. In an action by a vendor to vacate a fraudulent purchase of property, **or by a creditor to subject any property or fund to his claim,** or between partners or others jointly owning or interested in any property or fund, **on the application of the plaintiff, or of any party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured.**

2. **In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property** or in connection with a mortgagee foreclosing his mortgage by power of sale under the Oklahoma Power of Sale Mortgage Foreclosure Act:

a. **where it appears that the mortgaged property is in danger of being lost, removed or materially injured,** or

b. **that a condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt,** or

c. **that a condition of the mortgage has not been performed and the mortgage instrument provides for the appointment of a receiver.**

\* \* \*

5. In the cases provided in this Code, and by special statutes, **when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights.**

6. In all other cases where receivers have heretofore been appointed by the usages of the courts of equity

4

Exhibit 4

(emphasis added). It is therefore necessary and appropriate to appoint David R. Payne as receiver to take custody and control of the Receivership Assets and to hold them *in custodia legis* pending further order of this Court.

**WHEREFORE**, Plaintiffs move the Court to enter its *Order Appointing Receiver* substantially in the form attached hereto as **Exhibit 1**, appointing David R. Payne as receiver over the Receivership Assets, with authority to sue in the receiver's name all parties necessary to obtain custody of and control over the Receivership Assets, and for such other relief as is appropriate.

Respectfully submitted,

Thomas A. Creekmore III, OBA #2011
HALL, ESTILL, HARDWICK, GABLE, GOLDEN &
NELSON, P.C.
521 East Second Street, Suite 1200
Tulsa, Oklahoma 74120
Telephone (918) 594-0400
Facsimile (918) 594-0505
tcreekmore@hallestill.com
***Attorneys for Plaintiff Bank of Hays***

Charles Greenough, OBA #12311
MCAFEE & TAFT A PROFESSIONAL CORPORATION
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
P: (918) 587-0000
F: (918) 574-3005
charles.greenough@mcafeetaft.com

Bonner J. Gonzalez, OBA #20217
MCAFEE & TAFT A PROFESSIONAL CORPORATION
Eighth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102
P: (405) 235-9621
F: (405) 235-0439
bonner.gonzalez@mcafeetaft.com
***Attorneys for Plaintiff REI Subsidiary CDE 22, LLC***

5

Exhibit 4

## VERIFICATION

STATE OF KANSAS     )
                          ) SS.

COUNTY OF ELLIS     )

    I, Brandon Prough, Senior Vice President of Bank of Hays, having been first duly sworn upon my oath, state that I have read the above and foregoing *Motion to Appoint Receiver and Brief in Support*, and state that the same is true, accurate and correct to the best of my knowledge, information, and belief.

Brandon Prough

Subscribed and sworn to before me a Notary Public this 11ᵗʰ day of May, 2023.

RENEE L. MORITZ
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 11-13-23

(Seal)

Notary Public

5537153.1:011777.00001

Exhibit 4

## IN THE DISTRICT COURT IN AND FOR ADAIR COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| **(1) Bank of Hays** and<br>**(2) REI Subsidiary CDE 22, LLC,**<br><br>           Plaintiffs,<br>vs.<br><br>**(1) CSR Worldwide OK, Inc.;**<br>**(2) CSR-OK Real Estate Holding Company, LLC;**<br>**(3) Central States Reprocessing LLC;**<br>**(4) Steven Francis Bombola;**<br>**(5) Troy Don Burgess;**<br>**(6) Cherokee Nation Businesses, L.L.C.;**<br>**(7) United States of America,** acting through the United States Department of Agriculture;<br>**(8) Blue Ridge Financial Company, LLC;** and<br>**(9) Ann Bishop, in her capacity as Adair County Treasurer;**<br><br>          Defendants. | Case No. |

