IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BANK OF HAYS *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>CSR WORLDWIDE OK, INC., *et al.*,<br><br>*Defendants*. | Case No. 23-CV-196-DES |

**DEFENDANTS' VERIFIED MOTION TO VACATE RECEIVER
ORDER AND SET ASIDE APPOINTMENT OF RECEIVER**

COME NOW Defendants CSR Worldwide OK Inc., CSR-OK Real Estate Holding Company LLC, Central States Reprocessing LLC, Steven F. Bombola, and Troy D. Burgess ("Defendants") by and through their counsel Jennifer Ary Brown of Franden Farris Quillin Goodnight Robert + Ward and Nicholas R. Grillot of the Hinkle Law Firm, LLC, and move the court for an order vacating by Order Appoint Receiver entered on (Doc #24) ("Receiver Order") and setting aside the appointment of the receiver in this Case.

In support of their Motion, Defendants state as follows:

**Factual Background**

1. CSR Worldwide OK, Inc. ("CSR WW") operates a resin recycling facility in Watts, Oklahoma.

2. CSR-OK Real Estate Holding Company, LLC ("CSR REH") owns the real estate and the improvements to that real estate in Watts, which includes the recycling and the equipment inside the facility CSR WW uses to operate.

In the United States District Court for the Eastern District of Oklahoma
*Bank of Hays et al. v. CSR Worldwide OK Inc. et al.*
Case No. 23-CV-00196-DES
DEFENDANTS' VERIFIED MOTION TO VACATE RECEIVER ORDER AND SET ASIDE APPOINTMENT OF RECEIVER
Page | 2

3. CSR REH leases the facility in Watts, including the real estate, the improvements, the fixtures, and the equipment, to CSR WW.

4. Plaintiffs filed their Petition in the district court in and for Adair County, Oklahoma ("State Court") on May 15, 2023 ("Petition").[1] The case was filed as case no. CJ-23-36 (the "State Court Action").

5. In their Petition, Plaintiffs sought judgment against Defendants for acceleration of the balance due on certain loan documents and to foreclose their mortgages on the real property identified in the Petition and Defendants' other assets. (Doc. 2-1).

6. Plaintiffs also filed a separate motion requesting the State Court to appoint a receiver on the same day ("Initial Receiver Motion"). *See* Exhibit 4 to the Notice of Removal (Doc. 2-4, pp. 2 – 6).

7. CSR WW and CSR REH filed separate Chapter 11 bankruptcy cases in the Eastern District of Oklahoma, Case No. 23-80391 and Case No. 23-80390 ("Bankruptcy Cases") respectively on June 6, 2023 ("Petition Date").

8. All attempts to collect debts against CSR WW and CSR REH were automatically stayed as of the Petition Date by virtue of the Bankruptcy Cases being filed.

9. Defendants CSR WW and CSR REH filed a Suggestion of Bankruptcy in the State Court Action on June 8, 2023. (Doc. 2-13)

---

[1] Any capitalized terms in this Motion that are not defined herein have the meaning set forth in the Petition, which definitions are incorporated herein by this reference.

6:23-cv-00196-DES   Document 53   Filed in ED/OK on 12/29/23   Page 3 of 18

In the United States District Court for the Eastern District of Oklahoma
*Bank of Hays et al. v. CSR Worldwide OK Inc. et al.*
Case No. 23-CV-00196-DES
DEFENDANTS' VERIFIED MOTION TO VACATE RECEIVER ORDER AND SET ASIDE APPOINTMENT OF RECEIVER
Page | 3

10. Defendant, The United States Department of Agriculture ("USDA") removed the State Court Action to this Court on June 13, 2023. (Doc. 2)

11. CSR WW and CSR REH's Bankruptcy Cases were dismissed on September 1, 2023.

12. The basis for the dismissal of the Bankruptcy Cases was CSR WW's and CSR REH's failure to maintain adequate insurance on equipment owned by CSR REH.

13. Before the Bankruptcy Cases were filed and during the pendency of the Bankruptcy Cases, Plaintiff Bank of Hays ("BOH") maintained force-placed insurance against the equipment owned and leased by CSR WW.

