## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BANK OF HAYS *et al*., | |
| Plaintiffs, | |
| v. | Case No. 23-CV-196-DES |
| CSR WORLDWIDE OK, INC., *et al*., | |
| Defendants. | |

### BANK OF HAYS' RESPONSE TO *DEFENDANTS' VERIFIED MOTION TO VACATE RECEIVER ORDER AND SET ASIDE APPOINTMENT OF RECEIVER*

Plaintiff Bank of Hays ("the Bank") hereby responds to *Defendants' Verified Motion to Vacate Receiver Order and Set Aside Appointment of Receiver* [doc. 53] (the "Subject Motion") filed herein by defendants CSR Worldwide OK Inc. ("CSR Worldwide"), CSR-OK Real Estate Holding Company LLC ("CSR-OK") and together with CSR Worldwide, the "Debtor Defendants"), Central States Reprocessing LLC, Steven F. Bombola, and Troy D. Burgess (collectively, "Defaulting Defendants").

1.      The Bank incorporates by this reference all statements made by the Bank in (a) *Bank of Hays' Reply to* Defendants' Response to Plaintiffs' Verified Motion for Entry of Default by Clerk [doc. 54] (the "Bank Reply"), and (b) the *Joint Consent Motion to Enter Ex parte Order Appointing Receiver* [doc. 23] (the "Consent Receiver Motion").

2.      The factual allegations made in ¶¶ 1-18 of the Subject Motion are substantially correct, but as described below, are missing details and context that shed important light on the issues at bar. Specifically:

A.      Paragraph 6 of the Subject Motion notes that the Initial Receiver Motion[1] [doc. 2-4] was filed contemporaneously with the Petition filed in the State Court Action. Among the grounds for appointment of a receiver over CSR Worldwide's assets that constituted the Bank's collateral were:

i. failure to pay the Bank's loan when due (*see* Petition, ¶ 3(a));
ii. failure to timely pay *ad valorem* taxes due against the Bank's collateral (*see* Petition, ¶ 3(b)); and
iii. failure to keep the Bank's collateral insured (*see* Petition, ¶ 3(c)).

B.      The grounds for appointment of a receiver over CSR-OK's assets that constituted REI's collateral were:

i. failure to pay REI's loan when due (*see* Petition, ¶ 4); and
ii. failure to timely pay *ad valorem* taxes due against REI's collateral (*see id.*);
iii. REI's mortgage provides for the appointment of a receiver when a condition thereof has not been performed (*see* Petition, ¶ 7); and
iv. failure to keep REI's collateral insured (*see* Petition, ¶ 8(c).
.
C.      Additional grounds for the appointment of a receiver over the Plaintiff's collateral included:

i. at the time of filing the Petition, neither of the Debtor Defendants were then in good standing with or authorized to do business in Oklahoma (*see* Petition, ¶¶ 5, 8(d)); and
ii. both of the Debtor Defendants were either insolvent or in imminent danger of insolvency (*see Petition, ¶¶ 6, 8(a)).

---

[1] Capitalized terms used herein and not otherwise defined have the meanings ascribed to them in the Subject Motion.

5811509.1:011777.00001

D.     As noted in ¶ 9 of the Initial Receiver Motion, each of the foregoing conditions constitute cause to appoint a receiver under 12 O.S. § 1551.[2]

E.     As noted in ¶ 10 of the Initial Receiver Motion, the Plaintiffs sought appointment of David R. Payne as receiver.

3.     Additional context that the court should consider is that David R. Payne, the duly appointed and acting Receiver in this case, was approved by the bankruptcy court for this district as the Debtor Defendants' Chief Restructuring Officer. *See* **Exhibit A** (docket sheet for the bankruptcy case of CSR Worldwide) docket entries 29, 31. Although the Bank objected to CSR Worldwide's use of the Bank's cash collateral (*see* **Exhibit A**, docket entry 20), the Bank continued to allow the CSR Worldwide to use the Bank's cash collateral to allow the Debtor Defendants to fund payroll, purchase materials, and to fund other operating costs on an interim basis throughout the bankruptcy case (*see* **Exhibit A**, docket entries  24, 26, 37, 39, 55, 66, 90, 125. Prior to dismissal of the bankruptcy cases, the Bank agreed to entry of a final order authorizing use of its cash collateral (s*ee* **Exhibit B**), and agreed to make a post-petition loan to fund various costs, including funding of retainer deposits for Debtor Defendants counsel Mr. Grillot and for Chief Restructuring Officer David R. Payne, insurance premium payments, and operating costs. *See* **Exhibit C** and **Exhibit D.** In summary, Plaintiffs provided the Debtor Defendants with an unprecedented level of financial and other support during the pendency of their bankruptcy cases, in significant part due to the appointment of David R. Payne as Debtor Defendants' Chief Restructuring Officer.[3]

---

[2] In the first paragraph of the Initial Receiver Motion under the heading "**Argument and Authority**", Plaintiffs quoted the applicable provisions of 12 O.S. § 1551.

[3] Notably (and as evidenced by **Exhibit A**), during the pendency of the Defaulting Defendants' bankruptcy cases, Plaintiffs did not seek stay relief, conversion to chapter 7 of the bankruptcy code, appointment of a chapter 11 trustee, or dismissal of the bankruptcy cases. In fact, the Bank supported the Defaulting Defendants' request to the Bankruptcy Court to defer dismissal of the bankruptcy cases for failure to acquire insurance policies. *See* **Exhibit E.**

5811509.1:011777.00001

4.    Paragraph 13 of the Subject notes that the Bank force-placed insurance coverage against its collateral. The fact that CSR Worldwide failed to insure the Bank's collateral in accordance with its loan documents with CSR Worldwide, and the Bank was **required** to force-place such coverage is a default under those loan documents. *See* Petition, docket no. 2-22, ¶ 24.

5.    Remarkably, paragraph 15 of the Subject Motion notes that Plaintiffs' *Motion for Entry of Default* was filed on October 6, 2023, and that "**[n]o other pleadings were filed in this Case concerning Defendants before then**." Defendants cannot reasonably expect that Plaintiffs would have made filings herein other than a motion for clerk's entry of default when the Defaulting Defendants had not appeared or filed a single substantive pleading in this case, and after having ignored Bank counsel's requests for dialogue for six weeks after dismissal of Debtor Defendants' bankruptcy cases. (*See* Subject Motion, ¶ 18(a); Consent Receivership Motion, ¶ 7(A); and Bank Reply, ¶¶ 2(A) – (M).

6.    Paragraph 17 of the Subject motion complains that the Joint Consent Motion was filed "without giving notice to the Defendants." Defendants doubtless understand the procedure to obtain the Clerk's entry of default under Fed. R. Civ. P. 55, and the effect thereof. Had Defaulting Defendants appeared and responded in this case pursuant to the Federal Rules of Civil Procedure, they not only would have been entitled to notice of all filings in this case, Plaintiffs would not have sought the Clerk's entry of default.

7.    Paragraphs 19 and 20 of the Subject Motion suggest that the Defaulting Defendants maintain property and casualty insurance covering the Plaintiffs' collateral. Leaving aside the fact that CSR Worldwide leases equipment and is required to insure both the owned and leased equipment, an examination of Exhibits A and B to the Subject Motion is instructive, as the certificates of insurance allegedly evincing existence of "property and casualty insurance"

for the Bank's benefit does nothing of the sort.[4] Assuming that the insured named in the certificate shown on Exhibit A to the Subject Motion ("CSR Worldwide OK") is in fact Defaulting Defendant CSR Worldwide, Inc., the Bank notes the following:

A.    The coverage described in the certificate's "Coverage Information" section is for "Catastrophe" and for "Contractors [*sic*] Equipment." The Subject Motion blithely equates the coverage specified in the certificate with "property and casualty insurance," but does not explain how the stated coverages constitute "property and casualty insurance." A simple internet search reveals the following regarding "catastrophe" insurance coverage:

**What Is Property Catastrophe Insurance?**

Standard commercial property insurance policies cover damages from weather-related risks, such as wind, rain, and lightning. However, they often exclude losses from catastrophes, which cause severe losses for many policyholders at once.

Property catastrophe insurance closes that gap in coverage, insuring the policyholder's assets against damages from specific natural and human-made disasters. Coverage may include floods, hurricanes, earthquakes, riots, or terrorist attacks.

Since disastrous events are historically rare, many businesses choose not to purchase coverage for them. … ***

**What's the Difference Between Catastrophe and Hazard Insurance?**

Catastrophe and hazard insurance are often used interchangeably, but they refer to different types of coverage.

**Hazard insurance refers to the portion of a commercial property insurance policy that covers a business's owned or rented assets against standard perils. These perils usually include fire, precipitation, wind, theft, and lightning.**

---

[4] The argument regarding purported existence of "property and casualty insurance" is irrelevant to the relief requested in the Subject Motion, but the Bank addresses the issue solely to point out the inconsistencies of the Defendants' allegations.

5811509.1:011777.00001

>**Meanwhile, catastrophe insurance refers to a rider or standalone policy that covers damages caused by a natural or human-made disaster. These risks aren't covered by commercial property insurance or hazard insurance.**
>
>**For example, these disasters may include hurricanes, earthquakes, flooding, riots, explosions, and terrorist attacks**. Businesses generally must purchase coverage for these risks individually, as no insurance product covers losses from all types of disasters.
>
>**Any business that owns or rents a property for its operations should have hazard coverage through its commercial property insurance policy. However, catastrophe coverage is rare**. Businesses usually only purchase it when they operate in an area with an elevated risk of a specific natural or human-made disaster.

https://www.pathpoint.com/blog/property-catastrophe-insurance-what-you-need-to-know (emphasis added).

B.     Similarly, "Contractors Equipment" coverage likely does not provide commercial casualty coverage of the Plaintiffs' equipment collateral: "[Contractors'] **Equipment insurance** protects contractors and other business owners from losses associated with the theft, damage, or loss of their essential tools and construction equipment." https://www.thebalancemoney.com/what-is-equipment-insurance-6830991.

C.     Moreover, the policy limits reflected in Subject Motion Exhibit A are $1 million for "Catastrophe" coverage, and $1.33 million for "Contractors Coverage." CSR Worldwide's bankruptcy schedules reflected its ownership of equipment worth $500,000. *See* **Exhibit F**, ¶ 7. CSR Worldwide leases improved real property and equipment from CSR-OK (*id.* at ¶9) valued at $3.7 million and more than $5.8 million, respectively (*id.* at ¶ 15). Assuming CSR Worldwide's insurance coverage can plausibly be described as "property and casualty insurance," the **amount** of the coverage is woefully inadequate.[5]

---

[5] The Bank's secured debt exceeds $5.3 million. *See* docket no. 2-2, ¶ 28.

6

D.    Exhibit A to the Subject Motion does not describe what equipment is allegedly covered by the referenced policies, but clearly indicates that the Bank is not an additional insured or a loss payee of the policies described therein.

8.    Similarly, Exhibit B attached to the Subject Motion is an insurance certificate allegedly evincing coverage maintained by Defaulting Defendant CSR-OK. However:

A.    The named insured is Defaulting Defendant "Central States Reprocessing, Inc. **DBA CSR Worldwide Oklahoma Inc."** It seems dubious that Central States Reprocessing, Inc. has any insurable interest in either of the Debtor Defendants' leased or owned equipment. Moreover, paragraph 20 of the Subject Motion advises the Court that Exhibit B evinces coverage maintained by Defaulting Debtor "CSR REH" (one and the same as CSR-OK as defined herein), "which included coverage of the equipment associated with [CSR-OK's] facility." Moreover, the Subject motion's Exhibit B clearly establishes that there is **NO** personal property coverage.

B.    Like Exhibit A to the Subject Motion, Exhibit B thereto does not describe any equipment allegedly covered by the referenced policy and makes clear that neither Plaintiff is an additional insured or a loss payee of the policy described therein.

9.    In summary, assuming the issue of insurance coverage were relevant to the vacation of the receivership (which the Bank denies), the proffered evidence of insurance coverage actually **supports** the receivership remaining in place.

10.    Paragraph 21 of the subject Motion notes that Mr. Grillot, who signed the Subject Motion, represented the Defaulting Defendants at the time the Receiver Order was entered by this Court, although he "had not entered an appearance in this Case." If the Defaulting Defendants suggest that Mr. Grillot was entitled to notice of the Consent Motion, the Bank disagrees. Mr. Grillot was clearly aware of the existence of this case, as it was referenced on p.

57 of the Defaulting Defendants' bankruptcy Statement of Financial Affairs (*see* **Exhibit G**) and Mr. Grillot served as bankruptcy counsel in the Defaulting Debtor's bankruptcy cases (*see, e.g.*, **Exhibit A**, docket entries 83, 84). If the Defaulting Defendants desired to receive notice of filings in this case, they should have retained Mr. Grillot (or other counsel) to enter an appearance herein.

11.    Tellingly, the Defaulting Defendants concede they were aware of the Receivership Order on the day it was entered (October 13, 2023).  *See* Subject Motion, ¶ 22 and docket entry 26, p. 17-18 of 19 (email from Mr. Grillot to undersigned Bank counsel dated October 13, 2023, at 5:50 p.m.).

12.    At paragraph 23 of the Subject Motion, Defaulting Defendants allege that they retained counsel "and filed a response to Defendants' [*sic*] Motion for Entry of Default" (referencing docket entries 27 and 28). To be clear, docket entries 27 and 28 were filed not upon learning of the Receiver Order on October 13, 2023, but only after they became aware that Plaintiffs had filed their Ex Parte *Motion for Writ of Assistance and to Hold Certain Defendants in Contempt* (doc. 26) on October 19, 2023.

13.    To summarize, over two and a half months had passed since the Defaulting Defendants learned of the existence of the receivership before they decided to seek vacation of the Receiver Order. Perhaps that decision was based on the Receiver's demand that the Defaulting Defendants provide the Receiver with basic information the Receiver required to administer the Receivership estate. *See* **Exhibit H** (email from Receiver David R. Payne to Mr. Grillot together with attachment of required deliverables from Defaulting Defendants). Equally likely, the decision to seek vacation of the Receiver Order arose from Defaulting Defendants'

realization that they simply did not want to comply with the Receiver's demands. *See* **Exhibit I** (email from Mr. Grillot to undersigned Bank counsel dated December 28, 2023, at 10:32 a.m.).[6]

### Argument and Authorities

14.    In Subject Motion ¶ 24 Defaulting Defendants argue that (1) this Court lacked jurisdiction to enter the Receiver Order as it was entered in violation of the bankruptcy code's automatic stay; (2) Plaintiffs failed to meet their burden of proof required to enter the Receiver Order, particularly without notice to Defaulting Defendants; (3) there is no necessity for the Debtor Defendants' assets to be in receivership; and (4) the receivership has caused administrative burdens rather than preservation of assets. The Defaulting Defendants are wrong on all counts.

15.    In Subject Motion ¶ 25 Defaulting Defendants cite to *Skirvin v. Coyle*, 1939 OK 249, 94 P.2d 234. This case is irrelevant to the issues herein, as the case related to the appointment of a receiver of a corporation's assets under 1938 Oklahoma corporate law (title 18 of the Oklahoma statutes), whereas the Receiver Order was grounded under 12 O.S. 1551.

### **The Automatic Stay**

16.    In Subject Motion ¶¶ 26-29 Defaulting Defendants allege that the Receivership order was entered in violation of the bankruptcy code's automatic stay provisions (11 U.S.C. § 362). Defaulting Defendants cite to no Tenth Circuit authority in support of their argument and acknowledge that precedent exists contrary to their stated position (*see, e.g., In re Cashco, Inc.*, 599 B.R. 138, 144 (removal of a state-court action to a bankruptcy court does not violate the automatic stay).

---

[6] On information, the Defaulting Defendants to date have not responded to a single demand made by the Receiver.

17.     Assuming that removal of the State Court Action to this Court was a stay violation, the first case cited in subject Motion ¶ 27, *In re Hoskins*, 266 B.R. 872 (Bankr. W.D. Mo. 2001) reveals that Defaulting Defendants have waived their right to raise the automatic stay as a defense. In *Hoskins*, the Missouri bankruptcy court did in fact rule that removal of a Missouri state court action to the U.S. District Court for the Western District of Missouri (*id.* at 874) and that such removal violated the automatic stay (*id.* at 877). More importantly, however, the court found that grounds existed to retroactively grant relief from the automatic stay pursuant to bankruptcy code section 362 (d)(1), thereby validating what otherwise would have been a void action (*id.* at 878). Assuming this Court finds that removal of the State Court Action violated the automatic stay, annulment (retroactive relief from the stay) is appropriate. Had the case remained in the State Court, Defaulting Defendants **would not** have been entitled to notice of the taking of default: "Notice of taking default is not required where the defaulting party has not made an appearance." *See* Rule 10, Rules for District Courts of Oklahoma (title 12 O.S., Chapter 2, appendix). Moreover, the *Hoskins* court recognized that a party may waive the protections of the automatic stay "when a debtor appears and defends a suit on any basis other than application of the automatic stay." *Hoskins*, 266 B.R. at 879. As noted in the Subject Motion, Defaulting Defendants have sought affirmative relief in this Court for over two months without having raised the automatic stay. This Court should either determine that removal to this Court is not a stay violation, that grounds exist to annul the stay and give retroactive effect to the removal, or determine that the Defaulting Defendants have waived the right to waived the automatic stay in this case.

5811509.1:011777.00001

**Lack of Exigent Circumstances**

18.    At ¶¶ 30-36 of the Subject Motion, Defaulting Defendants argue that a lack of exigent circumstances existed to justify an *ex parte* entry of the Receiver Order. The Defaulting Defendants fail to properly distinguish between an *ex parte* order being entered before service of process, or before a party's answer is due, and an *ex parte* order entered after entry of default.

19.    Section 1551 (2) of Title 12 of the Oklahoma Statutes provides:

> 2. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property or in connection with a mortgagee foreclosing his mortgage by power of sale under the Oklahoma Power of Sale Mortgage Foreclosure Act:
>
> a. where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or
>
> b. that a condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt, or
>
> c. that a condition of the mortgage has not been performed and the mortgage instrument provides for the appointment of a receiver.

Plaintiffs plead that each of these conditions in the Initial Receiver Motion. S*ee* docket entry 2-4, ¶¶ 3-9.

20.    By their default, the Defaulting Defendants admitted the Plaintiffs' allegations of fact in the Petition and in the Initial Receiver Motion and forfeited their right to contest those facts. "By his default, Mr. Welch relieved Mr. Tripodi from having to prove the complaint's factual allegations." *Tripodi v. Welch*, 810 F.3d 761, 765 (2016).

20.    Even if this were not the case, the allegations made in the Initial Receivership Motion (summarized at ¶ 2 above) absolutely support the appointment of a receiver. Defaulting Defendants shockingly declare that the fact that the Bank was required to force place $4 million of insurance on its collateral, when its debt exceeds $5.3 million, as an "illusory" justification for appointment of a receiver. Th Defaulting Defendants' cavalier attitude toward their defaulted obligations, and the risks that are **still** foisted upon the Plaintiffs due to their default, is perfectly consistent with their failure to appear and defend in this case until threatened with contempt.

5811509.1:011777.00001

21.    At ¶ 34 of the Subject Motion, Defaulting Defendants cite to *MIF Realty L.P. v. Duncan Development Co*., 1995 OK CIV APP 25, 892 P.2d 664 to suggest that an evidentiary hearing was required. In that case, the Oklahoma Court of Civil Appeals determined that an evidentiary hearing was required to establish that a condition of the mortgage had not been performed. Again, however, by their default the Defaulting Defendants admitted the truth of the Plaintiffs' allegations, and relieved Plaintiffs from having to establish the truth of their allegations at an evidentiary hearing. *Tripodi v. Welch*, 810 F.3d 761, 765 (2016).

22.    In ¶ 35 of the Subject Motion, Defaulting Defendants' cite to *Truett v. Freedom Leaf*, 2021 OK CIV APP 26, 495 P.3d 153 and that case's statements as to what must be proven to justify a receiver appointment. Again, Defaulting Defendants' reliance on this case is unfounded, as the receivership was not sought pursuant to 12 O.S. § 1551. In *Truett*, the plaintiff sued the defendant limited liability company and the company's co-manager for an accounting and for breach of fiduciary duty and sought the emergency appointment of a receiver to manage the company's affairs. *Id.* at ¶ 2. This case simply does not relate to the matters at issue herein.

23.    The arguments made in ¶¶ 36-38 of the Subject Motion again fail to account for the fact that Defaulting Defendants are deemed to have admitted the material allegations in the Initial Receiver Motion.

24.    The arguments made at ¶¶ 39-44 of the Subject Motion are devoid of any evidentiary basis upon which this Court could vacate the receivership and fail to explain why the results alleged to be obtainable by CSR Worldwide could not be accomplished by CSR Worldwide's officers working with the Receiver.

25.    Incredibly, in ¶¶ 41-44 of the Subject Motion Defaulting Defendants complain of the expense and inconvenience they suffer due to the receivership. It seems unimportant to them that the last payment made on the Bank's loan occurred on ***June 17, 2022****;* that the Bank is required to pay for force-placed insurance in an amount less than the amount owed; and that the Bank has incurred and continues to

incur significant legal fees and costs due to Defaulting Defendants' failures to comply with the loan documents, applicable statutes and rules, and this Court's orders. It simply doesn't occur to them that Plaintiffs sought entry of the Receiver Order to protect themselves from Defaulting Defendants' consistent violation of contracts, rules and orders.

