IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BANK OF HAYS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 23-CV-196-DES |
| ) | |
| CSR WORLDWIDE OK, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendants CSR Worldwide OK, Inc., CSR-OK Real Estate Holding Company, LLC, Central States Reprocessing LLC, Steven F. Bombola, and Troy D. Burgess' ("Defendants") Motion to Vacate Receiver Order and Set Aside Appointment of Receiver. (Docket No. 53). Plaintiff Bank of Hays ("Plaintiff") filed its Response to Defendants' Motion to Vacate Receiver (Docket No. 55), therefore, this matter is fully briefed. A hearing was held on April 16, 2024, in which oral arguments were made. Being fully advised, this Court finds that Defendants' Motion to Vacate Receiver Order and Set Aside Appointment of Receiver is DENIED.

On May 15, 2023, Plaintiffs filed a Petition in Adair County, Oklahoma seeking judgment against Defendants for acceleration of the balance due on certain loan documents and to foreclose their mortgages. (Docket No. 53 at 2). On June 6, 2023, Defendants CSR Worldwide OK, Inc. ("CSR Worldwide") and CSR-OK Real Estate Holding Company, LLC ("CSR-OK") filed separate Chapter 11 bankruptcy cases. *Id.* On June 13, 2023, Defendant the United States Department of Agriculture removed the State Court Action to this Court. (Docket No. 2). On September 1, 2023, CSR Worldwide and CSR-OK's bankruptcy cases were dismissed for failure to maintain adequate insurance on equipment owned by CSR-OK. (Docket No. 53 at 3). On October 6, 2023, Plaintiffs

filed their Motion for Entry of Default against Defendants for their failure to enter an appearance or otherwise respond to the Complaint after being served. (Docket No. 21). The default was entered on October 12, 2023 (Docket No. 22). On October 13, 2023, Plaintiffs filed a Motion to Enter an Ex Parte Order Appointing Receiver, wherein they requested that a Receiver be appointed to protect Plaintiffs' rights in and to the real and personal property collateral that is the subject of their action. (Docket No. 23). Plaintiffs Motion was granted, and David Payne was appointed as Receiver in this case. (Docket No. 24).

Following Defendants' Motion to Vacate the Default Judgment (Docket No. 58) and this Court's granting of the same (Docket No. 60), Defendants filed their Answer. Defendants also filed the Motion to Vacate Order and Set Aside Appointment of Receiver, arguing that: (1) the Court lacked jurisdiction to enter the Receiver Order because this Case was removed in violation of the automatic stay; (2) Plaintiffs failed to meet their burden of showing an emergency existed that required the Receiver Order; (3) it was not substantially necessary for Defendants' assets to be placed into a receivership; and (4) the receivership has only resulted in significant administrative burdens which outweigh its benefits. (Docket No. 53 at 5).

The most significant question for the Court is the Defendants' jurisdictional question. Generally, under 11 U.S.C. § 362(a):

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
>
>> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

2

Defendants argue that the removal of this action by the United States Department of Agriculture, constituted a "commencement or continuation, . . .of a judicial, administrative, or other action or proceeding against the debtor" in violation of the automatic stay. (Docket No. 53 at 6). There is conflicting case law among the bankruptcy courts regarding this issue. Defendants cite a Nebraska Bankruptcy case and two Missouri cases that indicate removal of a state court action is subject to the automatic stay.[1] *Id.* However, while Defendants argue that the Removal was inappropriate in this Motion, they failed to make the same argument at the time of Removal despite filing other pleadings, including their Motions regarding the Default Judgement where they also failed to raise the issue of jurisdiction. (See Docket Nos. 28, 35, 49). Notably, one of the cases Defendants cite addresses this issue and notes, "when a debtor appears and defends a suit on any basis other than application of the automatic stay, the debtor is deemed to have waived the automatic stay as to that particular action." *In re Hoskins*, 266 B.R. 872, 879 (Bankr. W.D. Mo. 2001).

Furthermore, after the dismissal of CSR Worldwide and CSR-OK's bankruptcy cases the automatic stay was lifted,[2] meaning Plaintiffs' Motion for Receiver and the subsequent order for Receiver were properly enacted. Finally, as Plaintiffs point out in their Response and during oral argument, the bankruptcy court can grant retroactive relief from the automatic stay. (Docket No. 55 at 10). "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling,

---

[1] *In re United Imports Corp.*, 200 B.R. 234, 236 (Bankr. D. Neb. 1996) ("The automatic stay is broad in scope and applies to almost every formal and informal action against the debtor or property of the debtor, except as set forth under (b) of Section 362."); *In re Hoskins*, 266 B.R. 872, 877 (Bankr. W.D. Mo. 2001) ("…(A)ctions stayed by a bankruptcy filing include removing a pending state court lawsuit to the bankruptcy court if the claim or cause of action is subject to the automatic stay."); *F & M Bank & Tr. Co. v. Owens*, No. 2:13CV00063 ERW, 2013 WL 3941382, at *1 (E.D. Mo. July 31, 2013) (finding a creditor's removal of state court action post-petition subject to the automatic stay).

[2] "[O]nce a bankruptcy proceeding is dismissed the automatic stay provision is of necessity correspondingly vacated." *Norton v. Hoxie State Bank*, 61 B.R. 258, 260 (D. Kan. 1986); See also 11 U.S.C. §362(c)(2)(B).