## <u>ORDER APPOINTING RECEIVER</u>

The *Motion to Appoint Receiver and Brief in Support* filed herein on [DATE] (the "Motion") filed by **Bank of Hays** (the "Bank") and **REI Subsidiary CDE 22, LLC** ("REI," and together with the Bank, the "Plaintiffs") comes before the undersigned. Plaintiffs appear by and through their respective counsel listed below. Other appearances were made as noted on **Exhibit A** hereto. The Court having reviewed the Motion, the verified Petition filed by Plaintiffs on [DATE], and having heard testimony finds that (a) the Motion was properly served on all parties in interest; (b) this Court has jurisdiction over the subject matter hereof and the parties hereto; (c) pursuant to 12 O.S. § 1551, Plaintiffs are entitled to the appointment of a receiver to take possession of and assume all authority over the "Receivership Assets" (as defined in the Motion) owned or claimed by "Mortgagors" (as defined in the Motion) because:


EXHIBIT
Exhibit 4

a.      the Receivership Assets are in danger of being lost, removed or materially injured;

b.      a condition of the Plaintiffs' respective mortgages has not been performed, and the property is probably insufficient to discharge the mortgage debt;

c.      a condition of the REI Mortgage has not been performed, and the REI Mortgage provides for the appointment of a receiver under such circumstance;

d.      the Mortgagors are insolvent, or in imminent danger of insolvency; and

e.      the Mortgagors are not in good standing with the State of Oklahoma and have forfeited their corporate rights.

**IT THEREFORE ORDERED, ADJUDGED, AND DECREED:**

1.      The foregoing findings by the Court are incorporated herein by this reference.

2.      David R. Payne (the "Receiver"), having no pecuniary interest in any of the Receivership Assets, is hereby appointed as the receiver of Mortgagors and the Receivership Assets. The Receiver's appointment shall become effective upon the filing herein by the Receiver of an undertaking in the sum of $1,000.00 cash or undertaking (the "Receiver's Bond"), conditioned as provided by law and the filing herein of his Receiver's Oath as provided by law. If the Receiver's Bond is posted in cash, the Receiver may thereafter, and without further order of this Court, post a substitute surety bond of equal penal amount, upon which the cash bond will be deemed exonerated and the cash returned to the Receiver.

3.      The Receiver is appointed under the authority of the Court as authorized under 12 O.S. § 1551, and has been qualified, and is hereby ordered, authorized and directed to immediately take possession and control of all Receivership Assets. The Receivership Assets include (without limitation):

a.      the real property described on **Exhibit B** hereto, together with all fixtures and improvements thereon or thereto, and all rights pertaining thereto;

b.      all tangible assets involving the Mortgagors' respective business operations;

2

Exhibit 4

c.      all leases, contracts, agreements, books, and records relating to or involving the

Mortgagors' respective business operations;

d.      all accounts and other financial assets held by, or that can be drawn upon by, either

or both of the Mortgagors, at all financial institutions, together with all records relating to

such accounts and financial assets; and

e.      all books, records and documents related to all Receivership Assets and the

Mortgagors' respective business operations.

f.      all claims for recovery of money or property from any person (and the Receiver

shall have standing to pursue such claims as he shall deem appropriate in the exercise of

his business judgment on behalf of the Mortgagors).

4.      The Receiver shall have, without limitation, all of the powers of a trustee, as

provided by chapter 7 of the United States Bankruptcy Code (title 11 U.S.C. § 101 *et seq.*), as

amended, and the parties in this case and all persons claiming by, through and under them are

ordered and directed to deliver to the Receiver forthwith, possession of all Receivership Assets.

Immediately upon entry of the Order, the  Receiver is ordered and authorized to manage the

Receivership Assets to the best advantage of the Mortgagors' respective business operations, and

to collect and receive all accrued or accruing revenues, collections, accounts, income, profits, and

proceeds therefrom (all of such items are collectively referred to herein as the "Estate").  Out of

all remaining revenues, collections, accounts, income, profits, and proceeds coming into the

Receiver's hands pursuant to the terms of the Order, the Receiver is authorized to pay the

reasonable and necessary expenses required to carry on the business of operating the Estate,

including lease and contract payments and obligations, all accumulated taxes on any property,

insurance premiums, expenses for the preservation of Estate, repair expenses necessary to preserve

3

Exhibit 4

the Receivership Assets and to maintain all required licenses and permits for the operation of the Estate. Any revenues obtained by the Receiver in excess of the approved expenses authorized above shall be held by the Receiver pending further order of this Court.