14. To CSR WW's and CSR REH's knowledge and belief, BOH maintained $4 million in coverage under its force-placed policies and that coverage is still in place.

15. After the Bankruptcy Cases were dismissed, Plaintiffs filed their Motion for Entry of Default on October 6, 2023. No other pleadings were filed in this Case concerning Defendants before then.

16. The Clerk entered a default on October 12, 2023. *See* Doc. 22.

17. The following day, October 13, 2023, Plaintiffs filed the Joint Consent Motion to Enter Ex Parte Order Appointing Receiver ("*Ex Parte* Receiver Motion") (Doc. 23) without giving notice to the Defendants. The Court entered the Receiver Order ex parte appointing the receiver on October 13, 2023 ("Receiver Order"). *See* Doc. 24.

6:23-cv-00196-DES   Document 53   Filed in ED/OK on 12/29/23   Page 4 of 18

In the United States District Court for the Eastern District of Oklahoma
*Bank of Hays et al. v. CSR Worldwide OK Inc. et al.*
Case No. 23-CV-00196-DES
DEFENDANTS' VERIFIED MOTION TO VACATE RECEIVER ORDER AND SET ASIDE APPOINTMENT OF RECEIVER
Page | 4

18. Plaintiffs stated several reasons in the *Ex Parte* Receiver Motion for their request for the Receiver Order *ex parte*. Those reasons include:

    a. Attempts to communicate with Defendants after the Bankruptcy Case was dismissed were rebuffed.

    b. Defendant CSR WW's equipment were uninsured.

    c. Defendant CSR REH's real property and equipment were not insured.

    d. Defendants were in default based on the Clerk's Default Entry on October 12, 2023.

19. However, when the Receiver Motion was filed, CSR WW's maintained property-casualty insurance covering the equipment that it owned. A copy of the Certificate of Insurance is attached as Exhibit A. That equipment remains insured as of the filing of this Motion. *See* Ex. A.

20. Additionally, at the time the *Ex Parte* Receiver Motion was filed, CSR REH maintained coverage on the real estate it owned, which included coverage of the equipment associated with that facility. A copy of the Certificate of Insurance is attached as Exhibit B. That equipment and real estate remain insured as of the filing of this Motion. *See* Ex. B.

21. At the time the *Ex Parte* Receiver Motion was filed and the Receiver Order was entered, Defendants were represented by current counsel, although counsel had not entered an appearance in this Case.

6:23-cv-00196-DES     Document 53     Filed in ED/OK on 12/29/23     Page 5 of 18

In the United States District Court for the Eastern District of Oklahoma
*Bank of Hays et al. v. CSR Worldwide OK Inc. et al.*
Case No. 23-CV-00196-DES
DEFENDANTS' VERIFIED MOTION TO VACATE RECEIVER ORDER AND SET ASIDE APPOINTMENT OF RECEIVER
Page | 5

22.     Upon being advised of the *Ex Parte* Receiver Motion and the Receiver Order, Defendants immediately responded to communication with Plaintiffs' counsel.

23.     Additionally, Defendants retained local counsel and filed a response to Defendants' Motion for Entry of Default.  *See* Doc. 27 and Doc. 28.  In that response, Defendants requested the ability to file an answer to the Plaintiffs' Petition.  *See* Doc. 28.

## Argument and Authorities

24.     In this instance, the *Ex Parte* Receiver Order should be vacated and the appointment of the receiver should be set aside for several reasons.  First, the Court lacked jurisdiction to enter the Receiver Order because this Case was removed in violation of the automatic stay.  Second, Plaintiffs failed to meet their burden that an emergency existed that required the Receiver Order to be entered without notice to Defendants.  Third, it is not substantially necessary for CSR WW's and CSR REH's assets to be placed into a receivership as required by Oklahoma law.  Fourth, rather than preserve assets, the establishment of the receivership has only resulted in significant administrative burdens which outweigh any benefits that might exist for the receivership.  Each of these issues are addressed in order.