26.     The Defaulting Defendants' conduct in this case should preclude the relief sought in the subject Motion. The Bank refers the Court to the Bank Reply in its entirety for a recitation of their indifference to the Federal rules of Civil Procedure and this Court's Local Rules. They come before this Court only when it suits them to do so, and they offer no excuse for their lack of compliance with applicable rules. Essentially, they do not like being a defendant, do not like being subject to the control of an independent receiver, and do not want to cooperate with the Receiver in performing his statutory duties.

27.     In Oklahoma, the equitable doctrine of laches bars a claim where delay in bringing or prosecuting the claim is unreasonable, and the defendant has been materially prejudiced by the delay. *Osage Nation v. Bd. of Commissioners of Osage County*, 2017 OK 34, 394 P.3d 1224 at ¶33. Here, Plaintiffs have since prior to commencement of the Debtor Defendants' bankruptcy cases tried to work with the Defaulting Defendants to reach a business resolution without obtaining a foreclosure judgment. Defaulting Defendants' failure and refusal to obtain insurance, to meet the Receiver's demands, and their attempts to undo the minimal relief obtained by Plaintiffs via the Clerk's entry of default, and the entry of the Receiver Order, all work to Plaintiffs' prejudice. This Court should not reward their callous disregard of applicable rules and this court's orders.

28.     The Subject Motion should be denied.

**WHEREFORE**, Bank of Hays respectfully requests the Court to deny all relief requested in the Subject Motion, and for all other appropriate relief.

Respectfully submitted,

*s/Thomas A. Creekmore III*

Thomas A. Creekmore III, OBA #2011
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
521 East 2nd Street, Suite 1200
Tulsa, OK  74103-3706
Telephone (918) 594-0400
Facsimile (918) 594-0505
E-mail:  tcreekmore@hallestill.com

**Counsel for Bank of Hays**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2024, I electronically transmitted this document to parties receiving notice under the Court's ECF System.

*/s/ Thomas A. Creekmore III*

14

**Subchapter_V, ProHacVice, StatusHrg, DISMISSED/OtherReasons**

# U.S. Bankruptcy Court
# Eastern District of Oklahoma (Muskogee)
# Bankruptcy Petition #: 23-80391

|  |  |
|---|---|
| *Date filed:* | 06/06/2023 |
| *Debtor dismissed:* | 09/01/2023 |
| *341 meeting:* | 07/14/2023 |
| *Deadline for objecting to discharge:* | 09/03/2023 |

*Assigned to:* Judge Paul R. Thomas
Chapter 11
Voluntary
Asset

*Debtor disposition:* Dismissed for Other Reason

**Debtor**
**CSR Worldwide OK, Inc.**
473617 E 610 Rd
Watts, OK 74964-6512
ADAIR-OK
Tax ID / EIN: 85-1606897

represented by **Ron D Brown**
Ron D. Brown, Esq.
715 S. Elgin Ave.
Tulsa, OK 74120
(918) 585-9500
Fax : 866-552-4874
Email: ron@ronbrownlaw.com
*TERMINATED: 08/16/2023*

**Mark A. Craige**
Crowe & Dunlevy
222 N. Detroit Ave.
Suite 600
Tulsa, OK 74120
918-592-9800
Email: mark.craige@crowedunlevy.com

**Nicholas Robert Grillot**
Hinkle Law Firm, L.L.C.
1617 N. Waterfront Parkway
Suite 400
Wichita, KS 67206-6693
316-267-2000
Fax : 316-660-6523
Email: ngrillot@hinklaw.com

**Alexander Sokolosky**
Crowe & Dunlevy
222 N. Detroit Ave.
Suite 600
Tulsa, OK 74103
918-592-9800
Email: alex.sokolosky@crowedunlevy.com

**EXHIBIT A**

*Trustee*
**No Trustee**
*TERMINATED: 06/08/2023*

*Trustee*                                           represented by **Stephen J. Moriarty**
**Stephen J. Moriarty**                             Fellers Snider
Fellers Snider                                     100 N. Broadway, Suite 1700
100 N. Broadway, Suite 1700                 Oklahoma City, OK 73102-8820
Oklahoma City, OK 73102                     (405) 232-0621
405 232 0621                                     Fax : 405-232-9659
      Email: smoriarty@fellerssnider.com

*U.S. Trustee*                                        represented by **Mary Kindelt**
**Office of the United States Trustee**              DOJ-Ust
Office of the AUST, Karen Walsh                 P.O. Box 3044
PO Box 3044                                   Tulsa, OK 74101
Tulsa, OK 74101                                 918-581-6687
918.581.6670                                     Email: mary.kindelt@usdoj.gov

                                       **Karen Carden Walsh**
                                       Office of the United States Trustee
                                       PO Box 3044
                                       Tulsa, OK 74101
                                       202-834-3478
                                       Email: karen.walsh@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 06/06/2023 | 1<br>(84 pgs; 2 docs) | Chapter 11 Subchapter V Voluntary Petition. Fee Amount $1738 Filed by CSR Worldwide OK, Inc. Chapter 11 Plan Small Business Subchapter V Due by 09/4/2023. Government Proofs of Claim due by 12/7/2023. (Brown, Ron) (Entered: 06/06/2023) |
| 06/06/2023 | 2 | Receipt of Voluntary Petition (Chapter 11)( 23-80391) [misc,volp11] (1738.00) Filing Fee. Receipt number A3556678. Fee Amount 1738.00 (Brown, Ron) (U.S. Treasury) (Entered: 06/06/2023) |
| 06/06/2023 | 3<br>(1 pg) | Notice of Appearance and Request for Notice Filed by Charles Greenough on behalf of REI Subsidiary CDE 22, LLC. (Greenough, Charles) (Entered: 06/06/2023) |
| 06/06/2023 | 4<br>(1 pg) | Notice of Appearance and Request for Notice Filed by Karen Carden Walsh on behalf of Office of the United States Trustee. (Walsh, Karen) (Entered: 06/06/2023) |
| 06/06/2023 | 5<br>(5 pgs) | Application to Employ Ron Brown as Attorney for Debtor in Possession Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc. (Brown, Ron) Modified on 8/16/2023 (Anderson, Debi). (Entered: 06/06/2023) |

| | | |
|---|---|---|
| 06/06/2023 | 6 | NOTICE: The Application to Employ Brown Law Firm PC as Attorney for Debtor in Possession Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc. (DE #5), has been received. A proposed Order was not submitted with the Motion as required by Local Rule 9072-1(A). The proposed Order shall contain a statement of the relief requested and shall contain the statement, Movant to notify all interested parties. The Movant should submit a proposed Order. Proposed Order upon receipt of this notice. (Morrow, Denise) (Entered: 06/06/2023) |
| 06/07/2023 | 7<br>(3 pgs; 2 docs) | Statement Regarding Authority to File Corporate Bankruptcy Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc.. (Attachments: # 1 Exhibit A) (Brown, Ron) (Entered: 06/07/2023) |
| 06/07/2023 | 8<br>(2 pgs; 2 docs) | ORDER AND NOTICE OF DEFICIENCIES: In order for this case to be administered, certain documents are to be filed WITH THE PETITION pursuant to rules of Bankruptcy Procedure 1007, 2015 or 3015. The document(s) listed below was not filed. If the document(s) is not filed by the due date set below or a request for an extension is not filed prior to the due date, the Court will enter an ORDER DISMISSING your case without further notice or hearing. IT IS ORDERED. Per question no. 7 of the petition the 4-digit code for NAICS was omitted. Amended Petition with the 4-digit code for NAICS included due by 6/14/2023. (Morrow, Denise) (Entered: 06/07/2023) |
| 06/07/2023 | 9<br>(4 pgs) | Amendment to the Petition regarding: to include NAICS code Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc.. (Brown, Ron) (Entered: 06/07/2023) |
| 06/07/2023 | 10<br>(1 pg) | Notice of Appearance and Request for Notice Filed by Brandon Craig Bickle on behalf of Cherokee Nation Businesses, L.L.C.. (Bickle, Brandon) (Entered: 06/07/2023) |
| 06/08/2023 | 11<br>(3 pgs) | Notice of Appointment of Subchapter V Trustee . Stephen J. Moriarty added to the case. 341 Meeting Date: 7/5/23. 341 Meeting Time: 3:00 p.m.. 341 Meeting Location: Telephonic: 877-396-3133, Passcode 3698950#. Filed by U.S. Trustee Office of the United States Trustee, Trustee. (Office of the United States Trustee) (Entered: 06/08/2023) |
| 06/08/2023 | 12<br>(4 pgs; 2 docs) | Meeting of Creditors. Deadline to File Complaint Objecting to Discharge of the debtor: First date set for hearing on confirmation of plan. Notice of that date will be sent at a later time. 341(a) meeting to be held on 7/5/2023 at 03:00 PM at Ch 11 341 Dial 877-396-3133 pass 3698950. Proofs of Claim due by 8/21/2023. Objection to Discharge/Dischargeability due: 9/3/2023. (Morrow, Denise) (Entered: 06/08/2023) |
| 06/08/2023 | 13<br>(2 pgs) | Notice of Appearance and Request for Notice *on Behalf of Bank of Hays* Filed by Thomas A. Creekmore III on behalf of Bank of Hays. (Creekmore, Thomas) (Entered: 06/08/2023) |
| 06/08/2023 | | Notice that Bankruptcy Petition reviewed. (Morrow, Denise) (Entered: 06/08/2023) |

| | | |
|---|---|---|
| 06/08/2023 | [14](#)<br>(1 pg) | Corporate Ownership Statement Filed by Thomas A. Creekmore III on behalf of Bank of Hays. (Creekmore, Thomas) (Entered: 06/08/2023) |
| 06/08/2023 | [15](#)<br>(18 pgs) | Interim Motion to Use Cash Collateral *and Pay Wages and Request for Expedited Hearing* Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc.. (Brown, Ron) (Entered: 06/08/2023) |
| 06/08/2023 | [16](#)<br>(4 pgs) | Application to Expedite Hearing regarding (related document(s) [15](#) Motion to Use Cash Collateral) Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc. (Brown, Ron) (Entered: 06/08/2023) |
| 06/09/2023 | [17](#)<br>(2 pgs) | Order Granting Application for Expedited Hearing (DE #[16](#)) filed by the Debtor. (RE: related document(s)[15](#) Motion to Use Cash Collateral filed by Debtor CSR Worldwide OK, Inc.). IT IS HEREBY ORDERED, ADJUDGED AND DECREED that a hearing on the Motion shall be held on June 16, 2023 at 11:00 am via teleconference. Telephonic Hearing call in number 888-684-8852 Access code 8488521 Security Code 1347. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that responses or objections to the Motion shall be filed on or before 5:00 p.m. on June 15, 2023. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Debtor shall be prepared to present all evidence it deems necessary for the Court to consider the Motions on an expedited basis. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Debtor shall give immediate notice of the Motion and the hearing in a manner calculated to provide actual notice to the parties designated to receive notice, to all creditors with an interest in the cash collateral, the 20 largest unsecured creditors and the United States Trustee. (Morrow, Denise) (Entered: 06/09/2023) |
| 06/09/2023 | [18](#)<br>(1 pg) | Notice of Appearance and Request for Notice Filed by Mary Kindelt on behalf of Office of the United States Trustee. (Kindelt, Mary) (Entered: 06/09/2023) |
| 06/09/2023 | [19](#)<br>(6 pgs) | Certificate of Mailing Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc. (RE: related document(s)[15](#) Motion to Use Cash Collateral, [17](#) Notice/Continuance of Hearing). (Brown, Ron) (Entered: 06/09/2023) |
| 06/09/2023 | [20](#)<br>(2 pgs) | Objection to (related document(s): [15](#) Motion to Use Cash Collateral filed by Debtor CSR Worldwide OK, Inc.) filed by Thomas A. Creekmore III on behalf of Bank of Hays All Parties entitled to receive notice were served by the CM/ECF system. Certificate of Service Included and Parties entitled to receive notice were served by the CM/ECF system. (Creekmore, Thomas) (Entered: 06/09/2023) |
| 06/09/2023 | [21](#)<br>(2 pgs) | BNC Certificate of Mailing. (RE: related document(s)[8](#) Order and Notice of Deficiencies (7 day deadline)) Notice Date 06/09/2023. (Admin.) (Entered: 06/09/2023) |
| 06/09/2023 | [22](#)<br>(84 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)[1](#) Voluntary Petition (Chapter 11) filed by Debtor CSR Worldwide OK, Inc.) Notice Date 06/09/2023. (Admin.) (Entered: 06/09/2023) |

| | | |
|---|---|---|
| 06/10/2023 | [23](#)<br>(5 pgs) | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s)[12](#) Meeting of Creditors Chapter 11) Notice Date 06/10/2023. (Admin.) (Entered: 06/10/2023) |
| 06/16/2023 | [24](#)<br>(2 pgs; 2 docs) | MINUTE ENTRY: Telephonic Hearing Held 6/16/2023 at 11:00 a.m. (RE: related document(s)[15](#) Motion for Entry of Interim Cash Collateral Order, Authorization to Pay Wages filed by Debtor CSR Worldwide OK, Inc., [20](#) Objection filed by Creditor Bank of Hays). Appearances: Ron Brown on behalf of the Debtor; Thomas Creekmore III on behalf of Bank of Hays; Charles Greenough on behalf of REI Subsidiary CDE 22, LLC; Brandon Bickle on behalf of Cherokee Nation Businesses, LLC; Mary Kindelt on behalf of the U.S. Trustee; and Stephen Moriarty, Subchapter V Trustee. Agreed Interim Cash Collateral order to be uploaded. Final Hearing to be held on 7/7/2023 at 11:00 AM. Telephonic Hearing call in number 888-684-8852 Access code 8488521 Security code 1347. (Corley, Cheryl) (Entered: 06/16/2023) |
| 06/16/2023 | [25](#)<br>(3 pgs; 2 docs) | ORDER SETTING STATUS CONFERENCE FOR SETTING DEADLINE FOR ELECTION UNDER 11 U.S.C. Sec. 1111(b)(2) AND OTHER DEADLINES. The court will conduct a status conference on 7/12/2023 at 10:00 at Ed Edmondson Courthouse 101 N 5th Muskogee Crtrm 4. Debtor and Debtor's counsel shall appear. By 6/28/2023, Debtor shall file the Preconference Status Report required by 11 U.S.C. Sec. 1188(c) that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization and shall serve that report on the case or standing trustee, the United States Trustee, and all parties in interest. Within 14 days following entry of the order for relief, the Debtor shall serve notice of the commencement of this case to any entity known to be holding money or property subject to withdrawal or order of the Debtor. Fed. R. Bank. P. 2015(a)(4). The bar date for filing Proofs of Claim for governmental units and non-governmental units and the last date for filing objections to discharge and dischargeability of certain debts are set forth in the Notice of Commencement of case. Status Conference to be held on 7/12/2023 at 10:00 AM at Ed Edmondson Courthouse 101 N 5th Muskogee Crtrm 4. s/Judge Paul R. Thomas on 6/16/2023. (Corley, Cheryl)<br><br>THE MOVANT IS DIRECTED TO NOTIFY ALL INTERESTED PARTIES OF THE ENTRY OF THIS ORDER.<br><br>This is the Official Order of the Court.<br><br>(Entered: 06/16/2023) |
| 06/16/2023 | [26](#)<br>(11 pgs; 2 docs) | Order Granting Interim Motion to Use Cash Collateral and Pay Wages (Related Doc # [15](#)) filed by the Debtor. The authority granted herein shall expire July 7, 2023 unless otherwise agreed by Lender. (Morrow, Denise) (Entered: 06/16/2023) |
| 06/18/2023 | [27](#)<br>(4 pgs) | BNC Certificate of Mailing. (RE: related document(s)[25](#) Setting Status Conference Chapter 11 Sub V) Notice Date 06/18/2023. (Admin.) (Entered: 06/18/2023) |

| | | |
|---|---|---|
| 06/18/2023 | 28<br>(12 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)26 Order on Motion to Use Cash Collateral) Notice Date 06/18/2023. (Admin.) (Entered: 06/18/2023) |
| 06/19/2023 | 29<br>(17 pgs; 3 docs) | Application to Employ David Payne as Chief Restructuring Officer Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc. (Attachments: # 1 Exhibit A # 2 Exhibit B) (Brown, Ron) (Entered: 06/19/2023) |
| 06/28/2023 | 30<br>(2 pgs) | Order Granting Application to Application for Authority to RetainCounsel For Debtor in Possession (Related Doc # 5) filed by CSR Worldwide OK, Inc. After reviewing the Application and based on representations ofcounsel, pursuant to F.R. Bankr. P. 7052 and 2014 and 11 U.S.C. § 327, Debtor should be authorized to retain counsel to represent it and the above-captioned bankruptcy estate for the reasons set forth in the Application, that Brown Law Firm PC is well qualified in bankruptcy proceedings, does not hold or represent an interest adverse to the above-captioned bankruptcy estate, is a disinterested party and that an Order should be issued authorizing CSR-OK Real Estate Holding Company, LLC to employ the Brown Law Firm PC for the purposes as set out inthe Application. (Morrow, Denise) (Entered: 06/28/2023) |
| 06/28/2023 | 31<br>(2 pgs) | Order Granting Application for Authority to Retain Chief Restructuring Officer For Debtor in Possession David R. Payne (Related Doc # 29). After reviewing the Application and based on representations of counsel, pursuant to F.R. Bankr. P. 7052 and 2014 and 11 U.S.C. § 327, Debtor should be authorized to retain a chief restricting officer to represent it and the above captioned bankruptcy estate for the reasons set forth in the Application, that David R. Payne ofD. R. Payne & Associates, Inc. is well qualified in bankruptcy proceedings, does not hold or represent an interest adverse to the above-captioned bankruptcy estate, is a disinterested party and that an Order should be issued authorizing CSR Worldwide OK, Inc. to employ David R. Payne of D. R. Payne & Associates, Inc for the purposes as set out in the Application. (Morrow, Denise) (Entered: 06/28/2023) |
| 06/28/2023 | 32<br>(2 pgs) | Motion to Appear pro hac vice filed by Brian D. Roy to represent Blue Bridge Financial, LLC . (Morrow, Denise) (Entered: 06/28/2023) |
| 06/28/2023 | 33<br>(1 pg) | USDC Receipt Receipt Number 21294, Fee Amount $50.00 for Motion to Appear Pro Hac Vice (Morrow, Denise) (Entered: 06/28/2023) |
| 06/29/2023 | 34<br>(3 pgs; 2 docs) | Order Admitting Brian D. Roy, Esq. Pro Hac Vice(Related Doc # 32). ORDERED that Brian D. Roy, Esq. may appear before the court pro hac vice as counsel for BlueBridge Financial, LLC in this case subject to the local rules of this court. The movant shall immediately apply to become a registered user of CM/ECF in this district with full privileges in this district or any other cases in which this court had entered an order admitting the movant pro vac vice. (Morrow, Denise) (Entered: 06/29/2023) |
| 06/30/2023 | 35<br>(2 pgs; 2 docs) | Notice of Status Hearing. Hearing set for failure to file Preconference Status Report required by 11 U.S.C. Sec. 1188(c) that details the efforts |

| | | |
|---|---|---|
| | | the debtor has undertaken and will undertake to attain a consensual plan of reorganization with proof of service due by June 28, 2023. The Debtor Attorney is required to appear at the hearing unless you have complied with the court's requirement prior to the hearing date. Status hearing to be held on 7/12/2023 at 10:00 AM at Ed Edmondson Courthouse 101 N 5th Muskogee Crtrm 4. (Corley, Cheryl) (Entered: 06/30/2023) |
| 07/02/2023 | 36 (3 pgs) | BNC Certificate of Mailing. (RE: related document(s)35 Notice of Status Hearing) Notice Date 07/02/2023. (Admin.) (Entered: 07/02/2023) |
| 07/07/2023 | 37 (2 pgs; 2 docs) | MINUTE ENTRY: Telephonic Hearing Held 7/7/2023 at 11:00 a.m. (RE: related document(s)15 Motion for Entry of Interim Cash Collateral Order, Authorization to Pay Wages filed by Debtor CSR Worldwide OK, Inc., 20 Objection filed by Creditor Bank of Hays). Appearances: Ron Brown and Troy Burgess on behalf of the Debtor; David Payne, Chief Restructuring Officer for Debtor; Thomas Creekmore III on behalf of Bank of Hays; Charles Greenough on behalf of REI Subsidiary CDE 22, LLC; Brandon Bickle on behalf of Cherokee Nation Businesses, LLC; Mary Kindelt on behalf of the U.S. Trustee; and Stephen Moriarty, Subchapter V Trustee. Second Interim Cash Collateral order to be uploaded. Final Hearing continued to 7/14/2023 at 01:30 PM. Telephonic Hearing call in number 888-684-8852 Access code 8488521 Security Code 1347. (Corley, Cheryl) (Entered: 07/07/2023) |
| 07/07/2023 | 38 | United States Trustee's Continuance of Chapter 11 341 Meeting Filed by U.S. Trustee Office of the United States Trustee. 341(a) meeting to be held on 7/14/2023 at 10:30 AM at Ch 11 341 Dial 877-396-3133 pass 3698950. (Office of the United States Trustee) (Entered: 07/07/2023) |
| 07/07/2023 | 39 (4 pgs) | Second Interim Order Granting Authority to Use Cash Collateral (RE: related document(s)15 Motion to Use Cash Collateral filed by Debtor CSR Worldwide OK, Inc.). The authority granted herein shall expire on July 14, 2023. (Morrow, Denise) (Entered: 07/07/2023) |
| 07/09/2023 | 40 (3 pgs) | BNC Certificate of Mailing. (RE: related document(s)37 Hearing (Bk) Continued) Notice Date 07/09/2023. (Admin.) (Entered: 07/09/2023) |
| 07/10/2023 | 41 (2 pgs) | **Moot, SEE # 45** Application to Appear by Telephone at Hearing *Plan Status Hearing set for July 12, 2023 at 10:00 a.m.*. Filed by Stephen J. Moriarty on behalf of Stephen J. Moriarty (Moriarty, Stephen) (Modified by Morrow, Denise) (Entered: 07/10/2023) |
| 07/10/2023 | 42 (2 pgs; 2 docs) | MINUTE ENTRY continuing the Status Conference and Status Hearing for failure to file Preconference Status Report previously set 7/12/2023 at 10:00 a.m. at Ed Edmondson Courthouse 101 N 5th Muskogee Crtrm 4. The matters will be held telephonically on 7/14/2023 at 01:30 PM. Telephonic hearing call in number 888-684-8852 Access code 8488521 Security code 1347. (Corley, Cheryl) (Entered: 07/10/2023) |