3

modifying, or conditioning such stay—for cause. . . ." 11 U.S.C. § 362(d)(1). Accordingly, the Court finds Defendants' argument that it lacks jurisdiction over this matter unpersuasive.

Defendants' second and third arguments, that Plaintiffs failed to meet their burden of proof required to enter an order for Receiver and that there is no necessity for the receivership, are likewise without merit. Defendants argue that because the Motion for Receiver was filed *ex parte* without notice to the Defendants, Plaintiffs failed to point to any exigency that required such drastic action without notice or a hearing. (Docket No. 53 at 7-8). However, at the time the Motion for Receiver Order was granted, Defendants were in default with a default judgment against them. (Docket No. 21). By virtue of their default, Defendants admitted the truth of the Plaintiffs' allegations, and relieved Plaintiffs from having to establish the truth of their allegations at an evidentiary hearing. *See Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016). Simply put, at the time the Order for Receiver was entered, the Defendants had admitted, by virtue of not responding, all the allegations contained in Plaintiffs' complaint. Accordingly, all the facts known at that time established the need for a Receiver. Specifically, Plaintiffs alleged CSR Worldwide owns equipment worth $500,000.00, which was uninsured. (Docket No. 23 at 2). CSR-OK owns improved real property worth $3,700,000.00 and equipment valued over $5,800,00.00, all of which was uninsured. *Id.* Defendants were in default and had ceased all communications with Plaintiffs' counsel. *Id.* at 1-2.

Okla. Stat. tit. 12 §1551(2)(c) allows for the appointment of a receiver where it appears "that the mortgage property is in danger of being lost . . . or materially injured" or "that the property is probably insufficient to discharge the mortgage debt" or "that a condition of the mortgage has not been performed and a provision of the mortgage instrument provides for the appointment of a receiver". Okla. Stat. tit. 12 §1551(2)(c); *see also, MIF Realty L.P. v. Duncan Dev. Co.*, 892 P.2d

664, 667 (Okla. Civ. App. 1995). Plaintiffs plead each of these conditions in their Motion for Receiver (Docket No. 23) and their Complaint (Docket No. 2, Exhibit 2). Accordingly, there was sufficient evidence presented at the time of the Order for Receiver to grant Plaintiffs' *ex parte* request.[3]

Defendants further argue that the Receiver Order should be vacated because there is no need for it and the costs associated exceed any benefit. (Docket No. 53 at 11-12). The issue of whether the Receiver is necessary at this point in the litigation was the focus of the hearing set on this Motion. During oral arguments, Defendants argued that there is no harm to the assets without a Receiver, because the equipment is insured and the plant has no significant operations. Thus, according to Defendants, any harm to the Plaintiff would be minimal. Plaintiff counters this argument by explaining that Defendants' bankruptcy case was dismissed because Defendants lacked insurance on the assets and that the certificates of insurance Defendants attached to their Motion to Vacate were woefully inadequate based on the coverage amounts relative to the value of the real property and equipment. Furthermore, the type of coverage noted on the certificates is not sufficient to provide commercial casualty coverage for the collateral. Accordingly, Defendants' claim that the real property and equipment at issue are covered, which in turn limits any harm to Plaintiff, is unpersuasive.

---

[3] Defendants argued during the Motion hearing that federal law should apply in this case. The Court finds that even under the federal factors to appoint a receiver, the factors weigh towards appointment of a receiver. "Factors courts consider in deciding whether to appoint a receiver include: (1) the probability of plaintiff's success in the action and the possibility of irreparable injury to plaintiff's interests in the property; (2) probability that fraudulent conduct has occurred or will occur to frustrate the plaintiff's claim; (3) financial position of the debtor; (4) imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; (5) inadequacy of available legal remedies; (6) lack of a less drastic equitable remedy; and (7) the likelihood that appointment of a receiver will do more good than harm." *McKean v. McClure*, No. CIV-16-320-SPS, 2017 WL 1843114, at *3 (E.D. Okla. May 5, 2017) (citations omitted).

Furthermore, the Court is not persuaded that the costs associated with the Receiver outweigh the potential benefits. The appointed Receiver, David Payne, through statements made at the hearing on this Motion and through his First Report filed on January 19, 2024 (Docket No. 56) indicates that **with the assistance and participation of the Defendants**, there is the possibility of the plant operating in a fashion that may be sufficient to generate funds to pay utilities, payroll obligations, and maintenance costs to the benefit of all parties. However, Receiver Payne also notes in his First Report, the issues that will continue without some form of action, including the risk of not paying utilities, which places the improvements and equipment at risk. *Id.* at 9. Additionally, Plaintiffs raise the issue of Defendants' failures to pay the associated property taxes, which alone is significant proof that the assets are in danger of being materially injured. It appears to the Court that Plaintiffs have given Defendants numerous opportunities to work with them to the benefit of both sides without much participation by Defendants. Accordingly, the Court finds a Receiver is appropriate in this case and Defendants' Motion to Vacate the Receiver Order is hereby DENIED.

IT IS SO ORDERED this 23rd day of April, 2024.

_____
D. Edward Snow
United States Magistrate Judge