5.     Unless a loss is compensable by the Receiver's Bond, the Receiver shall not be personally responsible for financial losses to the Receivership Assets or the Mortgagors' respective business operations.

6.     The Receiver is authorized and directed to obtain such licenses, permits, certificates or other authorizations as may be required under state, federal or local law to utilize the Receivership Assets, to maintain the Mortgagors' respective business operations, and to operate, maintain and collect the revenues and income generated thereby. Any state, county or local regulatory agencies shall issue the Receiver a temporary permit or license in order to maintain the going concern value of the Receivership Assets and the Mortgagors' respective business operations. The Receiver shall obtain all required licenses and permits in a timely manner.

7.     The Receiver shall have the right to issue subpoenas to obtain documents and records pertaining to the administration of the Estate, and conduct discovery in the action on behalf of the Estate.

8.     The Receiver is authorized to conduct a forensic accounting of the Mortgagors including but not limited to their respective assets, liabilities, and prior, existing, and future accounts payable and receivable. Upon the Receiver's written request, the Mortgagors shall provide the Receiver with a complete accounting for and explanation of all transfers by the respective Mortgagors of money and other property.

9.     In the event that any parties to this case, or any subsidiaries or affiliates of any such parties, now possess or ever possessed assets that are now or ever were owned by either of the

4

Exhibit 4

Mortgagors, those parties shall provide to the Receiver a detailed list of the asset(s) now possessed or previously possessed by them (and, to the extent possession of such asset(s) has been transferred by any of such parties, the identity of the transferee of the asset(s) and the consideration received for such transfer). All such assets shall be included in the Estate to the maximum extent allowed by law.

10.     The Receiver is specifically vested with the discretion to be exercised in his business judgment to either continue the Mortgagors' respective business operations in the ordinary course to preserve the going concern value thereof, or, subject to the Plaintiffs' consent, to reduce such operations to the point of cessation, without further order of this Court.

11.     The parties to this case ***and all other persons or entities served with a copy of this Order shall cooperate fully with and assist the Receiver in the performance of the Receiver's duties*** subject to such person's or entity's valid assertion of a recognized privilege. The cooperation and assistance shall include, but not be limited to, the turnover of any and all Estate property, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order; providing any password required to access any computer or electronic files in any medium; turning over any assets (including cash and tangible assets); and advising all persons who owe money to the Mortgagors that all debts should be paid directly to the Receiver.

12.     The Mortgagors and all subsidiaries, affiliates, managers, members, shareholders, directors, officers, employees, agents, independent contractors and other natural or legal entities acting in concert with them (collectively, the "Mortgagor Parties") are hereby enjoined from directly or indirectly transferring, dissipating or otherwise disposing of any Estate property and proceeds thereof, or from otherwise transferring, concealing, destroying or making any other

5

Exhibit 4

disposition of any personal or corporate assets that are Estate property, including without limitation Estate funds in bank or brokerage accounts, Estate automobiles, and any other Estate real or personal property possessed or controlled by any Mortgagor Parties, without prior authorization from this Court.

13.     The Receiver is covered by the doctrine of Judicial Immunity and any of his actions shall be governed by the Business Judgment Rule.

14.     The Receiver shall, as part of his duties, proceed to analyze the assets of the Estate and if warranted in his best business judgment proceed to find qualified buyers of the assets on a free and clear basis. The Receiver has the specific power to sell the any or all property of the Estate under as a 'transfer' under Okla. Stat. tit. 12 § 1554 and is hereby authorized to sell any or all property of the Estate. *The Receiver shall file a motion with the Court for approval of the terms of any sale of the Assets that are deemed material in nature* provided however, no further authority shall be required to sell any assets whose individual value is less than $20,000 or that are sold in the normal course of business.