25.     "The appointment of a general receiver is in the nature of a harsh remedy and it should not be done except in the case of substantial necessity." *Skirvin v. Coyle*, 1939 OK 249, 185 Okla. 487, 94 P.2d 234, 237.  "Since the remedy by receivership is an extraordinary one, the applicant has the burden of presenting facts sufficient to disclose to

In the United States District Court for the Eastern District of Oklahoma
*Bank of Hays et al. v. CSR Worldwide OK Inc. et al.*
Case No. 23-CV-00196-DES
DEFENDANTS' VERIFIED MOTION TO VACATE RECEIVER ORDER AND SET ASIDE APPOINTMENT OF RECEIVER
Page | 6

the court a necessity for the remedy." *Skirvin*, 1939 OK 249, 185 Okla. 487, 94 P.2d at 239.

26. First, the Receiver Order should be vacated because this Case was removed in violation of the automatic stay. When CSR WW and CSR REH filed their Bankruptcy Cases, an automatic stay was issued by the Bankruptcy Court under 11 U.S.C. § 362(a). The automatic stay prohibits "…the commencement or continuation…of a judicial, administrative, or other action or proceeding against the debtor…" *See* 11 U.S.C. § 362(a)(1). "The automatic stay is broad in scope and applies to almost every formal and informal action against the debtor or property of the debtor, except as set forth under (b) of Section 362." *In re United Imports Corp.*, 200 B.R. 234, 236 (Bankr.D.Neb.1996).

27. "…(A)ctions stayed by a bankruptcy filing include removing a pending state court lawsuit to the bankruptcy court if the claim or cause of action is subject to the automatic stay." *In re Hoskins*, 266 B.R. 872, 877 (Bankr. W.D. Mo. 2001); *see also F & M Bank & Tr. Co. v. Owens*, No. 2:13CV00063 ERW, 2013 WL 3941382, at *1 (E.D. Mo. July 31, 2013)(finding a creditors removal of state court action post-petition subject to the automatic stay) *and TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495, 497 (10th Cir. 2011)(holding that any action, including an appeal by a debtor/plaintiff, subject to the stay). [2]

---

[2] *But see In re Cashco, Inc.,* 599 B.R. 138, 144 (Bankr. D.N.M. 2019)(finding that the removal of a state-court action to a bankruptcy court does not violate 11 U.S.C. § 362(a)(1)).

6:23-cv-00196-DES   Document 53   Filed in ED/OK on 12/29/23   Page 7 of 18

In the United States District Court for the Eastern District of Oklahoma
*Bank of Hays et al. v. CSR Worldwide OK Inc. et al.*
Case No. 23-CV-00196-DES
DEFENDANTS' VERIFIED MOTION TO VACATE RECEIVER ORDER AND SET ASIDE APPOINTMENT OF RECEIVER
Page | 7

28. "Oklahoma precedents align us with the weight of authority recognizing that judicial proceedings undertaken in violation of an automatic stay are ineffective." *Bailey v. Campbell*, 1991 OK 67, ¶ 12, 862 P.2d 461, 467. The nullity of those actions "…are not cured by a subsequent termination of the stay." *Bailey*, 1991 OK 67 at ¶ 13, 862 P.2d at 468. A court is without jurisdiction in a case removed in violation of the automatic stay. *See F & M Bank & Tr.*, 2013 WL 3941382, at *2.

29. In this Case, the claims asserted in the State Court Action primary sought judgment against CSR WW and CSR REH, including the foreclosure of security interests maintained against CSR WW's and CSR REH's assets. So when CSR WW and CSR REH filed the Bankruptcy Cases on June 6, 2023, the continuation of judicial proceedings against CSR WW and CSR REH were stayed, including the removal of this Case on June 13, 2023. As such, the removal of the State Court Action a week after the Bankruptcy Cases were filed violated the stay and is void *ab initio*. Because of that, the Court did not maintain jurisdiction to grant the Receiver Order and appoint a receiver.