| | | |
|---|---|---|
| 07/10/2023 | 43<br>(3 pgs) | Pre-Status Conference Report for Small Business Sub Chapter V Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc. (RE: related document(s)25 Setting Status Conference Chapter 11 Sub V). (Brown, Ron) (Entered: 07/10/2023) |
| 07/10/2023 | 44<br>(3 pgs) | Pre-Status Conference Report for Small Business Sub Chapter V Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc.. (Brown, Ron) Court notes that this pleading is a duplicate of DE #43. Modified on 7/10/2023 (Morrow, Denise). (Entered: 07/10/2023) |
| 07/10/2023 | 45<br>(2 pgs; 2 docs) | Order Mooting Application to Appear Telephonically at Hearing filed by filed by Stephen J. Moriarty, the Subchapter V Trustee,. The Court has entered a minute entry continuing the hearing on July 12, 2023 to July 14, 2023, at 1:30 p.m. by telephone. (Related Doc # 41) (Morrow, Denise) (Entered: 07/10/2023) |
| 07/11/2023 | 46<br>(3 pgs) | Notice of Appearance and Request for Notice Filed by Brian D. Roy on behalf of Blue Bridge Financial, LLC. (Roy, Brian) (Entered: 07/11/2023) |
| 07/11/2023 | 47<br>(25 pgs) | DIP Initial Report Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc.. (Brown, Ron) (Entered: 07/11/2023) |
| 07/12/2023 | 48<br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s)42 Hearing (Bk) Continued) Notice Date 07/12/2023. (Admin.) (Entered: 07/12/2023) |
| 07/13/2023 | 49<br>(4 pgs) | Motion to Dismiss Case Filed by Mary Kindelt on behalf of Office of the United States Trustee. (Kindelt, Mary) (Entered: 07/13/2023) |
| 07/14/2023 | 50<br>(2 pgs) | Motion to Withdraw as Attorney Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc.. (Brown, Ron) (Entered: 07/14/2023) |
| 07/14/2023 | 51<br>(2 pgs) | Motion to Shorten Time to Notice and set Objection Deadline Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc. (Brown, Ron) (Entered: 07/14/2023) |
| 07/14/2023 | 52<br>(2 pgs; 2 docs) | Notice of Motion and Hearing Filed by Mary Kindelt on behalf of Office of the United States Trustee (RE: 49 Motion to Dismiss Case filed by U.S. Trustee Office of the United States Trustee). Objections due by 7/28/2023.Hearing scheduled 8/9/2023 at 10:00 AM at Ed Edmondson Courthouse 101 N 5th Muskogee Crtrm 4. (Kindelt, Mary) (Entered: 07/14/2023) |
| 07/14/2023 | 53<br>(1 pg) | Certificate of Mailing Filed by Karen Carden Walsh on behalf of Office of the United States Trustee (RE: related document(s)49 Motion to Dismiss Case, 52 420A-1 Form - Notice of Motion/ Hearing Set). (Walsh, Karen) (Entered: 07/14/2023) |
| 07/14/2023 | 54<br>(3 pgs; 2 docs) | MINUTE ENTRY: Status Conference and Hearing Held 7/14/2023 at 1:30 p.m. (RE: related document(s)49 Motion to Dismiss Case filed by U.S. Trustee, 50 Motion to Withdraw as Attorney filed by Debtor CSR Worldwide OK, Inc., 51 Motion to Shorten Time to Notice and set Objection Deadline filed by Debtor CSR Worldwide OK, Inc.). |

| | | Appearances: Ron Brown and Troy Burgess on behalf of the Debtor; David Payne, Chief Restructuring Officer for Debtor; Thomas Creekmore III on behalf of Bank of Hays; Charles Greenough on behalf of REI Subsidiary CDE 22, LLC; Mary Kindelt on behalf of the U.S. Trustee; Stephen Moriarty, Subchapter V Trustee; and Brian Roy on behalf of Blue Bridge Financial, LLC. Status Conference conducted. U.S. Trustee's Motion to Dismiss set for hearing on 8/9/2023 at 10:00 a.m. by separate notice. #51 Motion granted; objections due by 7/18/2023; order to be submitted. Notice of Motion to Withdraw by Debtor's counsel to be filed. (Corley, Cheryl) (Entered: 07/14/2023) |
|---|---|---|
| 07/14/2023 | 55 (2 pgs; 2 docs) | MINUTE ENTRY: Hearing held 7/14/2023 at 1:30 p.m. (RE: related document(s)15 Motion for Entry of Interim Cash Collateral Order, Authorization to Pay Wages filed by Debtor CSR Worldwide OK, Inc.). Appearances: Ron Brown and Troy Burgess on behalf of the Debtor; David Payne, Chief Restructuring Officer for Debtor; Thomas Creekmore III on behalf of Bank of Hays; Charles Greenough on behalf of REI Subsidiary CDE 22, LLC; Mary Kindelt on behalf of the U.S. Trustee; Stephen Moriarty, Subchapter V Trustee; and Brian Roy on behalf of Blue Bridge Financial, LLC. Final Hearing continued to 7/21/2023 at 02:00 PM Ed Edmondson Courthouse 101 N 5th Muskogee Crtrm 4. (Corley, Cheryl) (Entered: 07/14/2023) |
| 07/14/2023 | 56 (2 pgs; 2 docs) | Notice of Motion and Hearing Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc. (RE: 50 Motion to Withdraw as Attorney filed by Debtor CSR Worldwide OK, Inc.). Objections due by 7/18/2023.Hearing scheduled 7/21/2023 at 02:00 PM at Ed Edmondson US Courthouse 101 N 5th Muskogee OK. (Brown, Ron) (Entered: 07/14/2023) |
| 07/14/2023 | 57 (1 pg) | Certificate of Mailing Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc. (RE: related document(s)50 Motion to Withdraw as Attorney, 56 420A Form - Notice of Motion/Hearing Set). (Brown, Ron) (Entered: 07/14/2023) |
| 07/14/2023 | 58 (1 pg) | Corrected Certificate of Mailing Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc. (RE: related document(s)50 Motion to Withdraw as Attorney, 56 420A Form - Notice of Motion/Hearing Set). (Brown, Ron) (Entered: 07/14/2023) |
| 07/16/2023 | 59 (4 pgs) | BNC Certificate of Mailing. (RE: related document(s)54 Hearing Held (Bk Other)) Notice Date 07/16/2023. (Admin.) (Entered: 07/16/2023) |
| 07/16/2023 | 60 (3 pgs) | BNC Certificate of Mailing. (RE: related document(s)55 Hearing (Bk) Continued) Notice Date 07/16/2023. (Admin.) (Entered: 07/16/2023) |
| 07/17/2023 | 61 (3 pgs; 2 docs) | Order Granting Ex Parte Request for Expedited Hearing and for Shortened Notice f (Related Doc # 51) filed by the Debtor. IT IS THEREFORE ORDERED that Motion to Withdraw as Attorney of Record (Dkt. No. 31) shall be set for expedited hearing on July 21, 2023 at 2:00pm at 101 N. 5th Street, Muskogee Oklahoma. IT IS FURTHER ORDERED that all parties who make objection to the Motion to Withdraw as Attorney of Record (Dkt. No. 50) shall file an objection on or before July 18, 2023. IT IS FURTHER ORDERED that if Debtor has obtained replacement counsel who has entered an |

| | | |
|---|---|---|
| | | appearance on or before July 21, 2023, or if no objections are timely received, the court may enter an order allowing withdrawal and striking the hearing set for July 21, 2023. (Morrow, Denise) (Entered: 07/17/2023) |
| 07/19/2023 | 62<br>(4 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)61 Order on Motion to Extend Time) Notice Date 07/19/2023. (Admin.) (Entered: 07/19/2023) |
| 07/20/2023 | 63<br>(2 pgs; 2 docs) | MINUTE ENTRY: The hearing set 7/21/2023 at 2:00 p.m. will be held telephonically (RE: related document(s)15 Motion for Entry of Interim Cash Collateral Order, Authorization to Pay Wages filed by Debtor CSR Worldwide OK, Inc., and 50 Motion to Withdraw as Attorney filed by Debtor CSR Worldwide OK, Inc.). Telephonic hearing call in number 888-684-8852 Access code 8488521 Security code 1347. (Corley, Cheryl) (Entered: 07/20/2023) |
| 07/21/2023 | 64<br>(3 pgs) | Notice of Appearance and Request for Notice Filed by Alexander Sokolosky on behalf of CSR Worldwide OK, Inc.. (Sokolosky, Alexander) (Entered: 07/21/2023) |
| 07/21/2023 | 65<br>(8 pgs; 2 docs) | Application to Employ Nicholas R. Grillot as Co-counsel Filed by Alexander Sokolosky on behalf of CSR Worldwide OK, Inc. (Attachments: # 1 Exhibit A) (Sokolosky, Alexander) (Entered: 07/21/2023) |
| 07/21/2023 | 66<br>(2 pgs; 2 docs) | MINUTE ENTRY: Telephonic hearing held 7/21/2023 at 2:00 p.m. (RE: related document(s)15 Motion for Entry of Interim Cash Collateral Order, Authorization to Pay Wages filed by Debtor CSR Worldwide OK, Inc., 20 Objection filed by Bank of Hayes; and 50 Motion to Withdraw as Attorney filed by Ron Brown, attorney for Debtor CSR Worldwide OK, Inc.). Appearances: Ron Brown and Troy Burgess on behalf of the Debtor; Alexander Sokolosky and Nicholas Grillot on behalf of the Debtor; David Payne, Chief Restructuring Officer for Debtor; Thomas Creekmore III on behalf of Bank of Hays; Charles Greenough on behalf of REI Subsidiary CDE 22, LLC; Karen Walsh on behalf of the U.S. Trustee; Brandon Bickle on behalf of Cherokee Nation Businesses, L.L.C.; and Stephen Moriarty, Subchapter V Trustee. Final Hearing on Motion to Use Cash Collateral continued to 8/1/2023 at 10:00 AM. Telephonic Hearing call in number 888-684-8852 Access code 8488521 Security code 1347. Second Interim Cash Collateral Order (DE 39) to remain in effect until further hearing. If the need to deviate from that agreement arises, parties shall confer. Order granting Motion to Withdraw to be entered pending approval of applications to employ substitute counsel. (Corley, Cheryl) (Entered: 07/21/2023) |
| 07/21/2023 | 67<br>(2 pgs) | Amendment to Disclosure of Compensation of Attorney for Debtor for legal Service, I have agreed to accept $15,000.00 Fee application. Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc.. (Brown, Ron) Court modified to include the fee amount. Modified on 7/25/2023 (Morrow, Denise). (Entered: 07/21/2023) |

| | | |
|---|---|---|
| 07/22/2023 | [68](#)<br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s)[63](#) Hearing (Bk) Continued) Notice Date 07/22/2023. (Admin.) (Entered: 07/22/2023) |
| 07/23/2023 | [69](#)<br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s)[66](#) Hearing (Bk) Continued) Notice Date 07/23/2023. (Admin.) (Entered: 07/23/2023) |
| 07/24/2023 | 70 | NOTICE: After review of this case, the court finds that the date scheduled for the 341 meeting of creditors has expired and that as of this date the trustee has not filed a Notice of Continuance of the meeting or a Trustee Report concluding the meeting of creditors. (Morrow, Denise) (Entered: 07/24/2023) |
| 07/24/2023 | 71 | United States Trustee's 341 Meeting Report. Meeting held and concluded. Filed by U.S. Trustee Office of the United States Trustee (RE: related document(s) 38 US Trustee's Continuance of Chapter 11 341 Meeting filed by U.S. Trustee Office of the United States Trustee). (Office of the United States Trustee) (Entered: 07/24/2023) |
| 07/25/2023 | 72 | NOTICE: An Notice of Appearance and Request for Notice has been filed. As a result, this Court finds that Alexander Sokolosky shall file a Disclosure of Attorney Compensation. Attorney Disclosure of Compensation due 7/26/2023. (Morrow, Denise) (Entered: 07/25/2023) |
| 07/25/2023 | 73 | NOTICE: An Amended Disclosure of Attorney Compensation has been filed by Ron Brown. The pleading states under question No. 4 that a copy of the agreement is attached. The agreement is not attached. Amended Attorney Disclosure of Compensation with agreement attached due 7/26/2023. (Morrow, Denise) (Entered: 07/25/2023) |
| 07/25/2023 | [74](#)<br>(2 pgs) | Corrected Disclosure of Compensation of Attorney for Debtor for legal Service, I have agreed to accept $15,000.00 Fee Application. Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc. (RE: related document(s) 72 File Attorney Disclosure of Compensation (1) day, 73 File Attorney Disclosure of Compensation (1) day). (Brown, Ron) Court modified to include the fee amount. Modified on 7/25/2023 (Morrow, Denise). (Entered: 07/25/2023) |
| 07/26/2023 | 75 | **(ENTERED IN ERROR, SEE # 76)** NOTICE: An Amended Disclosure of Attorney Compensation has been filed by Ron Brown. The pleading states under question No. 4 that a copy of the agreement is attached. The agreement is not attached. Amended Attorney Disclosure of Compensation with agreement attached due 7/27/2023. (Morrow, Denise)(Modified by Morrow, Denise) (Entered: 07/26/2023) |
| 07/26/2023 | 76 | NOTICE: Disregard due to administrative error (RE: 75 File Attorney Disclosure of Compensation (1) day)(Morrow, Denise) (Entered: 07/26/2023) |
| 07/26/2023 | [77](#)<br>(2 pgs) | Disclosure of Compensation of Attorney for Debtor for legal Service, I have agreed to accept $ Hourly rate per filed fee applications. Filed by Alexander Sokolosky on behalf of CSR Worldwide OK, Inc.. (Sokolosky, Alexander) (Entered: 07/26/2023) |

| | | |
|---|---|---|
| 07/28/2023 | 78<br>(3 pgs) | Motion to Appear pro hac vice filed by Nicholas R. Grillot to represent CSR-OK Real Estate Holding Company, LLC. (Foshee, Amanda) (Entered: 07/28/2023) |
| 07/28/2023 | 79<br>(1 pg) | USDC Receipt Receipt Number 21373, Fee Amount $100 for Motion to Appear Pro Hac Vice. (Foshee, Amanda) (Entered: 07/28/2023) |
| 07/28/2023 | 80<br>(5 pgs) | Certificate of Mailing Filed by Alexander Sokolosky on behalf of CSR Worldwide OK, Inc. (RE: related document(s)65 Application to Employ). (Sokolosky, Alexander) (Entered: 07/28/2023) |
| 07/28/2023 | 81<br>(22 pgs) | Objection to (related document(s): 49 Motion to Dismiss Case filed by U.S. Trustee Office of the United States Trustee) filed by Nicholas Robert Grillot on behalf of CSR Worldwide OK, Inc. All Parties entitled to receive notice were served by the CM/ECF system. Certificate of Service Included and Parties entitled to receive notice were served by the CM/ECF system. (Grillot, Nicholas) (Entered: 07/28/2023) |
| 07/31/2023 | 82<br>(2 pgs) | Order Granting Motion To Withdraw As Attorney (Related Doc # 50) filed by Ron D. Brown attorney for the Debtor. IT IS THEREFORE ORDERED that attorney Ron D. Brown of Brown Law Firm P.C. is allowed to withdraw as counsel of record for the Debtor. (Morrow, Denise) (Entered: 07/31/2023) |
| 07/31/2023 | 83<br>(3 pgs; 2 docs) | Order Granting Motion to Appear Pro Hac Vice (Related Doc # 78)file by Nicholas R. Grillot. The Court having reviewed the Motion and good cause appearing, it is ORDERED that Nicholas R. Grillot may appear before the Court pro hac vice as counsel for Debtor in the captions bankruptcy case subject to the Local Rules of this Court. The movant shall immediately apply to become a registered user of CM/ECF in this district with full filing privileges in this case or an other cases in which this Court has entered an order admitting the movant pro hac vice. (Morrow, Denise) (Entered: 07/31/2023) |
| 07/31/2023 | 84<br>(2 pgs) | Order Granting Application to Employ Nicholas R. Grillot, of Hinkle Law Firm, LLC as Co-counsel Filed by Alexander Sokolosky on behalf of CSR Worldwide OK, Inc (Related Doc 65) (Morrow, Denise) Court modified the text to add name of law firm. Modified on 8/4/2023 (Morrow, Denise). (Entered: 07/31/2023) |
| 07/31/2023 | 85<br>(2 pgs; 2 docs) | ORDER. An Employment Application for Alexander Sokolosky, Debtors counsel shall be filed. The Application shall include a supporting affidavit or verified statement of the Professional that complies with 11 U.S.C. Sec. 327, Fed.R.Bankr.P. 2014 and Local Rule 2014-1 . Employment Application Due: 8/4/2023. s/Judge Paul R. Thomas on 7/31/2023. (Morrow, Denise)<br><br>THE MOVANT IS DIRECTED TO NOTIFY ALL INTERESTED PARTIES OF THE ENTRY OF THIS ORDER.<br><br>This is the Official Order of the Court.<br><br>(Entered: 07/31/2023) |

| | | |
|---|---|---|
| 07/31/2023 | 86<br>(15 pgs; 3 docs) | Motion for Authority to Obtain Credit Under Section 364(b), Rule 4001(c) or (d) All Parties entitled to receive notice were served by the CM/ECF system. Certificate of Service Included and Parties entitled to receive notice were served by the CM/ECF system. Filed by Alexander Sokolosky, Nicholas Robert Grillot on behalf of CSR Worldwide OK, Inc.. (Attachments: # 1 Exhibit A - Finance Agreement # 2 Proposed Order) (Grillot, Nicholas) (Entered: 07/31/2023) |
| 08/01/2023 | 87<br>(3 pgs) | Notice of Appearance and Request for Notice Filed by Mark A. Craige on behalf of CSR Worldwide OK, Inc.. (Craige, Mark) (Entered: 08/01/2023) |
| 08/01/2023 | 88<br>(2 pgs) | Disclosure of Compensation of Attorney for Debtor for legal Service, I have agreed to accept $ Hourly rate per filed fee agreement. Filed by Mark A. Craige on behalf of CSR Worldwide OK, Inc.. (Craige, Mark) (Entered: 08/01/2023) |
| 08/01/2023 | 89<br>(2 pgs) | Disclosure of Compensation of Attorney for Debtor for legal Service, I have agreed to accept $ Hourly Rate Per Application to Employ and Fee Applications. Filed by Nicholas Robert Grillot on behalf of CSR Worldwide OK, Inc.. (Grillot, Nicholas) (Entered: 08/01/2023) |
| 08/01/2023 | 90<br>(2 pgs; 2 docs) | MINUTE ENTRY: Telephonic hearing held 8/1/2023 at 11:00 a.m. (RE: related document(s)15 Motion for Entry of Interim Cash Collateral Order, Authorization to Pay Wages filed by Debtor CSR Worldwide OK, Inc., 20 Objection filed by Bank of Hayes).<br>Appearances: Troy Burgess on behalf of the Debtor; Alexander Sokolosky and Nicholas Grillot on behalf of the Debtor; David Payne, Chief Restructuring Officer for Debtor; Thomas Creekmore III on behalf of Bank of Hays; Charles Greenough on behalf of REI Subsidiary CDE 22, LLC; Mary Kindelt on behalf of the U.S. Trustee; Brandon Bickle on behalf of Cherokee Nation Businesses, L.L.C.; and Stephen Moriarty, Subchapter V Trustee. Final hearing on this matter is set for Evidentiary hearing on 8/16/2023 at 10:00 AM at Ed Edmondson Courthouse 101 N 5th Muskogee Crtrm 4. Counsel shall exchange/file Witness List and Exhibit List. Simultaneously, counsel shall provide all copies of the exhibits to opposing counsel and two copies to the Judge. Copies of the exhibits shall be accepted by the Court Recording Deputy upon introduction and admission and will not be returned. The parties shall comply with Local Form 9014-1(E) Instructions Governing Evidentiary Hearing Procedures in Contested Matters. Witness List due by 8/9/2023. Exhibit List due by 8/9/2023. Exhibits due by 8/9/2023. (Corley, Cheryl) (Entered: 08/01/2023) |
| 08/01/2023 | 91<br>(2 pgs; 2 docs) | NOTICE: The Motion for Authority to Obtain Credit Under Section 364(b), Rule 4001(c) or (d) (DE #86) has been received. It is not in compliance with this Court's current procedure. This type of Motion requires a Notice of Motion and Hearing Form 420C. The movant shall file a Form 420C Notice in compliance with the Court hearing procedure found on the Court website. www.okeb.uscourts.gov. Notice of Motion due by 8/2/2023. (RE: 86 Motion for Authority to Obtain Credit Under Section 364 filed by Debtor CSR Worldwide OK, Inc.)(Morrow, Denise) (Entered: 08/01/2023) |