15.     The Receiver is authorized in his sole discretion and without further order of the Court (but subject to the consent of the Plaintiff whose claims are secured by such property) to remove any property from the Estate that the Receiver deems burdensome or of inconsequential value, whereupon such property shall re-vest in the Mortgagor that possessed title to such property.

16.     Upon Motion with proper notice and approval by the Court the Receiver shall have the right to borrow funds with the consent of the Plaintiffs but without the need for the affirmative consent of any Mortgagor Party as necessary to carry out the Receiver's duties and responsibilities, including, without limitation, to pay operating expenses incurred in connection with the operation and administration of the Estate.

5537637.1:011777.00001

Exhibit 4

17.    The Receiver may at any time by filing a motion upon notice to all parties, seek entry of a further order from the Court for such other and further authority as it may deem necessary or desirable by the Receiver for the administration, protection or benefit of the Estate.

18.    The Receiver's fee shall be $495 per hour.  In addition, the Receiver shall be authorized to utilize others on his staff to assist him in the performance of such duties and shall be compensated for the time reasonably spent by such persons at their normal hourly rates which range from $175 to $495 per hour.  The Receiver is authorized to hire management and staff to operate the Mortgagors' respective businesses, or to retain existing management, the costs of which shall be deemed an expense of the Estate. The Receiver is authorized to retain any professionals deemed appropriate in his sole discretion such as attorneys, accountant, or appraisers (collectively the "Professionals") and shall be entitled to reimbursement for reasonable out-of-pocket costs and expenses including the reasonable fees, costs and expenses of the Professionals to the extent required by the Receiver and his staff in connection with the performance of his duties hereunder, which may be modified by order of this Court upon proper motion, after notice and opportunity for hearing.  Unless otherwise ordered by the Court, the employment and payment of the Professionals shall not be subject to prior approval by the Court except as part of the Receiver's final accounting.

19.    To the extent permitted by law, the provisions of the Order shall be binding upon and inure to the benefit of the Receiver, the parties to this case, and each of the Mortgagor Parties, their respective successors and assigns including any trustee hereinafter appointed as a representative of the Estate, or of a Mortgagor's bankruptcy estate in any subsequent proceedings under the United States Bankruptcy Code, and all creditors of Mortgagors and other parties in interest.

7

Exhibit 4

20.    In order to promote judicial efficiency, all persons who receive actual or constructive notice of this Order are enjoined in any way from disturbing or in any way interfering with the Receiver's administration of the Estate or from prosecuting any new proceedings (including collection or enforcement proceedings) that involve the Receiver or the Estate unless such person or persons first obtains the permission of the Court or the Receiver. All parties to this case, all Mortgagor Parties, and all other persons and entities given notice of this Order are hereby enjoined from any and all of the following: (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Mortgagors, the Estate, or the Receiver that was or could have been commenced before the entry of this Order or to recover a claim against the Mortgagors, the Estate, or the Receiver that arose before the entry of this Order; (2) any act to obtain possession of or to exercise control over the Estate or any property thereof; (3) any act to recover a claim against, or to create, perfect, or enforce any lien against, the Estate or any property thereof to the extent that such claim, or lien purportedly securing such claim, arose prior to entry of this Order; or (4) the setoff of any debt owing to the Estate that arose prior to entry of this Order against any claim against the Estate or any property thereof or the Receiver.

21.    The injunctive relief granted herein may be modified or waived only by (a) written approval from the Receiver or (b) by order of the Court upon proper motion, after notice and a hearing.

22.    Any and all creditors or parties in interest are directed to file any civil or probate actions regarding all parties to this case in the District Court of Adair County, Oklahoma and all such actions shall be consolidated with this case.

8

Exhibit 4

23.    Communications among or between Professionals and Receiver shall be privileged without any exceptions. Such privilege shall extend to any of the Receiver's staff.