30. Second, the Receiver Order should be vacated because there is nothing in the *Ex Parte* Receiver Motion that showed the exigent circumstances required for a receivership to be put in place *ex parte*. "…(A) receiver should never be appointed on an ex parte basis, absent 'specific allegations and clear proof of exigencies of the particular case.' " *Panama Timber Co. v. Barsanti*, 1980 OK 170, ¶ 6, 619 P.2d 872, 873 *quoting Orr v. Tiger*, 170 Okl. 424, 41 P.2d 652, 654 (1935). "It should be a strong case of emergency

6:23-cv-00196-DES     Document 53     Filed in ED/OK on 12/29/23     Page 8 of 18

In the United States District Court for the Eastern District of Oklahoma
*Bank of Hays et al. v. CSR Worldwide OK Inc. et al.*
Case No. 23-CV-00196-DES
DEFENDANTS' VERIFIED MOTION TO VACATE RECEIVER ORDER AND SET ASIDE APPOINTMENT OF RECEIVER
Page | 8

and peril, well fortified by affidavits, to authorize the appointment of a receiver without notice to the other party." *Pyeatt v. Prudential Ins. Co.*, 1913 OK 250, 38 Okla. 15, 131 P. 914, 917 *Thompson v. Tower Mfg. Co.,* 87 Ala. 733, 734, 6 So. 928, 928 (1889). "…(I)t requires an extraordinary case to justify a court in appointing a receiver without notice to the corporation and the opportunity to it to be heard." *Pyeatt*, 1913 OK 250, 38 Okla. 15, 131 P. at 917. "Unless the emergency is so great and the loss to the applicant so imminent as to warrant procedure without notice within the rule announced by the authorities above referred to notice for the appointment of a receiver ought always to be given before the appointment is made." *Rashaw v. Straus Co*., 1923 OK 1129, 94 Okla. 141, 221 P. 62, 65.

31. The Initial Receiver Motion, the *Ex Parte* Receiver Motion, and the exhibits provided in support of those motions fail to point to any exigency that required such drastic action without notice. CSR WW's and CSR REH's assets are not of the kind and nature which are subject to rapid deterioration, depreciation, or spoliation. Most of the equipment securing the Plaintiffs' claims are sedentary and of the size and nature that significant machinery is required to haul or move them.

32. Additionally, no claims were made that Defendants were absconding with the Plaintiffs' collateral or that the real estate or equipment were in danger of being damaged because of actions taken by Defendants or any specified third party.

33. While Plaintiffs argue that the lack of insurance on their collateral as a reason for the receivership to be entered *ex parte*, such justification is illusory. Plaintiffs

6:23-cv-00196-DES   Document 53   Filed in ED/OK on 12/29/23   Page 9 of 18

In the United States District Court for the Eastern District of Oklahoma
*Bank of Hays et al. v. CSR Worldwide OK Inc. et al.*
Case No. 23-CV-00196-DES
DEFENDANTS' VERIFIED MOTION TO VACATE RECEIVER ORDER AND SET ASIDE APPOINTMENT OF RECEIVER
Page | 9

maintained force-placed insurance against CSR WW's equipment and CSR REH's real estate and equipment. So while there might be potential issues with recovery for CSR WW and CSR REH's other creditors if the real estate and equipment were damaged, Plaintiffs' interest still remained protected at least to the point where a hearing on the needs for a receivership could take place. There just was not the exigent circumstances that required a receivership be placed over CSR WW and CSR REH's assets ex parte.

34. Plaintiffs also assert in the Initial Receiver Motion several other justifications as to why a receiver should be appointed. However, *ex parte* relief was not sought in the Initial Receiver Motion. More importantly, the fact the Source Loan Documents authorized the appointment of a receiver *ex parte* did not relieve Plaintiffs' obligations to produce evidence showing the circumstances warranted such relief. *See MIF Realty L.P. v. Duncan Dev. Co.*, 1995 OK CIV APP 25, 892 P.2d 664, 667 (vacating the appointment of a receiver granted pursuant to a mortgage and remanding the case for an "…evidentiary hearing necessary for the appointment of a receiver under 12 O.S. § 1551").