| | | |
|---|---|---|
| 08/01/2023 | 92<br>(2 pgs; 2 docs) | ORDER. An Employment Application for Mark Craige, Debtors counsel shall be filed. The Application shall include a supporting affidavit or verified statement of the Professional that complies with 11 U.S.C. Sec. 327, Fed.R.Bankr.P. 2014 and Local Rule 2014-1. Employment Application Due: 8/15/2023. s/Judge Paul R. Thomas on 8/1/2023. (Morrow, Denise)<br><br>**THE MOVANT IS DIRECTED TO NOTIFY ALL INTERESTED PARTIES OF THE ENTRY OF THIS ORDER.**<br><br>**This is the Official Order of the Court.**<br><br>(Entered: 08/01/2023) |
| 08/01/2023 | 93<br>(7 pgs; 2 docs) | Application for Compensation for Ron D Brown, Debtor's Attorney, Fee: $10,776.37, Expenses: $. *0* Filed by Ron D Brown (Attachments: # 1 Exhibit A) (Brown, Ron) (Entered: 08/01/2023) |
| 08/01/2023 | 94<br>(2 pgs; 2 docs) | Notice of Application for Compensation and Notice of Hearing Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc. (RE: 93 Application for Compensation filed by Debtor CSR Worldwide OK, Inc.). Objections due by 8/15/2023.Hearing scheduled 9/20/2023 at 10:00 AM at Ed Edmondson Courthouse 101 N 5th Muskogee Crtrm 4. (Brown, Ron) (Entered: 08/01/2023) |
| 08/01/2023 | 95<br>(5 pgs; 2 docs) | Certificate of Mailing Filed by Ron D Brown on behalf of CSR Worldwide OK, Inc. (RE: related document(s)93 Application for Compensation, 94 420E Form-Notice of Application for Compensation/Hearing Set). (Attachments: # 1 Exhibit A) (Brown, Ron) (Entered: 08/01/2023) |
| 08/01/2023 | 96<br>(2 pgs; 2 docs) | Notice of Motion and Hearing Set All Parties entitled to receive notice were served by the CM/ECF system. Certificate of Service Included and Parties entitled to receive notice were served by the CM/ECF system. Filed by Nicholas Robert Grillot on behalf of CSR Worldwide OK, Inc. (RE: 86 Motion for Authority to Obtain Credit Under Section 364 filed by Debtor CSR Worldwide OK, Inc.). Hearing scheduled 9/20/2023 at 10:00 AM at Ed Edmondson Courthouse 101 N 5th Muskogee Crtrm 4. (Grillot, Nicholas) (Entered: 08/01/2023) |
| 08/02/2023 | 97<br>(2 pgs) | Certificate of Mailing Filed by Alexander Sokolosky, Nicholas Robert Grillot on behalf of CSR Worldwide OK, Inc. (RE: related document(s)86 Motion for Authority to Obtain Credit Under Section 364, 96 420C Form-Notice of Motion/Hearing Set-No Objection Time). (Grillot, Nicholas) (Entered: 08/02/2023) |
| 08/02/2023 | 98<br>(1 pg) | **Supercede and Strike, SEE # 104** Notice of Intent to Present Evidence at hearing on 8/9/2023 Filed by Mary Kindelt on behalf of Office of the United States Trustee (RE: 49 Motion to Dismiss Case filed by U.S. Trustee Office of the United States Trustee). (Kindelt, Mary)(Modified by Morrow, Denise) (Entered: 08/02/2023) |

| | | |
|---|---|---|
| 08/02/2023 | 99<br>(2 pgs) | Exhibit List . Hearing date 8/9/2023 Filed by Mary Kindelt on behalf of Office of the United States Trustee. (Kindelt, Mary) (Entered: 08/02/2023) |
| 08/02/2023 | 100<br>(1 pg) | Amended Notice of Intent to Present Evidence at hearing on 8/9/2023 *to correct caption* Filed by Mary Kindelt on behalf of Office of the United States Trustee (RE: 49 Motion to Dismiss Case filed by U.S. Trustee Office of the United States Trustee). (Kindelt, Mary) (Entered: 08/02/2023) |
| 08/02/2023 | 101<br>(2 pgs) | Amended Exhibit List *to correct caption*. Hearing date 8/9/2023 Filed by Mary Kindelt on behalf of Office of the United States Trustee. (Kindelt, Mary) (Entered: 08/02/2023) |
| 08/02/2023 | 102<br>(2 pgs) | Witness List . Hearing Date 8/9/2023 Filed by Mary Kindelt on behalf of Office of the United States Trustee. (Kindelt, Mary) (Entered: 08/02/2023) |
| 08/02/2023 | 103<br>(4 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)83 Order on Motion to Appear pro hac vice) Notice Date 08/02/2023. (Admin.) (Entered: 08/02/2023) |
| 08/03/2023 | 104<br>(2 pgs; 2 docs) | Order. The Notice of Intent to Present Evidence filed on 8/2/2023 Docket Entry #98 is superseded and stricken by the filing of the Amended Notice of Intent to Present Evidence on 8/2/2023 Docket Entry #100 (RE: related document(s)98 Notice of Intent to Present Evidence filed by U.S. Trustee Office of the United States Trustee) s/Judge Paul R. Thomas on 8/3/2023. (Morrow, Denise)<br><br>THE MOVANT IS DIRECTED TO NOTIFY ALL INTERESTED PARTIES OF THE ENTRY OF THIS ORDER.<br><br>This is the Official Order of the Court.<br><br>(Entered: 08/03/2023) |
| 08/03/2023 | 105<br>(2 pgs; 2 docs) | MINUTE ENTRY: Scheduling Evidentiary Hearing for 8/9/2023 at 10:00 AM at Ed Edmondson Courthouse 333 N 5th Muskogee Crtrm 4 (RE: related document(s)49 Motion to Dismiss filed by U.S. Trustee, 81 Objection filed by Debtor CSR Worldwide OK, Inc.). Counsel shall exchange/file Witness List and Exhibit List. Simultaneously, counsel shall provide all copies of the exhibits to opposing counsel and two copies to the Judge. Copies of the exhibits shall be accepted by the Court Recording Deputy upon introduction and admission and will not be returned. The parties shall comply with Local Form 9014-1(E) Instructions Governing Evidentiary Hearing Procedures in Contested Matters. Witness List due by 8/7/2023. Exhibit List due by 8/7/2023. Exhibits due by 8/7/2023. (Corley, Cheryl) (Entered: 08/03/2023) |
| 08/03/2023 | 106<br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s)91 Improper Plan/Motion/Application Procedure) Notice Date 08/03/2023. (Admin.) (Entered: 08/03/2023) |

| | | |
|---|---|---|
| 08/03/2023 | **107**<br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s)92 Employment Application for the Debtors counsel) Notice Date 08/03/2023. (Admin.) (Entered: 08/03/2023) |
| 08/03/2023 | **108**<br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s)90 Minute Entry/Witness and Exhibit Lists) Notice Date 08/03/2023. (Admin.) (Entered: 08/03/2023) |
| 08/04/2023 | **109**<br>(14 pgs; 3 docs) | Application to Employ Alexander Sokolosky as Bankruptcy Counsel Filed by Alexander Sokolosky on behalf of CSR Worldwide OK, Inc. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Sokolosky, Alexander) Modified on 8/16/2023 (Anderson, Debi). (Entered: 08/04/2023) |
| 08/05/2023 | **110**<br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s)104 Supersede and Strike Document) Notice Date 08/05/2023. (Admin.) (Entered: 08/05/2023) |
| 08/05/2023 | **111**<br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s)105 Minute Entry/Witness/Exhibits Lists Due) Notice Date 08/05/2023. (Admin.) (Entered: 08/05/2023) |
| 08/07/2023 | **112**<br>(6 pgs) | Certificate of Mailing Filed by Alexander Sokolosky on behalf of CSR Worldwide OK, Inc. (RE: related document(s)109 Application to Employ). (Sokolosky, Alexander) (Entered: 08/07/2023) |
| 08/07/2023 | 113 | NOTICE: Exhibits have been submitted by Mary Kindelt for hearing scheduled 8/9/2023. The party shall present copies of the exhibits to the Court Recorder Deputy upon admission at the trial or hearing in compliance with Local Rule 9017-2. Only the exhibits admitted in court and presented to the Court Recorder Deputy become the official record. COUNSEL IS RESPONSIBLE FOR ENSURING THE RECORD IS COMPLETE BEFORE THE TRIAL HAS CONCLUDED. Exhibits must be copies and shall be destroyed at the conclusion of all appeal activity without notice to the parties. (Morrow, Denise) (Entered: 08/07/2023) |
| 08/07/2023 | **114**<br>(2 pgs) | Order Granting Debtor's Application to Employ Alexander Sokolosky of Crowe & Dunlevy, P.C. as Counsel for Debtor. (Related Doc 109) (Morrow, Denise) Modified on 8/16/2023 (Anderson, Debi). (Entered: 08/07/2023) |
| 08/07/2023 | **115**<br>(2 pgs) | Notice of Intent to Present Evidence at hearing on 08/09/2023 Filed by Nicholas Robert Grillot on behalf of CSR Worldwide OK, Inc. (RE: 49 Motion to Dismiss Case filed by U.S. Trustee Office of the United States Trustee). (Grillot, Nicholas) (Entered: 08/07/2023) |
| 08/07/2023 | **116**<br>(2 pgs) | Exhibit List . Hearing date 08/09/2023 Filed by Nicholas Robert Grillot on behalf of CSR Worldwide OK, Inc.. (Grillot, Nicholas) (Entered: 08/07/2023) |
| 08/07/2023 | **117**<br>(3 pgs) | Witness List . Hearing Date 08/09/2023 Filed by Nicholas Robert Grillot on behalf of CSR Worldwide OK, Inc.. (Grillot, Nicholas) (Entered: 08/07/2023) |

| | | |
|---|---|---|
| 08/08/2023 | [118](#)<br>(2 pgs) | Certificate of Mailing Filed by Alexander Sokolosky, Nicholas Robert Grillot on behalf of CSR Worldwide OK, Inc. (RE: related document(s)115 Notice of Intent to Present Evidence, 116 Exhibit List, 117 Witness List). (Grillot, Nicholas) (Entered: 08/08/2023) |
| 08/09/2023 | [119](#)<br>(2 pgs; 2 docs) | MINUTE ENTRY: Evidentiary Hearing Held 8/9/23 at 10:00 a.m. (RE: related document(s) 49 Motion to Dismiss filed by U.S. Trustee and 81 Objection filed by Debtor CSR Worldwide OK, Inc.). Appearances: Nicholas Robert Grillot & Alexander Sokolosky for Debtor; Stephen J. Moriarty, Trustee; Mary Kindelt, Office of UST; Thomas A. Creekmore, III for Bank of Hays; Charles Greenough for REI Subsidiary CDE 22, LLC. Evidentiary hearing held. All exhibits were admitted. Movant and Debtor presented stipulations of fact to the Court. Court directed that the stipulations of fact be filed in the case. Matter taken under advisement. (Corley, Cheryl) (Entered: 08/09/2023) |
| 08/11/2023 | [120](#)<br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s)119 Hearing Held (Bk Other)) Notice Date 08/11/2023. (Admin.) (Entered: 08/11/2023) |
| 08/15/2023 | [121](#)<br>(2 pgs; 2 docs) | MINUTE ENTRY: The hearing set 8/16/2023 will be held telephonically at 11:00 a.m. (RE: related document(s)15 Motion for Entry of Interim Cash Collateral Order, Authorization to Pay Wages filed by Debtor CSR Worldwide OK, Inc., 20 Objection filed by Bank of Hayes). Telephonic Hearing call in number 888-684-8852 Access code 8488521 Security code 1347. (Corley, Cheryl) (Entered: 08/15/2023) |
| 08/15/2023 | [122](#)<br>(2 pgs) | Notice of Change of Address of Party(s) Pacifica Consultants, Inc. due to Returned Mail. The party's address will be updated in the CM/ECF system by the Clerk's Office. No further action will be taken by the Clerk's Office regarding service of the undeliverable document. The Attorney shall Notify the Creditor of the Document returned. Filed by Nicholas Robert Grillot on behalf of CSR Worldwide OK, Inc. (RE: 65 Application to Employ filed by Debtor CSR Worldwide OK, Inc.). (Grillot, Nicholas) (Entered: 08/15/2023) |
| 08/15/2023 | [123](#)<br>(1 pg) | Notice of Change of Address of Party(s) Star Mechanical Supply due to BNC Undeliverable Notice. The party's address will be updated in the CM/ECF system by the Clerk's Office. No further action will be taken by the Clerk's Office regarding service of the undeliverable document. Be advised that dischargeability of a debt may be affected if a creditor fails to receive certain notices. You should mail a copy of the undeliverable document to the creditor's updated address and file a certificate of mailing with the Bankruptcy Court. Filed by Nicholas Robert Grillot on behalf of CSR Worldwide OK, Inc.. (Grillot, Nicholas) (Entered: 08/15/2023) |
| 08/16/2023 | [124](#)<br>(4 pgs) | Stipulation between Ilene J. Lashinsky, United States Trustee for Region 20, and CSR Worldwide OK, Inc. . Filed by Mary Kindelt on behalf of Office of the United States Trustee (RE: related document(s)49 Motion to Dismiss Case, 81 Objection, 119 Hearing Held (Bk Other)). (Kindelt, Mary) (Entered: 08/16/2023) |

| | | |
|---|---|---|
| 08/16/2023 | 125<br>(2 pgs; 2 docs) | MINUTE ENTRY: Telephonic hearing held 8/16/2023 at 11:00 a.m. (RE: related document(s)15 Motion for Entry of Interim Cash Collateral Order, Authorization to Pay Wages filed by Debtor CSR Worldwide OK, Inc., 20 Objection filed by Bank of Hayes). Appearances: Troy Burgess on behalf of the Debtor; Alexander Sokolosky and Nicholas Grillot on behalf of the Debtor; David Payne, Chief Restructuring Officer for Debtor; Thomas Creekmore III on behalf of Bank of Hays; Charles Greenough on behalf of REI Subsidiary CDE 22, LLC; Mary Kindelt on behalf of the U.S. Trustee; Brandon Bickle on behalf of Cherokee Nation Businesses, L.L.C.; and Stephen Moriarty, Subchapter V Trustee. Debtor and Bank of Hays have submitted an agreed order for the Courts review. (Corley, Cheryl) (Entered: 08/16/2023) |
| 08/16/2023 | 126<br>(2 pgs) | Order Granting Application for Compensation (Related Doc # 93) filed by Ron D. Brown, Debtor's Counsel. IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Application is granted. Fees for debtors counsel are reasonable and should be approved allowed in the amount of $10,776.37 to be reasonable and authorizing payment of $6,785 from attorneys trust account. The remainder of $3,991.37 shall be paid from the bankruptcy estate upon confirmation of a plan of reorganization or upon further court order. (Morrow, Denise) (Entered: 08/16/2023) |
| 08/16/2023 | 127<br>(129 pgs; 2 docs) | Debtor's Motion to Approve Agreement for PostPetition Financing and to Modify the Automatic Stay. All Parties entitled to receive notice were served by the CM/ECF system. Certificate of Service Included and Parties entitled to receive notice were served by the CM/ECF system. Filed by Nicholas Robert Grillot on behalf of CSR Worldwide OK, Inc.. (Attachments: # 1 Exhibits 1 through 6) (Grillot, Nicholas) Court modified the text to match the title of the pdf. Modified on 8/17/2023 (Morrow, Denise). (Entered: 08/16/2023) |
| 08/16/2023 | 128<br>(3 pgs) | Application to Expedite Hearing regarding (related document(s) 127 Motion to Incur Post Petition Debt) , Motion to Shorten Time to File Objections or Responses Filed by Nicholas Robert Grillot on behalf of CSR Worldwide OK, Inc. (Grillot, Nicholas) (Entered: 08/16/2023) |
| 08/17/2023 | 129<br>(3 pgs) | Order Granting Application to Expedite Hearing and Shortened Objection Time (Related Doc # 128) filed by the Debtor. IT IS HEREBY ORDERED, ADJUDGED AND DECREED that under Fed. R. Bankr. P. 4001(c)(2) and 4001(d)(3) an expedited hearing on the Motion shall be held on August 21, 2023 at 11:00 a.m. via teleconference. The Telephonic Hearing call-in information to participate in the hearing is Number: 888-684-8852 Access Code: 8488521 Security Code: 1347. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that consistent with Fed. R. Bankr. 4001(d)(2) responses or objections to the Motion shall be filed on or before August 20, 2023. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Debtor shall give immediate notice of the Motion and the Hearing to the parties designated to receive notice, to all creditors with an interest in the Motion, the 20 largest unsecured creditors, and the United States Trustee. 127 (Morrow, Denise) (Entered: 08/17/2023) |

| | | | |
|---|---|---|---|
| 08/17/2023 | **130**<br>(15 pgs; 2 docs) | Final Order Authorizing Debtor CSR WorldWide OK, Inc.s Use of Cash Collateral and Granting Adequate Protection (Related Doc # 15) (Attachments: # 1 Exhibit A - Budget) (Morrow, Denise) (Entered: 08/17/2023) | |
| 08/17/2023 | **131**<br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s)121 Hearing (Bk) Continued) Notice Date 08/17/2023. (Admin.) (Entered: 08/17/2023) | |
| 08/18/2023 | **132**<br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s)125 Hearing Held (Bk Other)) Notice Date 08/18/2023. (Admin.) (Entered: 08/18/2023) | |
| 08/21/2023 | **133**<br>(21 pgs; 2 docs) | Final Order Approving Agreement for Post Petition Financing and Modify the Automatic Stay (Related Doc #127) filed by CSR Worldwide OK, Inc. (Morrow, Denise) (Entered: 08/21/2023) | |
| 08/21/2023 | **134**<br>(2 pgs; 2 docs) | MINUTE ENTRY: Telephonic Hearing Held 8/21/2023 at 11:00 a.m. (RE: related document(s)127 Motion to Approve Agreement for Postpetition Financing and to Modify the Automatic Stay filed by Debtor CSR Worldwide OK, Inc.). Appearances: Troy Burgess on behalf of the Debtor; Nicholas Grillot and Mark Craige on behalf of the Debtor; Thomas Creekmore III on behalf of Bank of Hays; Mary Kindelt on behalf of the U.S. Trustee; Brandon Bickle on behalf of Cherokee Nation Businesses, L.L.C.; and Stephen Moriarty, Subchapter V Trustee. Final order has been entered by the Court. (Corley, Cheryl) (Entered: 08/21/2023) | |
| 08/23/2023 | **135**<br>(22 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)133 Order on Motion to Incur Post Petition Debt) Notice Date 08/23/2023. (Admin.) (Entered: 08/23/2023) | |
| 08/24/2023 | **136**<br>(6 pgs; 2 docs) | **Moot, SEE # 139** Motion *Requesting The Court Delay Its Decision on US Trustee's Motion to Dismiss for Cause* All Parties entitled to receive notice were served by the CM/ECF system. Certificate of Service Included and Parties entitled to receive notice were served by the CM/ECF system. Filed by Nicholas Robert Grillot on behalf of CSR Worldwide OK, Inc.. (Attachments: # 1 Exhibit A) (Grillot, Nicholas)(Modified by Foshee, Amanda) (Entered: 08/24/2023) | |
| 08/24/2023 | **137**<br>(2 pgs) | **Moot, SEE # 139** Response to (related document(s): 136 Generic Motion filed by Debtor CSR Worldwide OK, Inc.) filed by Thomas A. Creekmore III on behalf of Bank of Hays All Parties entitled to receive notice were served by the CM/ECF system. Certificate of Service Included and Parties entitled to receive notice were served by the CM/ECF system. (Creekmore, Thomas)(Modified by Foshee, Amanda) (Entered: 08/24/2023) | |
| 08/25/2023 | **138**<br>(6 pgs; 2 docs) | Order Regarding U.S. Trustee's Motion to Dismiss (RE: related document(s)49 Motion to Dismiss Case filed by U.S. Trustee Office of the United States Trustee). IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Debtor shall obtain appropriate insurance, provide proof thereof to the U.S. Trustee, and give notice thereof to the Court on or before August 31, 2023. | |