24.    Utilities companies and other providers of utility or similar services, including without limitation, electricity, gas, water, sewage, waste water, recycling services, refuse, garbage, television/cable and telephone are directed not to demand security deposits or to discontinue service. The utility companies and other providers are also directed to assist in any and all requests made by the Receiver and/or staff in relation to any accounts in the name of the Mortgagors and any and all of the addresses associated with Estate property. These requests include but are not limited to the turning on and off of utilities, the transfer of the utilities into the Receivership Estate, and any other requests made to assist the Receiver in his duties.

25.    The Receiver has a right to reject or assume any contracts or leases related to the Estate pursuant to *Sunflower Oil Co. v. Wilson,* 142 U.S. 313, 322, 12 S. Ct. 235, 237, 35 L. Ed. 1025 (1892) and *U.S. Trust Co. v. Wabash W. Ry. Co.,* 150 U.S. 287, 299-300, 14 S. Ct. 86, 90, 37 L. Ed. 1085 (1893).

26.    Excluding only the Plaintiffs, all persons or entities, including banks, controlling possession of any property of the Estate shall cooperate with the Receiver at the reasonable directions thereof. Upon presentation of this Order all persons or entities (excluding only the Plaintiffs), including banks, shall turn over all funds, operating bank accounts, and safety deposit boxes related to or associated with the Mortgagor to the Receiver without delay and delete all designated signors on the bank accounts existing prior to entry of this Order.

27.    The Receiver may but shall not be obligated in any manner to prepare or file any delinquent, current or future state or federal income tax returns and shall not be individually held personally responsible for any local, state or federal income, property, payroll or other taxes of the

9

Exhibit 4

Mortgagors or the Estate except for payroll or sales taxes incurred as a result of the Receiver's administration of the Estate. The Estate shall not constitute a separate or new taxpayer.

28.    The Receiver is empowered to file a voluntary petition for relief pursuant to 11 U.S.C. §301 *et seq.* for either or both Mortgagors if such is deemed appropriate in the Receiver's sole discretion in the exercise of his business judgment. The Mortgagor Parties are specifically enjoined from taking any action inconsistent with the terms of this Order and from authorizing any action by the Mortgagors inconsistent with this Order, or with the bylaws or operating agreement of the Mortgagors as of the entry of this Order.

29.    The Mortgagor Parties are hereby authorized and directed to perform all acts, take all actions, and execute and comply with the terms of all documents, instruments, and agreements as Receiver may reasonably require as evidence of and for the protection of the Estate or that may be otherwise deemed necessary by the Receiver to effect the term and conditions of this Order.

30.    The Receiver may file one or more ancillary receivership proceedings in courts of competent jurisdiction in sister jurisdictions. As a basis to support such a filing, the Court further finds: (i) any and all ancillary receivership proceedings would further the public interest in the recovery of assets to which the Estate is entitled; (ii) due to the public interests involved, the Court, in its discretion under Oklahoma law, has granted injunctive relief in in this Order in favor of the Receiver against third parties without requiring any bond other than as set forth in this Order in order to further the public interests and to limit the administrative expenses incurred by the Estate; (iii) the Receiver operates under the supervision of this Court; and (iv) the interests of comity and the administration of justice and the public interest would best be served if courts of competent jurisdiction in sister jurisdictions would allow ancillary receivership proceedings to go forward in their courts and would exercise their discretion to limit the bond requirement for the Receiver in

5537637.1:011777.00001

Exhibit 4

ancillary receivership proceedings to the minimum amount permitted by the law of the forum jurisdiction in order to prevent the further expense to and depletion of the Estate and to keep the administrative cost of those proceedings to a minimum. The Court therefore adopts the foregoing as a statement of the respectful request of the Court to other courts of competent jurisdiction that may have come to have coordinate proceedings before them in sister jurisdictions.

31.    *All parties shall provide notice to the Receiver of all filings in this case and related hearing dates*.

32.    The Court reserves the right to modify and supplement this Order from time to time as may be deemed necessary and advisable.