35. Next, in addition to the absence of evidence supporting the need for the receivership to be established *ex parte*, there is also a lack of evidence in the Receiver Motion which reflects the substantial need for a receiver to be appointed at all. "Among the facts which must ordinarily be clearly proven to justify the appointment of a receiver are:

6:23-cv-00196-DES   Document 53   Filed in ED/OK on 12/29/23   Page 10 of 18

In the United States District Court for the Eastern District of Oklahoma
*Bank of Hays et al. v. CSR Worldwide OK Inc. et al.*
Case No. 23-CV-00196-DES
DEFENDANTS' VERIFIED MOTION TO VACATE RECEIVER ORDER AND SET ASIDE APPOINTMENT OF RECEIVER
Page | 10

(1) [t]he fact that there is imminent danger that unless a receiver is appointed the property or its proceeds will be deteriorated in value or wasted during the pendency of the suit;

(2) [t]he fact that the plaintiff will suffer irreparable loss…; and

(3) [t]he fact that on the pleadings and preliminary proofs there is a strong probability that the plaintiff will ultimately prevail on the merits.

*Truett v. Freedom Leaf, LLC*, 2021 OK CIV APP 26, ¶ 11, 495 P.3d 153, 159–60.  In order establish the need for a receiver, a party must show that the property which a party seeks to place in receivership is "in danger of being lost, removed, or materially injured…" *Panama Timber*, 1980 OK 170 at ¶ 8, 619 P.2d at 873. "Where it seems doubtful 'there is imminent danger that the plaintiff will suffer irreparable loss, the application for a receiver will be denied[,] and in the hearing and decision of such a case all the presumptions are in favor of the defendant in possession ....' " *Truett*, 2021 OK CIV APP 26 at ¶ 11, 495 P.3d at 160.  And even if there is a showing that meet the criteria for the appointment of a receiver, "…the decision to appoint a receiver still remains within the sound discretion of the trial court." *MIF Realty*, 1995 OK CIV APP 25, 892 P.2d at 667 *citing Stovall v. Edwards*, 194 Okla. 335, 151 P.2d 385 (1944).

36. In this case, the Initial Receiver Motion and the *Ex Parte* Receiver Motion are devoid of the type of injury claims necessary to justify the implementation of a receiver. There is nothing in the Initial Receiver Motion and *Ex Parte* Receiver Motion that indicates

6:23-cv-00196-DES     Document 53     Filed in ED/OK on 12/29/23     Page 11 of 18

In the United States District Court for the Eastern District of Oklahoma
*Bank of Hays et al. v. CSR Worldwide OK Inc. et al.*
Case No. 23-CV-00196-DES
DEFENDANTS' VERIFIED MOTION TO VACATE RECEIVER ORDER AND SET ASIDE APPOINTMENT OF RECEIVER
Page | 11

Plaintiffs' collateral will significantly decline in value or Plaintiffs' will suffer a significant loss if a receiver is not appointed.

37. Plaintiff does allege in the Initial Receiver Motion that CSR WW did grant Defendant Blue Bridge Financial, Inc. ("Blue Bridge") an unauthorized security interest in Plaintiffs' collateral. Despite that allegation, Blue Bridge does not claim any interest Plaintiffs' collateral. *See* Blue Bridge's Answer to Plaintiffs' Petition ("Blue Bridge Answer"), p. 15, ¶ 89 of Doc. 17. Instead, Blue Bridge asserts a purchase-money security interest in equipment Blue Bridge alleges CSR WW purchased with the proceeds from that financing Blue Bride provided CSR WW. Moreover, if CSR WW did in fact grant Blue Bridge a security interest in Plaintiffs' collateral, such security interest would junior and inferior to Plaintiffs' interest and would not be the significant injury to Plaintiff's collateral position required to justify the appointment of a receiver. *See* Blue Bridge Answer, pp. 8-9, ¶ 49 of Doc. 17.

38. There is also nothing that shows Plaintiffs will suffer irreparable injury unless a receiver was appointed. And the only imminent danger (the lack of insurance) was non-existent. Moreover, the force-placed insurance BOH maintained, CRS WW and CSR REH maintained adequate insurance on their assets when the Receiver Order was entered and continue to maintain adequate insurance now.