| | | |
|---|---|---|
| | | (Foshee, Amanda) (Entered: 08/25/2023) |
| 08/25/2023 | 139<br>(2 pgs; 2 docs) | Order. The Debtors' Motion Requesting The Court Delay Its Decision on US Trustee's Motion to Dismiss for Cause (DE#136) and Response by Bank of Hays (DE#137) are moot due to Order Regarding U.S. Trustee's Motion to Dismiss (DE#138) entered on 08/25/2023 (RE: related document(s)136 Generic Motion filed by Debtor CSR Worldwide OK, Inc., 137 Response filed by Creditor Bank of Hays) s/Judge Paul R. Thomas on 8/25/2023. (Foshee, Amanda)<br><br>THE MOVANT IS DIRECTED TO NOTIFY ALL INTERESTED PARTIES OF THE ENTRY OF THIS ORDER.<br><br>This is the Official Order of the Court.<br><br>(Entered: 08/25/2023) |
| 08/27/2023 | 140<br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s)139 Moot Document Other Reason) Notice Date 08/27/2023. (Admin.) (Entered: 08/27/2023) |
| 08/27/2023 | 141<br>(7 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)138 Order to File Document) Notice Date 08/27/2023. (Admin.) (Entered: 08/27/2023) |
| 09/01/2023 | 142<br>(3 pgs; 2 docs) | Order Granting Motion to Dismiss Chapter 11 Sub V Case (Related Doc # 49) filed by the U.S. Trustee. The Court held an evidentiary hearing on this matter on August 9, 2023. It then entered an Order on August 24, 2023 (Docket Entry 138) which fixed a deadline of August 31, 2023 for Debtor to obtain appropriate insurance, provide proof thereof to the UST, and to give notice thereof to this Court. Debtor has failed to comply with the deadline set by this Court. Therefore, the Court finds cause exists to dismiss this case. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss Case under 11 U.S.C. §1112(b) filed by U.S. Trustee (Docket Entry 49) is granted, and this case is hereby dismissed. (Morrow, Denise) (Entered: 09/01/2023) |
| 09/01/2023 | 143<br>(3 pgs; 2 docs) | Notice of Order Dismissing Case (Morrow, Denise) (Entered: 09/01/2023) |
| 09/01/2023 | 144<br>(2 pgs; 2 docs) | Order. The Motion for Authority to Obtain Credit Under Section 364(b), Rule 4001(c) or (d) (DE #86) is moot and all scheduled hearings are stricken due to the Dismissal entered by the Court on 9/1/2023. (RE: related document(s)86 Motion for Authority to Obtain Credit Under Section 364 filed by Debtor CSR Worldwide OK, Inc.) s/Judge Paul R. Thomas on 9/1/2023. (Morrow, Denise)<br><br>THE MOVANT IS DIRECTED TO NOTIFY ALL INTERESTED PARTIES OF THE ENTRY OF THIS ORDER.<br><br>This is the Official Order of the Court.<br><br>(Entered: 09/01/2023) |

| | | |
|---|---|---|
| 09/03/2023 | [145](#)<br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s)[144](#) Moot Documents Dismissal Entered) Notice Date 09/03/2023. (Admin.) (Entered: 09/03/2023) |
| 09/03/2023 | [146](#)<br>(5 pgs) | BNC Certificate of Mailing. (RE: related document(s)[143](#) Notice of Order Dismissing Case) Notice Date 09/03/2023. (Admin.) (Entered: 09/03/2023) |
| 09/03/2023 | [147](#)<br>(4 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)[142](#) Order on Motion to Dismiss Case) Notice Date 09/03/2023. (Admin.) (Entered: 09/03/2023) |
| 09/05/2023 | [148](#)<br>(7 pgs; 2 docs) | Final Application for Compensation for Stephen J. Moriarty, Trustee Chapter 11, Fee: $11,500.00, Expenses: $199.12. All Parties entitled to receive notice were served by the CM/ECF system. Filed by Stephen J. Moriarty (Attachments: # [1](#) Exhibit A-Fees and expenses) (Moriarty, Stephen) (Entered: 09/05/2023) |
| 09/05/2023 | [149](#)<br>(2 pgs; 2 docs) | Notice of Application for Compensation and Notice of Hearing Filed by Stephen J. Moriarty on behalf of Stephen J. Moriarty (RE: [148](#) Application for Compensation filed by Trustee Stephen J. Moriarty). Objections due by 9/26/2023.Hearing scheduled 10/18/2023 at 10:00 AM at Ed Edmonson Courthouse 101 N 5th Muskogee Crtrm 4. (Moriarty, Stephen) (Entered: 09/05/2023) |
| 09/05/2023 | [150](#)<br>(5 pgs; 2 docs) | Certificate of Mailing Filed by Stephen J. Moriarty on behalf of Stephen J. Moriarty (RE: related document(s)[148](#) Application for Compensation, [149](#) 420E Form-Notice of Application for Compensation/Hearing Set). (Attachments: # [1](#) Matrix) (Moriarty, Stephen) (Entered: 09/05/2023) |
| 09/28/2023 | [151](#)<br>(2 pgs) | Order Granting Final Application for Compensation for Stephen J. Moriarty, Trustee Chapter 11, (Related Doc # [148](#)). IT IS THEREFORE ORDERED that the Application is granted and payment of fees in the amount of $11,500.00 and expenses in the amount of $199.12 are approved and payment of same is authorized. (Morrow, Denise) (Entered: 09/28/2023) |
| 11/06/2023 | 152 | NOTICE: Due to the Order dismissing case entered by the Court on 9/1/2023, the DIP shall file a Final Report. DIP Chapter 11 Final Report due by 12/6/2023. (Anderson, Debi) (Entered: 11/06/2023) |
| 12/08/2023 | [153](#)<br>(2 pgs; 2 docs) | Notice of Status Hearing. Hearing set for failure to file DIP Chapter 11 Final Report due by 12/6/2023. The Debtor's Attorney is requested to appear at the hearing unless you have complied with the court's requirement prior to the hearing date. Status hearing to be held on 1/17/2024 at 10:00 AM at Ed Edmonson Courthouse 101 N 5th Muskogee Crtrm 4. (Corley, Cheryl) (Entered: 12/08/2023) |
| 12/10/2023 | [154](#)<br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s)[153](#) Notice of Status Hearing) Notice Date 12/10/2023. (Admin.) (Entered: 12/10/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/12/2024 06:15:20 | | | |
| **PACER Login:** | tcreekmore | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 23-80391 Fil or Ent: filed From: 1/1/1980 To: 1/12/2024 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 16 | **Cost:** | 1.60 |

**Dated: August 17, 2023**

**The following is ORDERED:**



_Paul R. Thomas_
PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>CSR WORLDWIDE OK, INC.,<br><br>       _Debtor_. | Case No. 23-80391<br>Chapter 11 |

### FINAL ORDER AUTHORIZING DEBTOR
### CSR WORLDWIDE OK, INC.'S USE OF CASH COLLATERAL
### AND GRANTING ADEQUATE PROTECTION

This matter comes before the Court on Debtor CSR Worldwide OK, Inc.'s Motion Pursuant

to Sections 105, 361, 362, and 363 of the Bankruptcy Code and Bankruptcy Rule 4001 for Entry

of an Order Authorizing Use of Cash Collateral and Granting Adequate Protection (Dkt. No.15)

filed herein on June 8, 2023 ("Motion"). Debtor CSR Worldwide, Inc. appears by and through its

attorneys Nicholas R. Grillot.   The Bank of Hays appears by and through its attorney Thomas A.

Creekmore III of Hall Estill Hardwick Gable Golden & Nelson PC.   There are no other parties

who appear in opposition to the Motion.

┌─────────────────┐
│   **EXHIBIT B**   │
└─────────────────┘

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide OK, Inc.*
Case No. 23-80391
FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION
Page 2

_____

After reviewing the pleadings and being duly advised on the premises, the Court makes the following findings based on representations of counsel:

### Background

1.     This voluntary Chapter 11 bankruptcy case was filed June 6, 2023 (the "Commencement Date").   Debtor is authorized to operate its business and manage its property as Debtor-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

### Jurisdiction and Venue

2.     This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.

3.     This is a core proceeding pursuant to 28 U.S.C. §157(b).   Venue is proper before this Court pursuant to 28 U.S.C. §1408 and 28 U.S.C. §1409.

### Background

4.     Debtor provides recycling services to commercial customers, including resin recycling, tolling, and reprocessing.   Debtor claims it is a Qualified Active Low-Income Business ("QALICB").

5.     While the plant and equipment to perform those recycling services are owned by an associated entity, CSR-OK Real Estate Holding Company, LLC, Debtor is the operating entity for those services.   In other words, Debtor maintains the inventory and materials needed to perform the recycling services, contracts with the customers for those recycling services, and owns all other assets that would generally be considered cash collateral under 11 U.S.C. § 363.

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide OK, Inc.*
Case No. 23-80391
FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION
Page 3

6.    Because of that, on June 8, 2023, Debtor filed the Motion for Entry of Interim Cash Collateral Order, Authorization to Pay Wages and Request for Expedited Hearing ("Cash Collateral Motion").  *See* Dkt. No. 15.

7.    Under the Cash Collateral Motion, Debtor sought to use Bank of Hays' ("BOH") cash collateral consistent with the budget attached to the Cash Collateral Motion as exhibit D, which included the payment wages for Debtor's employees, and other operational expenses.

8.    BOH objected to the Cash Collateral Motion the next day.  *See* Dkt. No. 20.

9.    BOH and the Debtor reached an agreement for the interim use of cash collateral, which was entered on June 18, 2023 ("1st Interim Order").  *See* Dkt. No. 26.

10.    BOH claims liens in all Debtor's assets (BOH's Collateral) and is owed approximately $5,660,945.66 by Debtor on the notes associated with BOH's lien.

11.    An unknown party through the Corporation Service Company and Zahav Asset Management, LLC may claim a lien in Debtor's assets, but BOH asserts that the balance owed to BOH exceeds the value of Debtor's assets, and therefore, any such claim these parties might have would be unsecured.

12.    Debtor is not aware of any other party that claims a security interest in all Debtor's assets.

13.    As of the filing date, Debtor claims the value of its assets totals $7,790,718.73. Debtor asserts the value of its inventory is $140,000.00 and the value of its accounts receivable is $1,255.10 ("Cash Collateral").  The total value of the Cash Collateral claimed by Debtor is $141,255.10.  All of the cash of Debtor in existence on the Petition Date and all cash that is

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide OK, Inc.*
Case No. 23-80391
FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION
Page 4

acquired by Debtor after the Petition Date as proceeds of pre-petition collateral constitutes cash collateral within the meaning of 11 U.S.C. § 363(a) for BOH's benefit.

### Summary of Relief Requested

14.    By the Motion, Debtor requested (i) pursuant to Sections 105, 361, 362, and 363 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 4001(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"):

    a.    Authority to use Cash Collateral; and

    b.    Authority to grant adequate protection to BOH.

### Bankruptcy Rule 4001 Concise Statement

15.    In accordance with Fed. R. Bankr. P. 4001(B), below is a summary of the nature of Debtor's request and proposed use of Cash Collateral:

    a.    <u>Parties with Interest in Cash Collateral</u>.  BOH is the only party with an interest in Cash Collateral as BOH's lien on Debtor's Cash Collateral and other assets is equal to or exceeds the value of those assets.   The unknown company and Zahav Asset Management, LLC's potential interest in Cash Collateral is wholly unsecured.

    b.    <u>Use of Cash Collateral</u>.  Debtor intends to use Cash Collateral to pay expenses of the operation of its business in accordance the attached Budget as Exhibit A with the variances as specified in the Motion, and subject to any restrictions made by the Court as provided in this Order.

    c.    <u>Termination Date</u>.  Debtor seeks authorization to use Cash Collateral for the remainder of this Case unless earlier terminated by order of the Court

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide OK, Inc.*
Case No. 23-80391
FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION
Page 5

(which may be entered on motion of BOH or any other party in interest for cause shown) or the parties' agreement.

d.    <u>Events of Default</u>.   The occurrence of any of the following events, unless waived in writing BOH shall constitute an event of default (the "Events of Default"):

1)    expenditures in excess of the Budget with the variances as specified in the Motion;

2)    expenditures not included in the Budget and not otherwise approved by BOH in writing;

3)    the obtaining after the Petition Date of credit or the incurring indebtedness that is (i) secured by a security interest, mortgage, or other lien on all or any portion of BOH's Collateral which is equal or senior to any security interest or other lien of BOH, or (ii) entitled to priority administrative status which is equal or senior to that granted to BOH;

4)    the entry of an order by the Court (other than this Final Order or any order entered pursuant to Bankruptcy Code § 364 pursuant to which BOH makes or participates in a post-petition loan to the Debtor) granting relief from or modifying the automatic stay of Section 362 of the Bankruptcy Code (i) to allow any creditor to execute upon or enforce a lien on or security interest in any Cash Collateral, or (ii) with respect to any lien of or the granting of any lien on any Cash

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide OK, Inc.*
Case No. 23-80391
FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION
Page 6

Collateral to any state or local environmental or regulatory agency or authority, which in either case would have a material adverse effect on the business, operations, property, assets, or condition, financial or otherwise, of Debtor;

5) dismissal of the case or conversion of the case to Chapter 7 case, or, other than the Subchapter V Trustee, appointment of a Chapter 11 trustee or examiner with enlarged powers or other responsible person;

6) upon written notice from BOH of any material misrepresentation of a material fact made after the Petition Date by Debtor about its financial condition, the nature, extent, location or quality of any Collateral, or the disposition or use of any Collateral, including Cash Collateral;

7) the sale after the Petition Date of any portion of any of Debtor's assets outside the ordinary course of its business unless otherwise approved by BOH in writing or by the Bankruptcy Court;

8) the failure of Debtor to keep BOH's Collateral insured against casualty loss, naming BOH as loss payee;

9) the failure by Debtor to perform, after notice from BOH, in any respect, any of the material terms, provisions, conditions, covenants, or obligations under this Final Order;

10) the failure by Debtor to perform, after notice from BOH, in any

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide OK, Inc.*
Case No. 23-80391
FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION
Page 7

respect, any of the terms, provisions, conditions, covenants, or obligations under BOH's loan documents (excluding the terms, provisions, conditions, covenants, or obligations under any personal guaranty by the owners of Debtor maintained by BOH; and

11) an event of default occurs under any order entered pursuant to Bankruptcy Code § 364 pursuant to which BOH makes or participates in a post-petition loan to the Debtor.

e. <u>Rights and Remedies Upon an Event of Default</u>. Immediately upon the occurrence and during the continuation of an Event of Default, BOH may declare a termination, reduction, or restriction on the ability of Debtor to use Cash Collateral (any such declaration shall be referred to herein as a "Termination Declaration"). The Termination Declaration shall be given by email or facsimile (or other electronic means) to counsel to Debtor and the United States Trustee (the "UST") (the earliest date any such Termination Declaration is made shall be referred to herein as the "Termination Declaration Date"). During the period that ends 14 days after the Termination Declaration Date (the "Remedies Notice Period"), Debtor may use Cash Collateral in accordance with the terms and provisions of the Budget solely to meet payroll obligations and to pay expenses critical to the preservation of Debtor and its estate as set forth in the Budget and Debtor may request that the Court order further use of Cash Collateral.

f. <u>Adequate Protection</u>.

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide OK, Inc.*
Case No. 23-80391
FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION
Page 8

1) For adequate protection, BOH shall receive an additional and replacement security interest and lien that is in the same priority as existed on the Petition Date to the extent BOH hold a prepetition valid, binding, enforceable, non-avoidable, and perfected security interest in the prepetition Cash Collateral, (the "Adequate Protection Lien") in the same categories of assets acquired by Debtor post-petition in which BOH had pre-petition security interests and only to the extent any Cash Collateral is diminished post-petition together with any proceeds thereof as set forth in the loan documents. To the extent Debtor's accounts with BOH are renamed as debtor-in-possession accounts, BOH's lien rights hereunder shall extend to and cover such debtor-in-possession accounts. Notwithstanding the foregoing, however, the Adequate Protection Lien shall not extend to or include any Chapter 5 claims or causes of action that Debtor may have against any person or entity. The Adequate Protection Lien granted to BOH herein is in addition to BOH's liens in Collateral that existed prepetition, which are retained by BOH, and not altered, waived, or released by BOH.

2) For the purposes of this Final Order, BOH's liens are treated as if the total value of Debtor's prepetition assets is the equivalent of the balance BOH is owed under the various notes Debtor has executed in BOH's favor, which assumption shall not be an admission of fact

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide OK, Inc.*
Case No. 23-80391
FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION
Page 9

and is not binding on any party-in-interests right to seek to contest the priority, validity amount, value/appraisal amount, and secured status of any prepetition security and liens granted to BOH by Debtor.  It is agreed by the parties to this Order that in the event it is later determined by the Court or by agreement of the parties that Debtor's adequate protection payments made to BOH were made on account of undersecured prepetition indebtedness and as such BOH is not entitled to the protections under 11 U.S.C. § 506(b), then such adequate protection payments made to BOH will be considered the diminution in value of BOH's interest in its prepetition collateral BOH suffered post-petition and retained by BOH as payment of the superpriority claims BOH would maintained pursuant to 11 U.S.C. §§ 503(b) and 507(b) as a result of such diminution.

3)    This Order shall not prohibit any party-in-interest from challenging at a future date the secured status of BOH in any pre-petition collateral.  Additionally, this Final Order is without prejudice to any party-in-interest from seeking a carve-out as part of this final cash collateral order by separate motion at a later date.

4)    To the extent BOH has a claim against Debtor arising from the diminution in value of their Cash Collateral, BOH reserves its rights to assert superpriority claims pursuant to 11 U.S.C. §§ 503(b) and 507(b).

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide OK, Inc.*
Case No. 23-80391
FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION
Page 10

g.    <u>Carve Out</u>.  "Carve Out" means the following amounts:

1)    any statutory fees payable to the UST;

2)    pursuant to Section 726(b) of the Bankruptcy Code, claims allowed by a final order of the Bankruptcy Court under Section 503(b) of the Bankruptcy Code that are incurred after the conversion of the Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code in an amount not to exceed $5,000.00;

3)    the allowed and paid professional fees and disbursements incurred by Debtor in attorney fees in an amount not to exceed $50,000.00 LESS any sums received by Debtor's attorneys as proceeds of any post-petition loan approved by the Court; and

4)    professional fees and disbursements incurred by any non-attorney professionals retained by final order of the Court including any certified public accountants retained by Debtor and appointed by the Court in an amount not to exceed $50,000.00 LESS any sums received by such professionals as proceeds of any post-petition loan approved by the Court; and

5)    fees for Subchapter V trustee in an amount not to exceed $15,000.00.

**The Proposed Use of Cash Collateral is Approved**

**A.    The Use of Cash Collateral is Warranted and is Approved**

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide OK, Inc.*
Case No. 23-80391
FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION
Page 11

16.     As set forth above, cash is necessary for payroll, working capital, capital expenditures, operating costs, and expenses at the outset of, and during, this Chapter 11 case. Debtor does not have available sources of working capital and financing to carry on the operation of its business without the use of Cash Collateral. Debtor's ability to maintain business relationships with its employees, vendors, suppliers, and customers and to meet payroll and other operating expenses is essential to Debtor's continued viability and the value of its business as a going concern. The use of Cash Collateral is therefore critical to the preservation and maintenance of the going concern value of Debtor, as well as the value of the Collateral.

**B.     The Proposed Adequate Protection is Approved**

17.     The Proposed Adequate Protection offered to BOH is appropriate.   BOH is receiving Adequate Protection Liens in the same priority and in the same assets as existed prior to the Petition Date to adequately protect against the diminution of the value of its Collateral, including Cash Collateral if any. It is in the best interest of the estate, creditors, and all parties in interest, that a consensual order is reached rather a litigated resolution with BOH regarding the use of Cash Collateral and that the Proposed Adequate Protection be provided. The Proposed Adequate Protection shall sufficiently protect the interests of BOH in the Cash Collateral.

18.     Debtor is approved to use Cash Collateral in the amounts set forth in the Budget with the variances specified in the Motion, which is ten percent (10%).   Debtor shall not use Cash Collateral for the payment of any prepetition obligations or claims, absent order of this Court after reasonable notice to BOH, the UST, and other parties in interest and an opportunity to be heard.

19.     Any party herein expressly reserves all rights to add to or modify any provision of this Order, upon Court approval.

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide OK, Inc.*
Case No. 23-80391
FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION
Page 12

20.     Finally, the UST fees identified in the Budget are merely a projected amount of fees under 28 U.S.C. § 1930 that would be due based on Debtor's projected disbursements and are not in any way a limitation or cap on the amount of UST fees Debtor will be required to pay.   Any fees required to be paid to the UST will be calculated consistent with applicable law.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED the above constitutes a final order of the Court.

IT IS SO ORDERED.