33.    *ALL PERSONS HAVING NOTICE OF THIS ORDER ARE HEREBY ADVISED THAT THE TERMS OF THIS ORDER, INCLUDING BUT NOT LIMITED TO THE INJUNCTIVE RELIEF GRANTED HEREIN, SHALL BE ENFORCEABLE BY CONTEMPT AS WELL AS ANY OTHER MEANS AUTHORIZED BY LAW.*

_____
**Judge of the District Court**

5537637.1:011777.00001

Exhibit 4

APPROVED FOR ENTRY:

_____
Thomas A. Creekmore III, OBA #2011
**HALL, ESTILL, HARDWICK, GABLE,**
**GOLDEN & NELSON, P.C.**
521 East Second Street, Suite 1200
Tulsa, Oklahoma 74120
Telephone (918) 594-0400
Facsimile (918) 594-0505
tcreekmore@hallestill.com

*Attorneys for Plaintiff Bank of Hays*


_____
Charles Greenough, OBA #12311
**MCAFEE & TAFT A PROFESSIONAL CORPORATION**
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
P: (918) 587-0000
F: (918) 574-3005
charles.greenough@mcafeetaft.com

Bonner J. Gonzalez, OBA #20217
**MCAFEE & TAFT A PROFESSIONAL CORPORATION**
Eighth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102
P: (405) 235-9621
F: (405) 235-0439
bonner.gonzalez@mcafeetaft.com

*Attorneys for Plaintiff REI Subsidiary CDE 22, LLC*

12

Exhibit 4

**Exhibit A**

Attorney Appearances:

13

Exhibit 4

**Exhibit B**

A tract of land situated in the southwest quarter of the northeast quarter and the west half of the southeast quarter of the northeast quarter of Section 24, Township 19 North, Range 25 East of the Indian Base and Meridian, Adair County, Oklahoma, being more particularly described as follows, to-wit:

Beginning at the northwest corner of said southwest quarter of the northeast quarter;

Thence North 89°39'41" East for a distance of 793.54 feet along the north line of said southwest quarter of the northeast quarter;

Thence South 14°36'11" East for a distance of 271.26 feet;

Thence South 87°30'08" East for a distance of 417.97 feet;

Thence North 1°59'20" East for a distance of 283.81 feet to a point on the north line of said southwest quarter of the northeast quarter;

Thence North 89°39'41" East for a distance of 689.38 feet along said north line and along the north line of said west half of the southeast quarter of the northeast quarter to the northeast corner of said west half of the southeast quarter of the northeast quarter;

Thence South 0°14'02" West for a distance of 1317.17 feet (South 0°14'00" West for a distance of 1318.10 feet record) along the east line of said west half of the southeast quarter of the northeast quarter to the southeast corner thereof;

Thence South 89°29'53" West (South 89°31'30" West record) for a distance of 1978.00 feet along the south line of said northeast quarter to the southwest corner of said southwest quarter of the northeast quarter;

Thence North 0°11'57" East for a distance of 1322.80 feet along the west line of said southwest quarter of the northeast quarter to the point of beginning, LESS AND EXCEPT the following:

A tract of land situated in the southwest quarter of the northeast quarter of Section 24, Township 19 North, Range 25 East of the Indian Base and Meridian, Adair County, Oklahoma, being more particularly described as follows to-wit:

Thence North 89°29'53" East (North 89°31'30" East record) for a distance of 859.26 feet along the south line of said southwest quarter of the northeast quarter;

14

Exhibit 4

Thence North 2°34'42" East for a distance of 179.24 feet to the point of beginning;

Thence North 2°44'15" East for a distance of 779.11 feet;

Thence South 87°30'08" East for a distance of 376.53 feet;

Thence South 1°59'20" West for a distance of 775.01 feet;

Thence North 88°06'47" West for a distance of 386.70 feet to the point of beginning

(such real property being located in Adair County at 473617 E 610 Rd, Watts, Oklahoma 74964);

together with all improvements thereon and the appurtenances thereto belonging.

15

Exhibit 4