39. Furthermore, CSR WW and CSR REH have a plan ready to set in motion to rework their operations, which includes support from third-party financing. With the

6:23-cv-00196-DES     Document 53     Filed in ED/OK on 12/29/23     Page 12 of 18

In the United States District Court for the Eastern District of Oklahoma
*Bank of Hays et al. v. CSR Worldwide OK Inc. et al.*
Case No. 23-CV-00196-DES
DEFENDANTS' VERIFIED MOTION TO VACATE RECEIVER ORDER AND SET ASIDE APPOINTMENT OF RECEIVER
Page | 12

assistance and support of non-debtor affiliates, this plan will bring CSR WW's operations to a level that would allow for sustained profitability in a relatively short period of time and provide for continued debt service on Plaintiffs' claims.

40. Lastly, the Receiver Order should be vacated and the receivership terminated because the costs associated with the receivership exceed any benefit the receivership may have. "The decision on whether to terminate a receivership turns on the facts and circumstances of each case, including any relevant equitable considerations…" 65 Am. Jur. 2d RECEIVERS § 94.

41. In this case, the Receiver Order should be vacated and the receivership terminated because the cost associated with the receivership outweigh its benefit. CSR WW operates using a proprietary system and technology that reprocesses resin and other resin-waste products to allow for their continued use by its customers. This is a highly specialized field that requires intimate knowledge of the technology and the materials involved in order to facilitate operations. It also requires very industry-specific contacts since CSR WW's customers do not come from the general public. As a result, those characteristics are necessary to have any sustained operations. In order words, experiential and significant business acumen alone is not sufficient to sustain CSR WW's operations.

42. Currently, CSR WW generates just enough revenue to pay ongoing operations, including payroll, utilities and other-related costs. Adding another layer of

6:23-cv-00196-DES     Document 53     Filed in ED/OK on 12/29/23     Page 13 of 18

In the United States District Court for the Eastern District of Oklahoma
*Bank of Hays et al. v. CSR Worldwide OK Inc. et al.*
Case No. 23-CV-00196-DES
DEFENDANTS' VERIFIED MOTION TO VACATE RECEIVER ORDER AND SET ASIDE APPOINTMENT OF RECEIVER
Page | 13

administrative costs to CSR WW's regular expenses creates an operational deficit that is not sustainable, even on a short term basis.

43.     Under the Receiver Order, the current Receiver's fee is $495.00 per hour. The Receiver also utilizes staff whose hourly rate ranges from $175.00 to $495.00 an hour. The compensation for the Receiver and his staff to the regular and ongoing expenses CRS WW and CSR REH significantly hampers CRS WW's and CSR REH's ability to operate and prevents them from implementing the restructured plan to rework their operations to create a sustainable surplus of revenue.

44.     The nature of CSR WW's operations and the status of its current operations are insufficient to sustain the continued burden of operating under a receivership. The costs associated with doing so outweigh any benefit maintaining a receivership might yield. Under these circumstances, it is only equitable to terminate the receivership.

## Certification Under E.D. Okla. LCvR 7.1(f)

45.     Before filing this Motion, Defendants' counsel, Nicholas R. Grillot, conferred in good faith with BOH's counsel, Thomas A. Creekmore III, both by telephone and through email correspondence multiple times in a sincere attempt to resolve the issues related to the entry of the Receiver Order, the appointment of the Receiver, and the settlement of the entire case in an effort to reach an accord. Defendants' counsel did not meet with BOH's counsel because Defendant's counsel's office located at 1617 N. Waterfront Parkway, Suite 400, Wichita, Kansas 67206-6639 is more than 30 miles away

6:23-cv-00196-DES     Document 53     Filed in ED/OK on 12/29/23     Page 14 of 18

In the United States District Court for the Eastern District of Oklahoma
*Bank of Hays et al. v. CSR Worldwide OK Inc. et al.*
Case No. 23-CV-00196-DES
DEFENDANTS' VERIFIED MOTION TO VACATE RECEIVER ORDER AND SET ASIDE APPOINTMENT OF RECEIVER
Page | 14

from BOH's counsel's office located at 521 East 2nd Street, Suite 1200, Tulsa, Oklahoma 74120.