# # #

SUBMITTED & APPROVED BY:

HINKLE LAW FIRM LLC

 /s/ Nicholas R. Grillot
Nicholas R. Grillot, #22054
1617 N. Waterfront Parkway, Ste. 400
Wichita, Kansas 67206-6639
Phone: (316) 660-6211 / Fax: (316) 660-6523
Email:  ngrillot@hinklaw.com
*Attorneys for Debtor CSR Worldwide OK, Inc.*

APPROVED BY:

HALL ESTILL HARDWICK
GABLE GOLDEN & NELSON PC

/s/ Thomas A. Creekmore III
Thomas A. Creekmore III OBA #2011
521 East 2nd St. Suite 1200
Tulsa, Oklahoma 74103-3706
Phone: (918) 594-0440 / Fax: (918) 594-0505
Email: tcreekmore@hallestill.com
*Attorney for Bank of Hays*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IN RE:<br><br>CSR WORLDWIDE OK, INC.,<br><br>            *Debtor*. | Case No. 23-80391<br>Chapter 11 |

### DEBTOR'S MOTION TO APPROVE AGREEMENT FOR POSTPETITION FINANCING AND TO MODIFY THE AUTOMATIC STAY

CSR Worldwide OK, Inc., the debtor and debtor-in-possession herein ("Debtor"), states as follows with respect to *Debtor's Motion to Approve Agreement for Postpetition Financing and to Modify the Automatic Stay* (this "Motion"):

<u>**Jurisdiction**</u>

1.      Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 6, 2023 (the "Petition Date").

2.      From and after the Petition Date, Debtor has operated its business and managed its affairs as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.      This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and pursuant to the Bankruptcy Code.  This matter constitutes a "core" proceeding, as contemplated by 28 U.S.C. § 157(b)(2)(A), (D), (G), (K) and (O).

4.      The Court may thus enter a final order regarding this Motion, subject to the terms of Rule 4001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

EXHIBIT C

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide Ok, Inc.*
Case No. 23-80391, Chapter 11
DEBTOR'S MOTION TO APPROVE AGREEMENT FOR POSTPETITION FINANCING
AND TO MODIFY THE AUTOMATIC STAY
Page | 2

## Background

5.      Debtor provides recycling services to commercial customers, including resin recycling, tolling, and reprocessing.  Debtor is a Qualified Active Low-Income Business ("QALICB").

6.      While the plant and equipment to perform those recycling services are owned by an associated entity, CSR-OK Real Estate Holding Company, LLC, Debtor is the operating entity for those services.  In other words, Debtor maintains the inventory and materials needed to perform the recycling services, contracts with the customers for those recycling services, and owns all other assets that would generally be considered cash collateral under 11 U.S.C. § 363.

7.      Because of that, on June 8, 2023, Debtor filed the Motion for Entry of Interim Cash Collateral Order, Authorization to Pay Wages and Request for Expedited Hearing ("Cash Collateral Motion").  *See* Dkt. No. 15.

8.      Under the Cash Collateral Motion, Debtor sought to use Bank of Hays' ("BOH") consistent with the budget attached to the Cash Collateral Motion as exhibit D, which included the payment wages for Debtor's employees, and other operational expenses.

9.      BOH objected to the Cash Collateral Motion the next day.  *See* Dkt. No. 20.

10.      BOH and the Debtor reached an agreement for the interim use of cash collateral, which was entered on June 18, 2023 ("1st Interim Order").  *See* Dkt. No. 26.

11.      In connection with agreement reached for the 1st Interim Order, Debtor filed an application to employ David R. Payne ("DRP") of D. R. Payne & Associates, Inc. as Debtor's Chief Restructuring Officer.  *See* Dkt. No. 29.

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide Ok, Inc.*
Case No. 23-80391, Chapter 11
DEBTOR'S MOTION TO APPROVE AGREEMENT FOR POSTPETITION FINANCING
AND TO MODIFY THE AUTOMATIC STAY
Page | 3

12.     The contract proposed by DRP in connection the DRP Employment Application required a $10,000 retainer deposit.  Debtor did not have sufficient cash on hand to pay that retainer deposit and meet its operating expenses. BOH agreed to lend $10,000 to the estate to meet the retainer obligation. DRP has since requested that his retainer deposit be increased to $20,000 ("DRP Retainer").

13.     BOH and Debtor entered into a second interim cash collateral order on July 7, 2023 ("2nd Interim Order").  *See* Dkt. No. 39.

14.     On July 14, 2023, Debtor's initial counsel, Ron Brown, filed a motion to withdraw. *See* Dkt. No. 50.

15.     Debtor filed an application to employ replacement counsel, Nicholas R. Grillot and the Hinkle Law Firm, LLC ("HLF"), on July 21, 2023.  *See* Dkt. No. 65.  In connection with employment, HLF requested Debtor provide a retainer of $35,000.00 ("HLF Retainer").

16.     Debtor and BOH extended the terms of the 2nd Interim Order by agreement on July 21, 2023 and the Court set a hearing for entry of a final cash collateral order for August 1, 2023. *See* the Courtroom Minute Sheet dated July 21, 2023, Dkt. No. 66.

17.     Before the August-1 hearing, a tentative agreement was reached between Debtor and BOH regarding Debtor's continued use of cash collateral.

18.     In connection with that agreement, BOH agreed to lend to the Debtor's Estate a total of $55,000 in post-petition financing, subject to the terms and conditions set forth below, to enable Debtor to meet its ongoing operational obligations ("BOH DIP Loan").

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide Ok, Inc.*
Case No. 23-80391, Chapter 11
DEBTOR'S MOTION TO APPROVE AGREEMENT FOR POSTPETITION FINANCING
AND TO MODIFY THE AUTOMATIC STAY
Page | 4

19.    Additionally, CSR Worldwide NE, Inc. ("CSR-NE") is willing to provide Debtor

the additional post-petition financing to cover any operational shortfalls not covered by BOH DIP

Loan, subject to the terms and conditions set forth below.

## Requested Relief

20.    By this Motion, Debtor requests (a) authority to obtain postpetition financing (the

"Facility") from  BOH  and CSR-NE on substantially the terms as are set forth in the proposed

form of *Final Order Approving Agreement for Postpetition Financing, and Modifying the*

*Automatic Stay* (the "Order") attached hereto as **Exhibit 1**; (b) authority to use the proceeds of the

Facility to pay the DRP Retainer and the HLF Retainer; (c) authority to use the proceeds of the

Facility to pay insurance premiums and other operational costs incurred by the Debtor; (d) as

security for the payment of the borrowings under the Facility and all other obligations of the Debtor

arising under the Order (the "Obligations"), (i) authority to grant BOH pursuant to § 364(c)(2) and

(3) of the Bankruptcy Code automatically perfected security interests in and liens against all of the

Collateral (as defined in paragraph 5 of the Order) and (ii) authority to grant superpriority

administrative claim status to BOH and CSR-NE, as security for the Obligations, pursuant to §

364(c)(1) of the Bankruptcy Code; and (e) pursuant to § 362(d) of the Bankruptcy Code, authority

to modify the automatic stay in certain respects in connection with the Facility as more particularly

set forth in the Order; all as more fully described below and in the Order.

## The Need for Postpetition Financing

21.    The Estate has an immediate cash need for the purpose of providing DRP with the

DRP Retainer, to provide HLF with the HLF Retainer, and to pay ongoing operational deficits as

set forth in the cash-collateral budget attached as Exhibit 2 ("Budget").

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide Ok, Inc.*
Case No. 23-80391, Chapter 11
DEBTOR'S MOTION TO APPROVE AGREEMENT FOR POSTPETITION FINANCING
AND TO MODIFY THE AUTOMATIC STAY
Page | 5

22.    Lender claims to hold a valid, binding, and first-priority leasehold mortgage[1] and security interest[2] in all of Debtor's real and personal property rights ("Lender's Prepetition Collateral") securing Debtor's obligations to BOH, which obligations include unpaid principal indebtedness of $5,288,688.92, unpaid interest accrued through May 11, 2023 in the amount of $372,256.74, together with all other amounts claimed to be due from debtor as set forth in the Petition ("Lender's Prepetition Claim").[3]

23.    Debtor is presently unable to obtain unsecured credit (allowable under § 503(b)(1) of the Bankruptcy Code as an administrative expense) pursuant to §§ 364(a) and (b) of the Bankruptcy Code in an amount necessary to provide the DRP Retainer, the HLF Retainer, or to cover the operational deficiency set out in the Budget. Debtor has determined that financing is not available on terms and conditions more favorable to Debtor's Estate than those offered by BOH and CSR-NE under the Facility.

### The Proposed Facility

24.    It is in the best interest of Debtor's Estate (a) to authorize Debtor to borrow funds from BOH and CSR-NE, subject to the terms of the Order, to provide the DRP Retainer and the HLF Retainer; (b) to pay other line items referenced in the Budget attached as Exhibit 2; and (c) to secure repayment of the Obligations by (i) granting to BOH automatically perfected first-priority liens and security interests on and against all Unencumbered Assets (as defined in paragraph 5 of

---

[1] *See Leasehold Mortgage* attached as **EXHIBIT 3** hereto and ¶ 16(F) of the petition (together with Exhibits A-G thereto) (the "Petition") filed in Adair County District Court case no. CJ-2023-36 (the "Foreclosure Action") attached as **EXHIBIT 4** hereto.
[2] *See* Petition, ¶¶ 16(A)-(E) and Exhibits C-G thereto and UCC Financing Statement attached as **EXHIBIT 5** hereto.
[3] *See Declaration of Brandon Prough in Support of Plaintiffs' Motion to Appoint Receiver* filed in the Foreclosure Action and attached as **EXHIBIT 6** hereto. *See also* ¶¶ 14-15 of the Petition, and Exhibits A and B thereto.

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide Ok, Inc.*
Case No. 23-80391, Chapter 11
DEBTOR'S MOTION TO APPROVE AGREEMENT FOR POSTPETITION FINANCING
AND TO MODIFY THE AUTOMATIC STAY
Page | 6

the Order) pursuant to Bankruptcy Code § 364(c)(2), (ii) granting to BOH automatically perfected junior-priority liens and security interests on and against any Encumbered Assets (as defined in paragraph 5 of the Order) pursuant to Bankruptcy Code § 364(c)(3), and (iii) granting to BOH and CSR-NE an administrative priority over all administrative expenses of the kind specified in Bankruptcy Code §§ 503(b) and 507(b), pursuant to Bankruptcy Code § 364(c)(1), all as more fully set forth in the Order.

25.     The Facility shall consist of advances totaling approximately $203,921 to Debtor, with $55,000 of that amount coming from BOH and remainder coming from CSR-NE. The BOH DIP Loan shall bear interest at the rate of 9.5% per annum from the date of advance until such advance, together with all accrued but unpaid interest thereon, is repaid in full. CSR-NE DIP Loan shall bear interest at the rate of 5.0% per annum from the date of each advance is made, together with all accrued but unpaid interest thereon, is repaid in full. Neither BOH nor CSR-NE will charge a fee related to the Facility. Subject to the terms of the Order, Debtor may pre-pay the Facility in whole or in part at any time without penalty or premium.

26.     The Facility will be used to pay the DRP Retainer, the HLF Retainer, and any remaining shortfall under the Budget. After the payment of the DRP Retainer and the HLF Retainer, the remaining advances under the Facility will be split between BOH and CSR-NE based on the percentage of BOH's remaining obligation to fund the Facility. Under the Facility, BOH will have an obligation to fund an additional $35,000 after the payment of the DRP Retainer; with any remaining shortfall being covered by CSR-NE. For each advance requested by the Debtor under the Facility, BOH may, but will not be required to, fund its ratable portion of any advance sought by the Debtor until the Debtor has received from CSR-NE the latter's ratable portion of the

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide Ok, Inc.*
Case No. 23-80391, Chapter 11
DEBTOR'S MOTION TO APPROVE AGREEMENT FOR POSTPETITION FINANCING
AND TO MODIFY THE AUTOMATIC STAY
Page | 7

requested advance. Debtor is expressly prohibited from spending any advance it receives under the Facility unless and until both CSR-NE and BOH have funded each's ratable portion of any advance sought by the Debtor. CSR-NE is required to fund its ratable share of each requested advance by 5:00 p.m. prevailing Central Time the business day following the receipt of a written request from the Debtor or Debtor's counsel for an advance under the Facility. BOH is required to fund its ratable share of each requested advance by 5:00 p.m. prevailing Central Time the business day following the receipt of written confirmation from DRP that the Debtor has received CSR-NE's ratable share of each respective advance request. If the Debtor has not received timely advances from both BOH and CSR-NE as set forth above, the party who advanced the funds under the Facility is authorized to reverse any such advance without further written consent from the Debtor.

27.    The Facility shall become due and payable on the earliest to occur of (a) confirmation of a plan under chapter 11 of the Bankruptcy Code; or (c) the dismissal of this case or the conversion of this case to a case under chapter 7 of the Bankruptcy Code.

### The Requested Relief Should Be Granted

28.    The terms and conditions set forth herein and in the Order have been negotiated by Debtor, BOH, and CSR-NE at arms-length, are for reasonably equivalent value, are fair and reasonable under the circumstances and enforceable pursuant to their terms. The credit represented by the Facility has been extended by BOH and CSR-NE in good faith, as contemplated by § 364(e) of the Bankruptcy Code, and BOH and CSR-NE are entitled to the protections of a good faith lender under §§ 364(c)(1), (c)(2) and (c)(3), and 364(e) of the Bankruptcy Code.

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide Ok, Inc.*
Case No. 23-80391, Chapter 11
DEBTOR'S MOTION TO APPROVE AGREEMENT FOR POSTPETITION FINANCING
AND TO MODIFY THE AUTOMATIC STAY
Page | 8

29.     The terms and provisions respecting Debtor's postpetition borrowings from BOH and CSR-NE, and the security to be provided therefor, as set forth herein and in the Order, are fair, reasonable and the best available to Debtor under the existing circumstances.

30.     BOH and CSR-NE have agreed to make the Facility available to Debtor only upon the terms and conditions of the Order, and not otherwise.

31.     As a condition to making the Facility available, BOH has required that interested parties (including the Debtor) investigate and commence any action to (a) object to or dispute the amount of or enforceability of Lender's Prepetition Claim; (b) avoid or subordinate Lender's mortgage liens and security interests in Lender's Prepetition Collateral securing the Prepetition Claim; or (c) assert any claim, right, cause of action, remedy or other basis for relief against Lender, based on (i) its prepetition relationships with the Debtor and its affiliates and insiders, or (ii) its postpetition relationships with the Debtor or its estate through the date of filing of this Motion, within 90 days after service of the Order on interested parties, all as more fully set forth in the Order.  The Debtor has negotiated the terms of such requirement, and believes them to be fair and reasonable.  The Debtor intends to fully and timely investigate the foregoing matters on behalf of its estate.

32.     The terms of the Order are incorporated into this Motion for all purposes.

WHEREFORE, the Debtor moves the Court to enter its Order granting the relief requested herein, and for such related relief as may be appropriate under the circumstances.

In the United States Bankruptcy Court for the Eastern District of Oklahoma
*In re CSR Worldwide Ok, Inc.*
Case No. 23-80391, Chapter 11
DEBTOR'S MOTION TO APPROVE AGREEMENT FOR POSTPETITION FINANCING
AND TO MODIFY THE AUTOMATIC STAY
Page | 9

RESPECTFULLY SUBMITTED

CROWE & DUNLEVY

/s/ Alex Sokolosky
Mark A. Craige, OBA #1992
Alex Sokolosky, OBA #33614
222 North Detriot Ave, Suite 600
Tulsa, Oklahoma 74120
(918) 592-9878
mark.craige@crowedunlevy.com
alex.sokolosky@crowedunlevy.com

AND

HINKLE LAW FIRM LLC

/s/ Nicholas R. Grillot
Nicholas R. Grillot, KS Bar #22054
1617 N. Waterfront Parkway, Ste. 400
Wichita, Kansas 67206-6639
Phone: (316) 660-6211 / Fax: (316) 660-6523
Email: ngrillot@hinklaw.com

*Attorneys for CSR Worldwide OK, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 16, 2023, a true and correct copy of the above and foregoing DEBTOR'S MOTION TO APPROVE AGREEMENT FOR POSTPETITION FINANCING AND TO MODIFY THE AUTOMATIC STAY was filed with the court using the CM/ECF system, which sent a notification to all parties in interest participating in the CM/ECF system.

/s/ Tammy J. Hohstadt
Tammy J. Hohstadt, Certified PLS
Paralegal to Nicholas R. Grillot

**Dated: August 21, 2023**

 **The following is ORDERED:**



PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>CSR WORLDWIDE OK, INC.,<br><br>_Debtor_. | Case No. 23-80391<br>Chapter 11 |

### FINAL ORDER APPROVING AGREEMENT
### FOR POST PETITION FINANCING
### AND MODIFYING THE AUTOMATIC STAY

 *Debtor's Motion to Approve Agreement for Postpetition Financing, to Modify the*

*Automatic Stay,)* (the "Motion") was filed by CSR Worldwide OK, Inc., the debtor and debtor-in-

possession herein (the "Debtor") on August 16, 2023 at docket no. 127. Pursuant to this Court's

Local Rules, contemporaneously with the filing of the Motion the Debtor filed its *Application for*

*Expedited Hearing and to Shorten Objection Time on Debtor's Motion to Approve Agreement for*

*Postpetition Financing,* which the Court granted on August 17, 2023 by entry of the *Order and*

*Notice of Telephonic Hearing and Shortened Objection Time* at docket no. 129 (the "Hearing

EXHIBIT D

Order"). The Debtor has served the Motion and the Hearing Order on all parties in interest in accordance with the Federal Rules of Bankruptcy Procedure and with this Court's Local Rules.

Pursuant to the Motion, the Debtor requests: (i) authority to obtain postpetition secured financing (the "Facility") from Bank of Hays ("BOH") and CRS Worldwide NE, Inc. ("CRS-NE") on the terms set forth in this Order; (ii) authority to use the proceeds of the Facility for the purposes set forth in this Order; (iii) authority to (A) grant BOH, pursuant to §364(c) of the Bankruptcy Code, as security for the payment of the borrowings under the Facility (the "Obligations"), automatically perfected security interests in and liens against all of the Debtor's estate's (the "Estate") property, real, personal, or otherwise, whether now existing, hereafter acquired or hereafter created, and wherever located up to the extent of BOH's contributions to the Facility and (B) grant superpriority administrative claim status to BOH and CRS-NE as security for payment of the Obligations pursuant to §364(c)(1) of the Bankruptcy Code; and (iv) authority to modify the automatic stay in certain respects as more particularly set forth below; all subject to the conditions described herein.  Being fully advised,

**THE COURT FINDS AS FOLLOWS**:

1.      The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 6, 2023 (the "Petition Date").  The Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and pursuant to the Bankruptcy Code.  This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (D), (G), (K) and (O). This matter is properly before the Court which may enter a final order on the Motion pursuant to applicable law. The Court enters this Order (hereafter, "this Order," or "this Final Order") regarding the Motion in accordance with Bankruptcy Rule 4001. Capitalized terms used herein and not otherwise defined have the meanings ascribed to them in the Motion.

2.     The Debtor has an immediate need to borrow funds for the purpose of paying the retainer to David R. Payne ("DRP") of D. R. Payne & Associates, Inc. in accordance with the Contract attached as Exhibit "A" to the Employment Application plus an additional $10,000 as described in paragraph 12 of the Motion ("DRP Retainer"), to pay the retainer requested by Nicholas R. Grillot and the Hinkle Law Firm, LLC ("HLF") in according with HLF's application to employ ("HLF Retainer"), and to pay other regular and ongoing operational expenses in excess of revenue projected in the Budget (including, without limitation, existing and to-be-acquired insurance policy premiums) of $123,921 (the "Projected Operating Revenue Shortfall"). The Estate does not have sufficient cash to pay the DRP Retainer, the HLF Retainer, or the Projected Operating Revenue Shortfall.

3.     As of the Petition Date, the Debtor had incurred indebtedness or was otherwise obligated to BOH in the amount of $5,288,688.92, unpaid interest accrued through May 11, 2023 in the amount of $372,256.74, together with all other amounts claimed to be due from debtor as set forth in BOH's Petition filed in Adair County District Court case no. CJ-2023-36 ("Pre-Petition Indebtedness"). BOH claims to hold a valid, binding, and first-priority leasehold mortgage and first-priority security interest in all of the debtor's real and personal property rights ("Pre-Petition Collateral") securing the Pre-Petition Indebtedness. The Debtor is presently unaware of any defense to the validity, priority, or extent of Lender's claimed first-priority leasehold mortgage and first-priority security interest in and to the Pre-Petition Collateral.  The preceding sentence, however, does not and shall not limit or impair the Debtor's or any other interested party's rights to investigate such matters, and, if appropriate, to assert defenses to the Pre-Petition Indebtedness, the validity, priority or extent of Lender's claims to the Pre-Petition Collateral, or to seek affirmative relief against Lender prior to expiration of the Filing Period (as defined hereafter).

4.      The Debtor is presently unable to obtain unsecured credit (allowable under §503(b)(1) of the Bankruptcy Code as an administrative expense) pursuant to §§364(a) and (b) of the Bankruptcy Code, in an amount necessary for the maintenance and preservation of the Debtor's estate.  Cash on hand is insufficient to allow the Debtor to pay the retainers requested by the Estate professionals and ongoing operational expenses.