WHEREFORE, Defendants request the Court enter an order vacating the Receiver Order, that the Court terminate the receivership, release the Receiver from any and all bond the Court required him to post, that the Court award Defendants any and all costs they have incurred to the extent allowed by Oklahoma law, and that the Court grant such further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED:

/s/ Jenifer Ary Brown
Jennifer Ary Brown, OBA #22475
FRANDEN | FARRIS | QUILLIN
 GOODNIGHT | ROBERTS + WARD
Two West 2nd Street, Suite 900
Tulsa, Oklahoma 74103
Tel:   918/583-7129 / Fax: 918/584-3814
jary@tulsalawyer.com

AND

HINKLE LAW FIRM, LLC

/s/ Nicholas R. Grillot
Nicholas R. Grillot, *pro hac vice*
1617 N. Waterfront Pkwy, Suite 400
Wichita, Kansas 67206-6623
Phone: (316) 660-6211 / Fax: (316) 660-6523,
ngrillot@hinklaw.com
*Attorneys for Defendants CSR Worldwide OK Inc., CSR-OK Real Estate Holding Company LLC, Central States Reprocessing LLC, Steven F. Bombola, and Troy D. Burgess*

In the United States District Court for the Eastern District of Oklahoma
*Bank of Hays et al. v. CSR Worldwide OK Inc. et al.*
Case No. 23-CV-00196-DES
DEFENDANTS' VERIFIED MOTION TO VACATE RECEIVER ORDER AND SET ASIDE APPOINTMENT OF RECEIVER
Page | 15

## VERIFICATION

STATE OF _Nebraska_ )
) ss:
COUNTY OF _Lancaster_ )

Troy D. Burgess, of lawful age, being first duly sworn, on oath states:

I have read the foregoing Defendants' Verified Motion to Vacate Receiver Order and Set Aside Appointment of Receiver; and the statements, allegations and averments therein contained are true and correct.

Troy D. Burgess

SUBSCRIBED AND SWORN to before me a Notary Public this _21st_ day of December ___, 2023 by Troy D. Burgess.

Notary Public

My Appointment Expires:
_10/22/2024_

GENERAL NOTARY - State of Nebraska
JORGE A. GARCIA
My Comm. Exp. October 22, 2024

In the United States District Court for the Eastern District of Oklahoma
*Bank of Hays et al. v. CSR Worldwide OK Inc. et al.*
Case No. 23-CV-00196-DES
DEFENDANTS' VERIFIED MOTION TO VACATE RECEIVER ORDER AND SET ASIDE APPOINTMENT OF RECEIVER
Page | 16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 29, 2023, a true and correct copy of the above DEFENDANTS' RESPONSE TO PLAINTIFFS' VERIFIED MOTION FOR ENTRY OF DEFAULT BY CLERK was filed electronically with the United States District Court for the Eastern District of Oklahoma using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                                         Tammy J. Hohstadt
                                                       Tammy J. Hohstadt, Certified PLS
                                                       Paralegal for Nicholas R. Grillot

# ACORD® EVIDENCE OF PROPERTY INSURANCE

**DATE (MM/DD/YYYY):** 12/14/2023

THIS EVIDENCE OF PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

**AGENCY:** Premier Consulting Partners
10425 S 82nd East Ave, Ste 110
Tulsa, OK 74133
**PHONE (A/C, No, Ext):** (918) 295-7410
**FAX (A/C, No):** (918) 970-4884
**E-MAIL ADDRESS:** Nichole.Charles@RelationInsurance.com
**AGENCY CUSTOMER ID #:** 01080519

**COMPANY:** Markel American Insurance Company
10 S. LaSalle Street
Suite 2000
Chicago, IL 60603

**INSURED:** CSR Worldwide OK
473617 East 610 Road
Watts, OK 74964

**LOAN NUMBER:**
**POLICY NUMBER:** MKLM3IM0055207
**EFFECTIVE DATE:** 09/20/2023
**EXPIRATION DATE:** 09/20/2024
**CONTINUED UNTIL TERMINATED IF CHECKED:**
**THIS REPLACES PRIOR EVIDENCE DATED:**