5.      It is in the best interests of the Estate to authorize the Debtor to borrow funds from BOH and CSR-NE, subject to the terms of this Final Order, and to provide collateral security to BOH and to provide both BOH and CSR-NE other rights for repayment of the Obligations. Accordingly, Obligations comprised of advances under the BOH Commitment (defined in paragraph 6) shall be (a) pursuant to Bankruptcy Code §364(c)(2), secured by a first lien on all property of the Estate which, as of the Petition Date, was not subject to valid, properly perfected and non-avoidable liens or security interests (excluding only avoidance actions arising under Chapter 5 of the Bankruptcy Code ("Avoidance Actions")) (collectively, "Unencumbered Assets"); and (b) pursuant to Bankruptcy Code §364(c)(3), secured by a lien against all property of the Estate that was encumbered as of the Petition Date by a valid, properly perfected, non-avoidable lien or security interest (collectively, "Encumbered Assets"), which lien in favor of BOH shall be junior in priority only to those liens and security interests, which, as of the Petition Date, were valid, properly perfected and non-avoidable. Pursuant to Bankruptcy Code §364(c)(1), BOH and CSR-NE are granted an administrative priority over any or all administrative expenses of the kind specified in Bankruptcy Code §§503(b) and 507(b) with respect to their respective advances under the BOH Commitment and the CSR-NE Commitment (defined in paragraph 6). Without limiting the generality of the foregoing, to secure the Obligations, (but not as security for the Pre-Petition Indebtedness), BOH shall have a lien against and a security interest in all property of the

Estate (as described in §541(a) of the Bankruptcy Code), real, personal and mixed (excluding only Avoidance Actions) including all money, cash or cash equivalents (including, without limitation, all deposit accounts and certificates of deposit (as such terms are defined or described by the Oklahoma Uniform Commercial Code ["UCC"]), all accounts, chattel paper, documents, goods, instruments, mortgages, security agreements, equipment, fixtures, general intangibles, inventory, investment property, financial assets, rights under letters of credit, proceeds of letters of credit, and notes (as such terms are defined or described by the UCC), all leases of real or personal property, and all proceeds and products thereof (including proceeds, as such term is defined by the UCC) (collectively, "Collateral") to secure repayment of advances made by BOH under the BOH Commitment.

6.      The Facility shall consist of cash advances (a) from BOH to or for the benefit of Debtor of up to $55,000 (the "BOH Commitment"), and (b) from CSR-NE to or for the benefit of Debtor of up to $148,921[1] (the "CSR-NE Commitment"). The Debtor may pre-pay the Facility in whole or in part at any time without penalty or premium; provided, each prepayment must be applied solely to then-outstanding Obligations advanced under the BOH Commitment until all such advances under the BOH Commitment have been fully repaid, with interest.

7.      Each advance made under the BOH Commitment shall bear interest at the rate of 9.5% per annum from the date of advance until such advance is repaid in full. BOH will charge no fee related to the BOH Commitment. BOH shall have no obligation to fund in excess of $55,000 under the Facility. BOH will immediately advance $20,000 of the BOH Commitment directly to DRP to fund the DRP Retainer for Debtor's benefit.

---

[1] This sum represents $25,000 in excess of the Projected Operating Revenue Shortfall ($123,921) *minus* $35,000 (the BOH Commitment amount remaining after advancing the $20,000 DPR Retainer) *plus* $35,000 (the amount of the HLF Retainer).

8.    Each advance made under the CSR-NE Commitment shall bear interest at a rate of 5.0% per annum from the date of advance until such advance is repaid in full. CSR-NE will charge no fee related to the CSR-NE Commitment. CSR-NE will immediately advance $35,000 of the CSR-NE Commitment directly to HLF to fund the HLF Retainer for Debtor's benefit.

9.    Excluding the DPR Retainer and HLF Retainer, the Debtor shall make a joint written request to BOH and CSR-NE for each advance Debtor seeks under the Facility. Each such advance request must be accompanied by reasonable documentation supporting the need for such advance. Each advance under the Facility shall be funded 30% by BOH and 70% by CSR-NE until such time as the BOH Commitment has been fully funded. Excluding the DPR Retainer and the HLF Retainer and for each advance requested by the Debtor, BOH may, but shall not be required to fund its 30% share of a requested advance until such time as the Debtor shall have received CSR-NE's 70% share of that requested advance. The Debtor is expressly prohibited from spending any advance it receives under the Facility unless and until both CSR-NE and BOH have funded each's ratable portion of any advance sought by the Debtor.  CSR-NE is required to fund its ratable share of each requested advance by 5:00 p.m. prevailing Central Time the business day following the receipt of a written request from the Debtor or Debtor's counsel for an advance under the Facility.  BOH is required to fund its ratable share of each requested advance by 5:00 p.m. prevailing Central Time the business day following the receipt of written confirmation from DRP that the Debtor has received CSR-NE's ratable share of each respective advance request. If the Debtor has not received timely advances from both BOH and CSR-NE as set forth above, the party who advanced the funds under the Facility is authorized to reverse any such advance without further written consent from the Debtor.

10.    After BOH has fully funded the BOH Commitment, CSR-NE shall fund all further Debtor requests to meet operating shortfalls up to the remaining $25,000 of the CSR-NE Commitment. To the extent the Debtor requires additional funding to meet operating expenses, CSR-NE may, but shall not be required to, advance additional sums to the Debtor and all such additional advances shall be deemed made under the Facility.

11.    Notice of the Motion and entry of this Order was proper and sufficient under the facts and circumstances of this case.  This Order is final and appealable, and any subsequent order modifying this Order shall constitute a separate order of this Court.

12.    The authorizations contained in this Order have been negotiated by the Debtor, BOH, and CSR-NE at arms-length, are for reasonably equivalent value, are fair and reasonable under the circumstances, and are enforceable pursuant to their terms.  The credit represented by the Facility has been extended by BOH and CSR-NE in good faith, as contemplated by §364(e) of the Bankruptcy Code and BOH and CSR-NE are entitled to the protections of a good faith lender under §§ 364(c)(1), (c)(2) and (c)(3), and 364(e) of the Bankruptcy Code.

13.    The terms and provisions respecting the Estate's postpetition borrowings from BOH and CSR-NE, are fair, reasonable and the best available to the Estate under the existing circumstances.

14.    BOH and CSR-NE have agreed to make the Facility available to the Estate only upon the terms and conditions of this Order, and not otherwise.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court:

I.    The Motion is granted.  Subject to the terms and conditions set forth herein,[2] the Debtor is hereby authorized to immediately borrow $203,921 under the Facility, which will be

---

[2] The Court's Findings of Fact 1-13 are fully incorporated into this paragraph I.

funded on regular and ongoing basis as requested by Debtor and consistent with the Budget attached to the Motion. BOH's portion of the Facility shall bear interest at the rate of 9.5% per annum from the date of advance until such advance, together with all accrued but unpaid interest thereon, is repaid in full. CSR-NE's portion of the Facility shall bear interest at the rate of 5.0% per annum from the date of advance until such advance, together with all accrued but unpaid interest thereon, is repaid in full. Neither BOH nor CSR-NE will charge a fee related to the Facility. The Debtor may pre-pay the Facility in whole or in part at any time without penalty or premium. The Facility shall become due and payable on the earliest to occur of (a) confirmation of a plan under chapter 11 of the Bankruptcy Code; (b) the dismissal of this case or the conversion of this case to a case under chapter 7 of the Bankruptcy Code; (c) the initiation of any adversary proceeding or contested matter seeking relief against Lender of any of the types described in paragraph IV of this Order; (d) the occurrence of an event of default under this Order; or (e) the resignation or termination of DRP as the Debtor's Chief Restructuring Officer (such earliest date being referred to herein as the "Maturity Date"). This Order is fully effective upon its entry.

II.     Any funds advanced to the Debtor prior to the entry of this Order are not part of the Facility and are not subject to this Order or any protections provided herein. However, the exclusion of any such funds from this Order is without prejudice to the Debtor seeking Court approval and protections for such funds subsequent to the entry of this Order.

III.    The Debtor is authorized and directed to use proceeds of the Facility only for the purpose of paying the DRP Retainer, the HLF Retainer, and Projected Operating Revenue Shortfalls.

IV.     As security for repayment of the BOH Commitment, BOH shall have, and hereby is granted, an automatically perfected lien and security interest in all of the Collateral. Such lien

and security interest shall be a first and prior lien against and security interest in the Unencumbered Assets prior and superior to any other security interest, claim or lien of any kind; and a prior lien against and security interest in the Encumbered Assets, junior only to valid, properly perfected, non-avoidable liens or security interests against the Encumbered Assets held by a party as of the Petition Date. To the extent any lien, security interest or encumbrance securing or purporting to secure a claim against the Debtor or its estate existing as of the Petition Date is avoided, pursuant to an Avoidance Action or otherwise ("Avoided Lien"), all assets encumbered by the Avoided Lien shall be and become subject to the liens and security interests granted to Lender hereunder as security for the Obligations, effective upon avoidance of the Avoided Lien, and without further order of this Court. The liens and security interests granted to BOH hereunder are continuing and replacement liens, covering all proceeds, products, and replacements of all Collateral. Notwithstanding anything contained in this Order, the Estate shall not encumber, pledge, or otherwise grant any lien or security interest in or to Collateral to any person or entity other than BOH without BOH's consent until the Obligations representing advances under the BOH Commitment have been fully paid. The preceding sentence is a material inducement to BOH to fund the Facility. Any attempt to encumber, pledge, or otherwise grant any lien or security interest in or to Collateral to any person or entity other than BOH without BOH's prior written consent shall be an event of default under this Order and under the Facility.

V.    Any party (including the Debtor) seeking to (a) object to or dispute the amount of or enforceability of BOH's Prepetition Claim; (b) avoid or subordinate BOH's mortgage and security interests in BOH's Prepetition Collateral securing the Prepetition Claim; or (c) assert any claim, right, cause of action, remedy or other basis for relief against BOH, based on (i) BOH's prepetition relationships with the Debtor and its affiliates and insiders, or (ii) BOH's postpetition

relationships with the Debtor or its estate through the date of filing of the Motion (each, a "Challenge"); must file and serve an appropriate motion or complaint in this case or in this Court within the period expiring ninety (90) days after service of this Order on parties in interest (the "Filing Period"), except that in the event that a chapter 7 trustee is appointed in this case within the Filing Period, the chapter 7 trustee shall have the longer of (1) the time remaining in the Filing Period or (2) 30 days after appointment as chapter 7 trustee to commence a Challenge.  The assertion of a Challenge shall be an event of default under this Order and under the Facility. Absent the filing and service of a motion or complaint, as applicable, prior to expiration of the Filing Period asserting a Challenge as described in clauses (a) through  (c) of this Paragraph IV: (1) the Pre-Petition Indebtedness shall unconditionally and irrevocably be deemed the valid, allowed claim of Lender, no longer subject to objection, dispute, setoff, recoupment, challenge or reconsideration of any kind or nature, including without limitation a reconsideration contemplated by Bankruptcy Code § 502(j); (2) BOH shall unconditionally and irrevocably be deemed to  hold a valid, perfected, unavoidable, first-priority mortgage lien against and security interest in the Pre-Petition Collateral; and (3) the Debtor, the Debtor as debtor in possession (and any successor Debtor or other estate representative appointed pursuant to Chapter 11 or Chapter 7 of the Bankruptcy Code) (collectively, "Estate Representatives"), the Estate and all other Claimants (as defined hereafter) shall have waived the right to, and shall be estopped from thereafter seeking to, (4) Challenge in any manner the validity or amount of BOH's claim represented by the Pre-Petition Indebtedness, or to otherwise impair, reclassify, recharacterize, disallow or avoid Lender's claim represented by the Pre-Petition Indebtedness in any manner whatsoever; and (5) Challenge the validity, priority, or extent of BOH's first-priority mortgage lien against and security interest in the Pre-Petition Collateral.

VI.     As used herein, "Claims" is defined as relief sought against BOH under Title 11 of the United States Code (the "Bankruptcy Code"), or under any Uniform Fraudulent Transfers Act, any Uniform Fraudulent Conveyances Act, any state or federal law relating to debtor-creditor relationships, or any other federal, state, common law, or other statute, rule, regulation, order, ordinance or similar matter allegedly creating any right, remedy, claim, cause of action or similar matter against BOH arising from or related in any way to BOH's acts, omissions or failures to act, or its relationships with the Debtor, its insiders and affiliates (as insiders and affiliates are defined by or described in the Bankruptcy Code) or the Estate on or prior to the date of filing of the Motion, specifically including, without limitation, any right, remedy, claim, or cause of action seeking to (A) equitably subordinate BOH's claim represented by the Pre-Petition Indebtedness, (B) recharacterize the claim represented by the Pre-Petition Indebtedness as an equity interest or otherwise, (C) substantively consolidate BOH with the Debtor or any other person or entity, or *vice versa*, (D) declare BOH to be the alter ego of the Debtor or any other person or entity, or *vice versa*, or (E) to impose a constructive trust on any asset of BOH acquired from the Debtor prior to or after the Petition Date, or any asset of the Debtor against which BOH claims a lien, security interest or other encumbrance (whether granted under this Order or otherwise).  The assertion of one or more Claims shall be an event of default under this Order and under the Facility. Any Claimant (hereafter defined) must commence a contested matter or an adversary proceeding asserting Claims in this Case pursuant to Bankruptcy Rule 9014 or 7001, as applicable, or initiate such state or federal district court litigation as may be appropriate and serve BOH with appropriate summons or other process and copies of pleadings prior to the expiration of the Filing Period.  By failing to file and serve an appropriate motion, complaint or petition in accordance with the preceding sentence prior to expiration of the Filing Period, all Claimants shall have waived and

released all Claims, and shall be estopped from thereafter pursuing such Claims in any forum or jurisdiction whatsoever, including as a setoff or recoupment of Lender's claim represented by the Pre-Petition Indebtedness.  As used in this Order, "*Claimant*" means the **Debtor and all Estate Representatives**, any official or unofficial committees appointed or formed pursuant to the Bankruptcy Code, and all creditors or other parties in interest who now have or hereafter claim the right to assert a Claim, whether directly, derivatively on behalf of the Estate, or otherwise.

VII.    The Debtor shall promptly provide to BOH and its counsel copies of all pleadings which the Debtor files in this case, copies of all reports to the Office of the United States Trustee and notice pursuant to the Local Rules of the Court of any and all hearings before this Court, or before any other court asserting jurisdiction over the Estate.

VIII.    Upon termination of the Facility (however occasioned) (i) the liens, security interests, and other rights granted to BOH hereunder shall survive such termination; and (ii) BOH shall have no further obligation to fund under the Facility. **Notwithstanding anything to the contrary herein, BOH and CSR-NE may, in their respective sole discretion, elect not to fund the BOH Commitment or the CSR-NE Commitment, respectively, in the event any party files a notice of appeal of this Order, or otherwise seeks relief from this Order of any type or nature**.

IX.    The Debtor and the Estate are expressly authorized and directed to perform pursuant to the terms of this Order, and to execute and perform under such other documents as are necessary or desirable to implement the Facility.

X.    The Motion is hereby granted.  This Order shall be binding on and enforceable against the Debtor, the Estate and all Estate Representatives and their respective successors.

XI.     The Debtor is hereby authorized and directed to grant to BOH, pursuant to §364(c)(2) and (c)(3) of the Bankruptcy Code, valid, perfected and enforceable security interests in and liens upon the Collateral, as described herein, to secure Obligations advanced under the BOH Commitment, and such security interests and liens shall be deemed to have been granted upon entry of this Order..

XII.     The security interests and liens granted to BOH hereunder shall at all times be senior to the rights of any Estate Representative, to any rights of CSR-NE, or in any subsequent case or proceeding under the Bankruptcy Code.  Any security interest in or lien upon assets of the Estate (including Collateral) which is avoided, or which is otherwise preserved for the benefit of the Debtor's Estate under Section 551 or any other provision of the Bankruptcy Code, shall be subordinate to the security interests in and liens upon such assets granted to BOH hereunder. In addition, except to the extent otherwise expressly set forth in this Order or in a written instrument, agreement or other document executed by a duly authorized representative of BOH, no security interest or lien granted hereunder to BOH to secure the Obligations shall be subject to subordination to any other security interests, liens or claims, under § 510 of the Bankruptcy Code or otherwise.

XIII.     Unless otherwise provided for in this Paragraph, the Obligations shall have the highest administrative priority under §§364(c)(1) and 507(b) of the Bankruptcy Code, which priority shall have priority over all other costs and expenses of the kinds specified in, or ordered pursuant to, §§105, 326, 330, 331, 503(b), 506(c), 507(a), 507(b), and 726 of the Bankruptcy Code, or any other provision of the Bankruptcy Code, and shall at all times be senior to the rights of the Debtor and all Estate Representatives in this Case or any subsequent case or proceeding under the Bankruptcy Code, except for the aggregate amount not to exceed $5,000 (the "Carve Out

Amount") of Cash Collateral[3] that may be used to pay expenses and claims pursuant to 11 U.S.C. § 507(a)(1)(C) of a chapter 7 trustee and professional fees and expenses awarded pursuant to 11 U.S.C. §§330 or 331 to professionals retained by a chapter 7 trustee.. Notwithstanding the preceding sentence, no portion of the Carve Out Amount may be used to compensate or reimburse a chapter 7 trustee or the trustee's professionals for investigating, initiating, or prosecuting a Challenge against BOH or for investigating, initiating, or prosecuting any Claims against BOH. As a material inducement to BOH to participate in the Facility, CSR-NE expressly assigns to BOH all of CSR-NE's right to receive payments from the Estate on account of the administrative priority granted to CSR-NE in this paragraph until such time as all advances made by BOH under the Facility have been fully paid, with interest.  This assignment does not affect CSR-NE's right to receive payment once BOH's Commitment under the Facility is paid.

XIV.    The security interests and liens granted to BOH pursuant to this Order shall be, and are hereby, automatically perfected by operation of law upon execution of this Order by the Court. BOH shall not be required to file or record any financing statements, mortgages or other documents in any jurisdiction or to take any other action in order to validate, attach or perfect the security interests and liens granted hereunder.  This Order shall be deemed sufficient and conclusive evidence of the security interests and liens granted hereunder.  If BOH, in its sole discretion, chooses to file financing statements or record mortgages or other documents, or otherwise confirm perfection of such security interests and liens, BOH is hereby authorized to effect such filings, recordations and confirmations, and all such financing statements, mortgages, or similar documents shall be deemed to have been filed, recorded or made on the date hereof.  In addition,

---

[3] As "Cash Collateral" is defined in this Court's *Final Order Authorizing Debtor CSR Worldwide OK, Inc.'s Use of Cash Collateral and Granting Adequate Protection* [Docket no. 130 at ¶ 13].

BOH may require the Debtor to deliver, or cause to be delivered, to BOH any documents or instruments to evidence the liens and security interests granted hereunder, and the Debtor is authorized and directed to cooperate and comply therewith.

XV.    As long as there remain any Obligations outstanding, neither the Debtor nor any Estate Representative shall seek (including through a Chapter 11 plan), without BOH's prior written consent (in its sole discretion), under §§363, 364, 1129 or other sections of the Bankruptcy Code, or otherwise:  (a) superpriority administrative claim status senior or equal to that granted hereunder to BOH; (b) postpetition security interests in or liens upon any property of the Estate, whether now existing or hereafter acquired, which are equal to or prior to the security interests and liens granted hereunder to BOH; (c) permission for the Estate to use or sell Collateral; (d) to modify or amend this Order or the rights granted to BOH herein, or (e) to subordinate the liens and security interests granted to BOH herein. Any action taken contrary to the foregoing shall be an event of default under this Order and under the Facility.

XVI.    The automatic stay of §362 of the Bankruptcy Code is hereby modified and vacated to the extent necessary to permit BOH and CSR-NE to perform in accordance with, and exercise its rights and remedies pursuant to, this Order without further application or motion to, or order from, this Court. Without limiting the generality of the preceding sentence, BOH is hereby granted leave, *inter alia*, to (A) request and receive from the Debtor and file or record any financing statements, mortgages or other documents to evidence the security interests and liens granted hereunder; (B) charge and collect any interest, fees and other expenses accruing under the Facility and this Order; (C) upon the occurrence of an event of default hereunder, and without application or motion to, or order from, this Court or any other court, (1) declare all Obligations, including, without limitation, principal of, and accrued interest on, the Obligations to be immediately due and

payable, (2) revoke the Estate's right to use any Estate asset in which BOH has an interest (including, without limitation, money, cash and cash equivalents), (3) take any steps that BOH considers necessary to preserve and protect the value of the Collateral; and (4) upon 7 days' prior written notice to the Debtor and all other parties in interest, exercise any and all other rights and remedies provided for under this Order, the UCC, or other applicable law, including, without limitation, the right to sell or otherwise dispose of assets in a commercially reasonable manner and exercise any and all other rights and remedies allowed under applicable law. BOH agrees to file the written notice required by Paragraph XVI(C)(4) with the Court and 7-day notice period does not begin to run unless and until such written notice is filed with the Court. All issues of state law with respect to the Facility and the Collateral shall be construed in accordance with the laws of the State of Oklahoma, without reference to Oklahoma's conflicts of laws provisions.