## PROPERTY INFORMATION

**LOCATION/DESCRIPTION:**
473617 East 610 Road
Watts, OK 74964
Loc# 00001

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

## COVERAGE INFORMATION
PERILS INSURED: BASIC ☐ BROAD ☐ SPECIAL ☐

| COVERAGE / PERILS / FORMS | AMOUNT OF INSURANCE | DEDUCTIBLE |
|---|---|---|
| Catastrophe | 1,000,000 | |
| Contractors Equipment | 1,330,000 | |

**REMARKS (Including Special Conditions):**

**CANCELLATION:** SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

## ADDITIONAL INTEREST

**NAME AND ADDRESS:** For Info Only

☐ ADDITIONAL INSURED ☐ LENDER'S LOSS PAYABLE ☐ LOSS PAYEE
☐ MORTGAGEE

**LOAN #:**
**AUTHORIZED REPRESENTATIVE:**

ACORD 27 (2016/03)   © 1993-2015 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD



EXHIBIT A

1 of 1



# CERTIFICATE OF PROPERTY INSURANCE

| DATE (MM/DD/YYYY) |
|---|
| 12/27/2023 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

**PRODUCER**
Covenant Insurance Services LLC
807 Jim Thorpe Blvd
Prague                                    OK  74864

**CONTACT NAME:** Valerie Coffman
**PHONE (A/C, No, Ext):** (405) 578-5575
**FAX (A/C, No):**
**E-MAIL ADDRESS:** valerie@thecovenantins.com
**PRODUCER CUSTOMER ID:**

**INSURED**
Central States Reprocessing, Inc. DBA CSR Worldwide Oklahoma, INc.
473617 E 610 RD
WATTS                                    OK  74964-6512

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A : NATIONAL FIRE & MARINE INSURANCE COMPAN | 20079 |
| INSURER B : | |
| INSURER C : | |
| INSURER D : | |
| INSURER E : | |
| INSURER F : | |

**COVERAGES**   **CERTIFICATE NUMBER:**   **REVISION NUMBER:**

**LOCATION OF PREMISES / DESCRIPTION OF PROPERTY** (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YYYY) | POLICY EXPIRATION DATE (MM/DD/YYYY) | COVERED PROPERTY | LIMITS |
|---|---|---|---|---|---|---|---|
| A | [X] PROPERTY | | 12PRM115727-01 | 08/23/2023 | 08/23/2024 | BUILDING | $ 2,500,000.00 |
| | CAUSES OF LOSS | DEDUCTIBLES | | | | PERSONAL PROPERTY | $ |
| | BASIC | BUILDING 25,000 | | | | BUSINESS INCOME | $ |
| | BROAD | CONTENTS | | | | EXTRA EXPENSE | $ |
| | [X] SPECIAL | | | | | RENTAL VALUE | $ |
| | EARTHQUAKE | | | | | BLANKET BUILDING | $ |
| | [X] WIND | 225,000 | | | | BLANKET PERS PROP | $ |
| | FLOOD | | | | | BLANKET BLDG & PP | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | **INLAND MARINE** | | TYPE OF POLICY | | | | $ |
| | CAUSES OF LOSS | | | | | | $ |
| | NAMED PERILS | | POLICY NUMBER | | | | $ |
| | | | | | | | $ |
| | **CRIME** | | | | | | $ |
| | TYPE OF POLICY | | | | | | $ |
| | | | | | | | $ |
| | **BOILER & MACHINERY / EQUIPMENT BREAKDOWN** | | | | | | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | | | | | | $ |

**SPECIAL CONDITIONS / OTHER COVERAGES** (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

**CERTIFICATE HOLDER**

Hinkle Law Firm LLC
1617 N Waterfront Pkwy.
Ste. 400
Wichita KS 67206

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

**AUTHORIZED REPRESENTATIVE**
*Dakota Coffman*

© 1995-2015 ACORD CORPORATION.  All rights reserved.

ACORD 24 (2016/03)       The ACORD name and logo are registered marks of ACORD       1 of 1