XVII. This Order shall be binding upon BOH, CSR-NE, the Debtor, all Estate Representatives and all other Claimants, and their respective successors and assigns, and shall inure to the benefit of BOH and CSR-NE and their successors and assigns. Except as otherwise explicitly set forth in this Order, no third parties are intended to be or shall be deemed to be third party beneficiaries of the provisions of this Order.

XVIII. With respect to the financing authorized by this Order, the rights, benefits, remedies, powers, privileges, security interests, liens and priorities of BOH and CSR-NE provided for herein shall not be modified, altered or impaired in any manner by any subsequent order (including, without limitation, a confirmation order) or by any plan of reorganization or liquidation in this Case or in any subsequent case under the Bankruptcy Code unless BOH and CSR-NE expressly consent in writing (in its sole discretion), or the Obligations have been repaid to BOH

and CSR-NE in full in cash and otherwise completely satisfied. An attempt to act contrary to the foregoing shall be an event of default under this Order and under the Facility.

XIX.   No order shall be entered dismissing this Case under §§ 1112 or 707 of the Bankruptcy Code (the "Dismissal Order") unless, prior to the entry thereof, either (i) the Obligations shall have been repaid to BOH and CSR-NE in full in cash and otherwise completely satisfied; or (ii) the Dismissal Order provides that all of the protections, liens and rights granted herein to BOH and CSR-NE will remain in full force and effect notwithstanding entry of the Dismissal Order.  If any or all of the provisions of this Order are hereafter stayed, modified, vacated or reversed by subsequent order of the Court or any other court, such stay, modification, vacation or reversal shall not affect (a) the validity of any Obligations incurred prior to the effective date of such stay, modification, or vacation, or (b) the validity, enforceability or priority of any security interests or liens granted to BOH and CSR-NE hereunder, or the administrative priority of the Obligations.  Notwithstanding such stay, modification, or vacation, any Obligations existing pursuant to this Order arising prior to the effective date of such stay, modification, or vacation, shall be governed in all respects by the original provisions of this Order.

XX.     The Court has considered and determined the matters addressed herein pursuant to its powers under the Bankruptcy Code and Bankruptcy Rules, including the power to authorize the Estate to obtain credit on the terms and conditions upon which the Debtor, BOH, and CSR-NE have agreed. Each of such terms and conditions constitutes a part of the Court's authorization under § 364 and is, therefore, subject to the protections contained in § 364(e) of the Bankruptcy Code.

XXI.    Notwithstanding anything to the contrary herein, this Final Order shall not be construed in any way as a waiver or relinquishment of any rights BOH or CSR-NE may have to

be heard on any matter brought before this Court, or to seek or to oppose any relief of any nature in this Case including the right to seek modification of this Order, termination of the Facility or any other relief BOH or CSR-NE believe to be appropriate. The rights and remedies of BOH and CSR-NE specified herein are cumulative and not exclusive of any rights or remedies which it may otherwise have.

XXII.    BOH or CSR-NE may from time to time, without further application, motion, or order from the Court, participate or assign all or any part of the Facility and the liens and security interests granted pursuant to this Order to one or more third parties, provided: (A) notice of each such participation or assignment shall be provided to the Court and interested parties; and (B) such participation or assignment shall not alter or diminish BOH's or CSR-NE's obligations, expand BOH's or CSR-NE's rights, or alter or diminish the Estate's rights under this Order.

XXIII.   No act committed or action taken by BOH or CSR-NE under this Order or in the collection of the Facility shall be used, construed or deemed to hold BOH or CSR-NE to be in control of the Debtor or the Estate, or of its governance, management or operations for any purpose, or to be acting as a "responsible person" or "owner or operator," or person that did "participate in management," or a person "in control" with respect to the governance, management or operation of the Estate or its business (as such terms, or any similar terms, are used in the Bankruptcy Code, the Internal Revenue Code, or the Comprehensive Environmental Response, Compensation and Liability Act [each as may be amended from time to time], or any other federal or state statute, at law, in equity, or otherwise) by virtue of the interests, rights and remedies granted to or conferred upon BOH or CSR-NE under this Order or the exercise by BOH or CSR-NE of such interests, rights or remedies in connection with this Order.

XXIV.  Nothing herein shall prohibit the Debtor, BOH, and CSR-NE from amending the terms of the Facility by mutual agreement without necessity of obtaining Court approval thereof, so long as such amendment does not alter the amount of loan proceeds advanced on a secured basis, security interests granted or payments or deposits to be made hereunder.  The Debtor shall provide timely notice of all such amendments to parties having requested notices pursuant to Bankruptcy Rule 2002 and to the United States Trustee.

XXV.    The Debtor shall timely serve in accordance with the Bankruptcy Rules a notice of entry of this Order together with a copy of this Order to (i) the parties having been given notice of the hearing on the Motion, and (ii) any other party ordered by the Court or having requested service pursuant to Bankruptcy Rule 2002 as of the date of this Order.

XXVI.    The Court retains and reserves jurisdiction to enforce all provisions of this Order. To the extent of conflicts between the provisions of the Motion and this Order, the provisions of this Order shall prevail.

XXXII. **THIS ORDER REPRESENTS THE FINAL AGREEMENT BETWEEN BOH, CSR-NE, AND THE ESTATE AS TO THE FINANCING CONTEMPLATED HEREIN AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS BETWEEN BOH, CSR-NE, AND THE DEBTOR (OR ANY OTHER PARTY).  NO SUCH ORAL AGREEMENTS EXIST.**

XXXIII. Modifications to certain provisions in the proposed order attached as Exhibit 1 to the Motion have been incorporated in this Order.  The parties whose rights are effected by modifications to the proposed order attached as Exhibit 1 to the Motion incorporated into this Order received adequate notice of and approved those modifications before the entry of this Order.

AUGUST 21, 2023
5565341.2:011777.00001

19

XXXIV.   The Motion is approved and granted as provided herein.

IT IS SO ORDERED.

# # #

SUBMITTED & APPROVED BY:

HINKLE LAW FIRM LLC

/s/ Nicholas R. Grillot
Nicholas R. Grillot, #22054
1617 N. Waterfront Parkway, Ste. 400
Wichita, Kansas 67206-6639
Phone: (316) 660-6211 / Fax: (316) 660-6523
Email:  ngrillot@hinklaw.com
*Attorneys for Debtor CSR Worldwide OK, Inc.*


APPROVED BY:

HALL ESTILL HARDWICK
GABLE GOLDEN & NELSON PC

/s/ Thomas A. Creekmore III
Thomas A. Creekmore III OBA #2011
521 East 2nd St. Suite 1200
Tulsa, Oklahoma 74103-3706
Phone: (918) 594-0440 / Fax: (918) 594-0505
Email: tcreekmore@hallestill.com
*Attorney for Bank of Hays*

AND

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

/s/ Mary E. Kindelt
Karen Walsh, OBA No.14690
Mary E. Kindelt, OBA No. 21728
P.O. Box 3044
Tulsa, Oklahoma 74101
(918) 581-6670
(918) 581-6674, facsimile
mary.kindelt@usdoj.gov

AUGUST 21, 2023
5565341.2:011777.00001

20

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IN RE:<br><br>CSR WORLDWIDE OK, INC.,<br><br>　　　　　*Debtor*. | Case No. 23-80391<br>Chapter 11 |

**BANK OF HAYS' STATEMENT IN SUPPORT OF *DEBTOR'S MOTION
REQUESTING THE COURT DELAY ITS DECISION ON THE
U.S. TRUSTEE'S MOTION TO DISMISS FOR CAUSE***

Bank of Hays, the Debtor's largest secured Creditor, files this statement in support of

*Debtor's Motion Requesting the Court Delay its Decision on the U.S. Trustee's Motion to

Dismiss for Cause* [Dkt. 136] (the "Motion"). Based on its independent discussions with one of

the insurance brokers working with the Debtor, Bank of Hays is informed that the Debtor is

likely to obtain a quote for equipment insurance within the next five to seven days.

Wherefore, Bank of Hays supports the Motion, and requests the Court to enter its Order

granting the relief requested therein.

Respectfully submitted August 24, 2023.

　　　　　　　　　　　　　　　HALL ESTILL HARDWICK
　　　　　　　　　　　　　　　GABLE GOLDEN & NELSON PC

　　　　　　　　　　　　　　　/s/ Thomas A. Creekmore III
　　　　　　　　　　　　　　　Thomas A. Creekmore III OBA #2011
　　　　　　　　　　　　　　　521 East 2nd St. Suite 1200
　　　　　　　　　　　　　　　Tulsa, Oklahoma 74103-3706
　　　　　　　　　　　　　　　Phone: (918) 594-0440 / Fax: (918) 594-0505
　　　　　　　　　　　　　　　Email: tcreekmore@hallestill.com
　　　　　　　　　　　　　　　*Counsel for Bank of Hays*

| EXHIBIT E |
|---|

5618001.1:011777.00001

Page 2

## Certificate of Service

The undersigned certifies that parties in interest have been served using the Court's CM-ECF system.

/s/ Thomas A. Creekmore III

5618001.1:011777.00001

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CSR WORLDWIDE OK, INC.,** | ) | **Case No. 23-80391** |
| | ) | **Chapter 11** |
| Debtor. | ) | |

## <u>STIPULATIONS OF FACT</u>

Ilene J. Lashinsky, United States Trustee for Region 20 ("U.S. Trustee"), by and through

undersigned counsel, and CSR Worldwide OK, Inc., by and through undersigned counsel, submit

the Stipulations attached hereto as Attachment 1 as Stipulations of Fact relating to the U.S.

Trustee's Motion to Dismiss Case.

Respectfully submitted,

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

*/s/ Mary E. Kindelt*
Karen Walsh, OBA# 14690
Mary E. Kindelt, OBA No. 21728
PO Box 3044
Tulsa, OK 74101
(918) 581-6670
(918) 581-6674 Facsimile
mary.kindelt@usdoj.gov

CSR WORLDWIDE OK, INC.

_____
Mark A. Craige, OBA #1992
Alex Sokolosky, OBA #33614
222 North Detroit Ave., Suite 600
Tulsa, Oklahoma 74120
(918) 592-9878
mark.craige@crowedunlevy.com
alex.sokolosky@crowedunlevy.com

AND

EXHIBIT F

*/s/ Nicholas R. Grillot*

Nicholas R. Grillot, KS Bar #22054
Hinkle Law Firm
*Admitted Pro Hac Vice*
1617 N. Waterfront Parkway, Ste. 400
Wichita, Kansas 67206-6639
Phone: (316) 660-6211/Fax (316) 660-6523
Email: ngrillot@hinklaw.com

Attachment 1

Stipulations

1.  CSR Worldwide OK, Inc. is in the business of processing recyclable material into pellets that are used in industrial applications.

2.  CSR Worldwide OK, Inc. rents real estate and equipment from CSR-OK Real Estate Holding Company, LLC.

3.  CSR-OK Real Estate Holding Company, LLC does not have any employees and does not engage in the business of processing recyclable materials into pellets.

4.  CSR Worldwide OK, Inc. maintains a 95% ownership interest in CSR-OK Real Estate Holding Company, LLC.

5.  Since approximately October 2022, CSR Worldwide OK, Inc. has not paid rent to CSR-OK Real Estate Holding Company, LLC for the real estate or the equipment.

6.  CSR Worldwide OK, Inc., currently employs 13 people and operates an industrial facility in Watts, Oklahoma.

7.  According to CSR Worldwide OK, Inc.'s schedules, it owns equipment worth $500,000.

8.  According to CSR Worldwide OK, Inc.'s schedules, it owns no real estate.

9.  According to CSR Worldwide OK, Inc.'s schedules, it leases the real estate and equipment from CSR-OK Real Estate Holding Company, LLC.

10. CSR Worldwide OK, Inc. has in place a workers' compensation policy.

11. Premiums on the CSR Worldwide OK, Inc. workers' compensation policy were brought current on August 8, 2023.

12. CSR Worldwide OK, Inc. obtained a general liability policy on August 8, 2023.

13. CSR Worldwide OK, Inc. does not currently have insurance coverage for its equipment.

14. Bank of Hays has force placed insurance providing $4 million in coverage relating to CSR Worldwide OK, Inc.'s assets but CSR Worldwide OK, Inc. is not a named insured.

15. According to its Schedules, CSR-OK Real Estate Holding Company, LLC owns real estate valued at $3,700,000 and equipment valued at $5,808,390.12.

16. According to its Schedules, CSR-OK Real Estate Holding Company, LLC owes secured debt totaling $7,106,353.24 to one secured creditor, REI Subsidiary CDE 22, LLC.

| EXHIBIT F |

17. CSR-OK Real Estate Holding Company, LLC does not currently have property casualty insurance in place.

18. CSR-OK Real Estate Holding Company, LLC does not currently have a general liability insurance policy in place.

19. CSR-OK Real Estate Holding Company, LLC does not currently have insurance coverage for its equipment.

20. Both CSR Worldwide OK, Inc. and CSR-OK Real Estate Holding Company, LLC are attempting to secure insurance coverage for their assets.

21. Specifically, CSR Worldwide OK, Inc. has obtained a quote for building insurance with coverage in the amount of $2.5 million.

22. CSR-OK Real Estate Holding Company, LLC is not a proposed named insured on either the quoted building insurance or the general liability policies.

23. Despite applications submitted to multiple carriers, neither CSR Worldwide OK, Inc. nor CSR-OK Real Estate Holding Company, LLC, have obtained a quote on insurance covering their respective equipment as of August 8, 2023.

24. Without third-party financing, neither CSR Worldwide OK, Inc. nor CSR-OK Real Estate Holding Company, LLC currently have the ability to pay the premium deposit on the quoted building insurance.

25. CSR Worldwide OK, Inc. has reached an agreement in principal with the Bank of Hays for the Bank to provide CSR Worldwide OK, Inc. debtor-in-possession financing to enable CSR Worldwide OK, Inc. and CSR-OK Real Estate Holding Company, LLC ("Debtors") to pay, in part, insurance premiums for policies Debtors seek to obtain.

26. On July 31, 2023, both CSR-OK Real Estate Holding Company, LLC and CSR Worldwide OK, Inc. filed motions with the Court seeking approval of insurance premium financing with IPFS Corporation for the premiums associated with the insurance for the building that operates as the recycling plant.

27. The U.S. Trustee and the Debtors stipulate the admission of US Trustee's Exhibits 1, 2, 3, 4, and 5 submitted in CSR Worldwide OK, Inc.'s case and Exhibits 1 and 2 submitted in CSR-OK Real Estate Holding Company, LLC's case.

28. The U.S. Trustee and the Debtors stipulate to the admission of the Debtors Exhibits A, B, C, D, E, and F.

29. The insurance payments reflected in the Budget marked as Debtors' Exhibit F have not been made.

Debtor     CSR Worldwide OK, Inc.         Case number *(if known)*_____
       Name

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1. | | | |
| Creditor's name | XXXX–__ __ __ __ | _____ | _____ |
| Street | | | |
| City         State    ZIP Code | | | |

---

**Part 3:**   **Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | Blue Bridge Financial, Inc. v. CSR Worldwide OK, Inc., et al. | Civil | United States District Court for the Eastern District of Oklahoma<br>Name<br>Po Box 607<br>Street<br>Muskogee, OK 74402-0607<br>City  State  ZIP Code | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>23-CV-78-GLJ | | | |
| 7.2. | Bank of Hays, et al. v. CSR Worldwide OK, Inc., et al. | Civil | Adair County District Court<br>Name<br>PO Box 426<br>Street<br>Stilwell, OK 74960-0000<br>City  State  ZIP Code | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>CJ-2023-36 | | | |
| 7.3. | Central States Reprocessing, LLC, et al. v. Oldcastle APG, Inc., et al. | Civil | United States District Court for the Eastern District of Oklahoma<br>Name<br>Po Box 607<br>Street<br>Muskogee, OK 74402-0607<br>City  State  ZIP Code | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>20-CV-474-RAW | | | |

**EXHIBIT G**

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          page 5

**Tom Creekmore**

| | |
|---|---|
| **From:** | David R. Payne <drpayne@drpayne.com> |
| **Sent:** | Monday, November 27, 2023 4:11 PM |
| **To:** | Nicholas R. Grillot |
| **Cc:** | Tom Creekmore; Chandler Lidia |
| **Subject:** | Fwd: CSR Deliverables |
| **Attachments:** | CSR -Baseline Deliverables for Proposed Receivership Borrowing.pdf |

This message was sent from outside the organization. Please do not click links or open attachments unless you recognize the source of this email and know the content is safe.

I will forward the list to Troy also.

EXHIBIT H

CSR- Baseline Deliverables For Proposed Receivership Borrowing

1. Close DIP Bank Account at BancFirst by 11/30/23

   -Send Contact name at BancFirst who Troy contacted-Receiver will coordinate opening a new receiver account.

2. Provide Payroll Form 940 and 941 for end 2022 and quarterly thereafter.

3. Provide cell phone contact numbers for named employees.

   a. Deb Osentowski- Accounts Payable/Accounts Receivable (deb@csrwwinc.com)

   b. Cecily Lorenz- Payroll (cecily@csrlnk.com)

4. Provide name of entity/party funding payroll during November.

5. Provide current bid/proposals obtained with last 6 months to repair processing lines; list the total material and labor funding requirements proposed in the receiver budget for each line.

6. Provide name of entity and contact person that is anticipated to purchase any new product (non tolling) generated from re-start of one or more of production lines.

7. Provide name and contact data for proposed lender.

   -Provide any term sheet exchanged between the lender and company representative.

8. Provide copies of all vendor invoices (through a shared site) for any billings received for 8-1-23 to current date.

9. Provide copies customer invoices (through a shared site) for any billings sent to customers from 8-1-23 to current date.

   -Provide date of collection/deposit for each invoice.

10. Update the 13 week budge for CAPX and new product sales once lines are in production- estimate start date and completion (re-start) date for each line.

**Tom Creekmore**

| | |
|---|---|
| **From:** | Grillot, Nicholas R. <ngrillot@hinklaw.com> |
| **Sent:** | Thursday, December 28, 2023 10:32 AM |
| **To:** | Tom Creekmore |
| **Subject:** | RE: Please give me a call. thanks. |
| **Attachments:** | Term Sheet - BOH  CSR OK v3 (11-21-23)(Clean).pdf |

> This message was sent from outside the organization. Please do not click links or open attachments unless you recognize the source of this email and know the content is safe.

Tom –

I got your message yesterday and I apologize for the delayed response as I've been dealing with an emergency Chapter 12 that started first thing Tuesday morning.

That being said, unfortunately, I haven't gotten a consensus from the different representatives on the issue we discussed late last week, so I can't say for 100% certainty this is the case.  However, the sentiment so far has been an unwillingness to fund repairs and operations while David Payne maintains authority over the companies' assets and operations that is currently in place.

I don't anticipate that sentiment changing anytime soon.  However, I do think my clients would be willing to work within the parameters of the Court and funds a resolution piecemeal if the receiver's authority is modified along the lines set forth in the original term sheet we provided.  I've attached a copy of that term sheet again so you have it readily available.

But if that isn't sufficient and means you need to file your reply in support of the motion that is due today, I completely understand.  Again, I'm willing to agree to extend the deadline for your reply, so if you want additional time, you'll get no objection from me.  I just can't guaranty that more time is going to result in a change of the initial sentiments that have been relayed to me.

And as always, if you've got any questions or concerns regarding anything in this email or this matter in general that you'd like to discuss with me, please contact me.




EXHIBIT I

**Nicholas R. Grillot** | Member
Hinkle Law Firm LLC
1617 N. Waterfront Pkwy, Suite 400  |  Wichita, KS 67206-6639
p  316.660.6211  |  f  316.660.6523  |  ngrillot@hinklaw.com
hinklaw.com

*This communication contains confidential information which is legally privileged. The information is intended only for the use of the recipient named. If you have received this e-mail in error, please immediately notify us by telephone at 316.267.2000 or reply to this e-mail. You are hereby notified that any disclosure, copying, distributions or the taking of any action in reliance of the contents of this information is strictly prohibited. The information herein provided is not legal advice nor does it constitute the establishment of an attorney-client relationship.*

*Pursuant to federal regulations imposed on practitioners who render tax advice (Circular 230), we are required to advise you that any tax advice contained herein is not intended or written to be used for the purpose of avoiding tax penalties that may be imposed by the IRS.*

*This law firm is a debt relief agency  It helps people file for bankruptcy relief under the Bankruptcy Code.*

*This communication is from a debt collector.  Any information obtained will be used for that purpose.*

---

**From:** Tom Creekmore <tcreekmore@hallestill.com>
**Sent:** Friday, December 22, 2023 4:09 PM
**To:** Grillot, Nicholas R. <ngrillot@hinklaw.com>
**Subject:** Please give me a call. thanks.

**EXTERNAL**

**Tom Creekmore**
Shareholder



T:  918-594-0467
M:  918-594-0400
E:  tcreekmore@hallestill.com
521 East 2nd Street
Suite 1200
Tulsa, OK 74120
Bio

This e-mail message and any attachment thereto is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the recipient or reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this e-mail communication in error, please notify us immediately by sending a reply e-mail message to the sender. Thank you.

Links contained in this email have been replaced by ZixProtect Link Protection. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.